UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

Rockland CJD, Inc.; Sequoia Chevrolet Buick GMC; Jack Sherman
Inc.d/b/a Jack Sherman Toyota; Farmington Motors Inc. d/b/a Advantage
Dodge Chrysler Jeep; Sitton Buick Corp. d/b/a Sitton Buick GMC;
Lancaster Dodge, Inc.; Melchiorre Inc. d/b/a Warner Motors; Suburban
Subaru; Tri-State Toyota; Alfano Auto Group LLC d/b/a Alfano Nissan;
Torrington Hyundai Inc.; McDonagh Chrysler Jeep Inc. d/b/a McDonagh
Chrysler Jeep Dodge Ram; Karp Buick; Karp Saab; Karp Volvo; Yucca
Valley Auto Superstores, Inc. d/b/a Yucca Valley Chrysler Center; Yucca
Valley Ford Center, Inc. d/b/a Yucca Valley Ford; Crippen Auto Mall
Inc. d/b/a Cripen Buick GMC Mazda Volvo; Gem Chevrolet Inc. d/b/a
Champagne Motor Car Co.; Tyrrell-Marxen Chevreolet Cadillac d/b/a
Terry Marxen Chevrolet Cadillac; Stivers Ford Lincoln Inc.; Stivers
Automotive of Atlanta, Inc. d/b/a Stivers Subaru of Decatur; Skokie
Motor Sales, Inc. d/b/a Sherman Dodge; Elkins Chevrolet, LLC d/b/a
Elkins Chevrolet; Wile Motors, Inc. d/b/a Wile Hyundai; BMW of
Southampton; Bob Pion Buick-GMC, Inc.; Tim Lally Chevrolet, Inc.;
Patrick European LLC d/b/a Patrick BMW, Patrick Mini; Patrick
Hyundai, LLC d/b/a Patrick Hyundai; Patrick Jaguar, LLC d/b/a Patrick
Jaguar, Patrick Land Rover Naperville; Patrick Hyundai Palatine, LLC;
Patrick Schaumburg Automobiles, Inc. d/b/a Patrick Cadillac, Patrick
Volvo; Landmark Ford, Inc.; Landmark Chrysler Jeep, Inc. d/b/a
Landmark Chrysler Jeep Fiat; Landmark Cadillac, Inc.; Landmark of
Taylorville, Inc. d/b/a Landmark Chrevolet Buick Cadillac; Infinity of
Manhattan, Inc. d/b/a Infinity Manhattan; Manhattan Foreign Autos, Inc.
d/b/a Acura Manhattan; Bay Ridge Nissan, Inc. d/b/a Bay Ridge Nissan;
Bay Ridge Luxury Automobiles, Inc. d/b/a Bay Ridge Lexus; Bay Ridge
Foreign Auto Sales Corp. d/b/a Audi Brooklyn; Nissan of Manhattan,
Inc. d/b/a Nissan Manhattan; Freedom Automotive Limited Inc. d/b/a
Freedom Hyundai; Freehold Jeep Eagle, Inc. d/b/a Freehold Chrysler
Jeep; Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan &
Lexus of Queens; Route 22 Nissan, Inc. d/b/a Route 22 Nissan; Hudson
Auto Sales, Inc. d/b/a Hudson Honda; Route 22 Automobiles, Inc. d/b/a
Route 22 Honda; Hackettstown Auto Sales, Inc. d/b/a Hackettstown
Honda; Route 22 Auto Sales, Inc. d/b/a Route 22 Toyota Scion; Hillside
Automotive, Inc. d/b/a Route 22 Kia; Westchester Foreign Autos, Inc.
d/b/a Westchester Toyota/Scion; Skyline Automobiles, Inc. d/b/a Toyota
& Scion of Manhattan; Fordham Auto Sales, Inc. d/b/a Fordham Toyota;
Bay Ridge Motor Sales, Inc. d/b/a Bay Ridge Toyota Scion; Paretti
Imports, LLC d/b/a Paretti Jaguar Land Rover Baton Rouge; Paretti
Motor Company LLC d/b/a Paretti Mazda; Paretti Imports, LLC; Paretti
Imports, LLC d/b/a Land Rover New Orleans; G. S. Autoplex, LLC d/b/a
Garden State Honda; L&S Motors, Inc. d/b/a Huntington Honda;
Westchester Autoplex, LLC d/b/a Honda of New Rochelle; D. L. New

INDEX NO.
-CV-

COMPLAINT

Rochelle Auto Sales, LLC d/b/a Mazda of New Rochelle; N. R. Automotive, Inc. d/b/a New Rochelle Toyota; Mancari's Chrysler Jeep Dodge Inc.; Bay Automotive Corp. d/b/a Bay Kia; Morong Brothers Volkswagen d/b/a Morong Falmouth; Morong Brunswick; Eldorado Motors Inc. d/b/a Chevy; Eldorado Motors Inc. d/b/a Mazda; Graff Chevrolet; Volkswagen of Salem County; Montano Motors, Inc., d/b/a Montano Acura; Bob Taylor Chevrolet Inc.; Cash for Cars; Prestige Motor Works, Inc.; Young Volkswagen, Inc. d/b/a Young Mazda d/b/a Young Nissan; Sam Boswell Motors, Inc. d/b/a Sam Boswell Honda; Han Hol Exports, LTD d/b/a Auto Haus; National Automotive Group, Inc. d/b/a National Dodge Chrysler Jeep Ram; Country Chevrolet-Olds, Inc. d/b/a Country Saab of Orange County; Kaiser Buick GMC, Inc.; Forman Automotive, Inc. d/b/a United Nissan; Tustin Import Auto Sales, LLC d/b/a Tustin Nissan; Corono Import Auto Sales, LLC d/b/a Corona Nissan; Mission Bay Import Auto Sales LLC d/b/a Pacific Nissan; Crossway Motors II Inc./Crossway Saab; Walker Motors, Inc. d/b/a Walker Volkswagen d/b/a Walker Mazda; Spraddle Creek Auto Sales Two, LLC d/b/a Vista Jeep Chrysler Dodge of Silverthorne d/b/a Vista Subaru of Silverthorne; NTAN, LLC d/b/a Action Nissan; Gable Dodge Chrysler Jeep, Inc.; Apple Ford Lincoln; Platinum Volkswagen, LLC; Bennett Autoplex d/b/a Bennett Buick GMC; Boston's Westminster Motors, Inc.; Village Motors, Inc. d/b/a Boston Volvo Village; Village Motor Group, Inc. d/b/a Honda Village; Village Automotive Group, Inc. d/b/a Cadillac Village; Village Automotive Group, Inc. d/b/a Saab Village of Norwood; Village Automotive Group, Inc.; d/b/a Hummer Village; Charles River East, Inc. d/b/a Charles River Saab; Village Imports, Inc. d/b/a Nissan Village; Village Motors North, Inc. d/b/a Hyundai Village; Village Motors North, Inc. d/b/a Volvo Village of Danvers; Village Motors South, Inc. d/b/a Volvo Village of Norwell; Village Euro Motors; Inc. d/b/a Audi Village of Norwell; Village Euro Motors, Inc. d/b/a Porsche Village of Norwell; Delaware Motor Sales, Inc. d/b/a Delaware Cadillac; Delaware Motor Sales, Inc. d/b/a Delaware Subaru; Delaware Motor Sales, Inc. d/b/a Kia of Wilmington; Delaware Motor Sales, Inc. d/b/a; Delaware Saab; Towne Buick, Inc. d/b/a Cappellino Buick GMC; Niagra Nissan d/b/a Cappellino Nissan; Weymouth Motor Sales, Inc. d/b/a Weymouth Honda; Painter Sun Country Mitsubishi; Painter Motor Company; Painter Sales & Leasing; Kia Huntington Beach; Kia Carson; Jaremko Nissan, Inc. d/b/a Jaremko Nissan; Jaremko Nissan, Inc. d/b/a Jaremko Saab; Burns Kull, Inc. d/b/a Burns Honda; LK Auto Sales, Inc. d/b/a Toyota & Scion of Vineland; RK Chevrolet, Inc. d/b/a RK Chevrolet Kia Subaru; Kull Auto Sales, Inc. d/b/a Avalon Honda; First AG, Inc. d/b/a First Acura; Burns Buick-GMC Inc. d/b/a Burns Hyundai; Pioneer Valley Sales & Service, Inc. d/b/a Pioneer Valley Saab; Infinity of the Palm Beaches, Inc.; Schumacher Auto Group, Inc. d/b/a Hummer of the Palm Beaches; Schumacher Volkswagen, Inc.; Schumacher Auto Group, Inc. d/b/a Schumacher

Subaru-Mitsubishi; Ron Currier's Hilltop Chevrolet d/b/a Hilltop Chevrolet; Sports Car Centre of Syracuse, Ltd.; Martin Cadillac Company, Inc. d/b/a Martin Cadillac d/b/a Martin GMC d/b/a Martin Automotive Group; Martin Cadillac Company, Inc. d/b/a Saab of Beverly Hills; DeMontrond Auto Country, Inc. d/b/a DeMontrond Sun Country; DeMontrond Automotive Group, Inc. d/b/a DeMontrond Buick GMC; DeMontrond Automotive Group, Inc. d/b/a DeMontrond Volvo; DeMontrond Automotive Group, Inc. d/b/a DeMontrond Volkswagen; DeMontrond Automotive Group, Inc. d/b/a DeMontrond Kia; DeMontrond Automotive Group, Inc. d/b/a DeMontrond Saab; DeMontrond Automotive Group, Inc. d/b/a DeMontrond Suzuki; DeMontrond Motor Corp. d/b/a DeMontrond Chevrolet; DeMontrond Motor Corp. d/b/a DeMontrond Hyundai; DeMontrond, LLC d/b/a DeMontrond Toyota Scion; Hoffman Ford, Inc. d/b/a Hoffman Lincoln; Hoffman Ford, Inc. d/b/a Hoffman Porsche; Hoffman of East Hartford, Inc. d/b/a Hoffman Used Car Superstore f/k/a d/b/a Smart Center Hartford, Hoffman Smart f/k/a d/b/a Hoffman H Lot; Hoffman Ford, Inc. d/b/a Hoffman Audi; Hoffman of Hartford, Inc. d/b/a Hoffman Lexus; Hoffman Motors of New London, Inc. d/b/a New London Audi; Hoffman of Simsbury, Inc. d/b/a Hoffman Honda; Hoffman of West Simsbury, Inc. d/b/a Hoffman Toyota; Hoffman of Albany Turnpike, Inc. d/b/a Hoffman Nissan; Fred Beans Cadillac Oldsmobile Inc d/b/a Fred Beans Cadillac Buick GMC Saab; Fred Beans Chevrolet Inc d/b/a Fred Beans Chevrolet; Fred Beans Motors of Doylestown Inc (Formerly Fred Beans Dodge Inc) d/b/a Fred Beans Dodge Chrysler Jeep Ram; Fred Beans Ford Inc d/b/a Fred Beans Ford Lincoln; Fred Beans Ford Inc. d/b/a Fred Beans Hyundai; Fred Beans Imports of Doylestown; Fred Beans Motors of Doylestown Inc (Formerly Fred Beans Dodge Inc) d/b/a Fred Beans Subaru; Fred Beans Motors Inc. d/b/a Fred Beans Mitsubishi; Fred Beans Motors of Flemington; Fred Beans Imports of Flemington; Saturn of Devon d/b/a Fred Beans Volkswagen; Fred Beans Ford of West Chester Inc., d/b/a Fred Beans Ford of West Chester; Fred Beans Imports Inc d/b/a Fred Beans Nissan of Limerick; Fred Beans Chevy of Limerick Inc d/b/a Fred Beans Chevy of Limerick; Fred Beans Motors of Limerick Inc. d/b/a Fred Beans Kia of Limerick; Fred Beans Ford Boyertown Inc. d/b/a Fred Beans Boyertown; PJ's Auto Ville, Inc.; Blue Grass Audi; Blue Grass Motorsport (porsche); Blue Grass Saab; Land Rover/Jaguar Louisville; Scott Cars, Inc. d/b/a Scott Chevrolet-Cadillac; Scott Cars, Inc. d/b/a Scott Mazda; Scott Cars, Inc. d/b/a Scott Volvo of Allentown; Scott Cars, Inc. d/b/a Scott Saab; TJH Automobile Co., LLC d/b/a Cherry Hill Classic Cars; Classic Cars Nissan, Inc.; Steve Baldo Chevrolet Olds. Buick Cadillac Inc.; Steve Baldo Car Care and Resale Center, Inc.; Steve Baldo Ford, Inc.; Thompson Sales Co., d/b/a Thompson Buick GMC Cadillac; Courtesy Ford Motors, LLC d/b/a Courtesy Ford, Tom Kelley Ford; Kelley Courtesy Motors, LLC d/b/a Courtesy Motors, Tom Kelley Chevrolet Buick; Kelley Buick GMC, LLC d/b/a Tom Kelley Chevrolet

3

Buick; Kelley Cadillac, LLC d/b/a Tom Kelley Cadillac Saab Volvo;
Kelley Chevy, LLC d/b/a Kelley Chevrolet; Friendly Ford of Crosby,
LLC; Sheehans Buick GMC, Inc.; DDS Ent. d/b/a Sunnyvale
Volkswagen; Massey Toyota; Valenti VW-Suzuki, Inc. d/b/a
Volkswagen of Old Saybrook; Valenti VW-Suzuki, Inc. d/b/a
Volkswagen of Mystic; Valenti Subaru Inc.; Valenti's of Westerly d/b/a
Valenti Toyota; Valenti Chrysler-Dodge-Jeep, Inc.; Valenti Ford Inc.;
Bob Valenti Chevrolet, Inc.; Rafferty Subaru; Alfred Stein, Inc./Keystone
Motors d/b/a Keystone Volvo of Doylestown; Alfred Stein,
Inc./Keystone Motors d/b/a Keystone Volvo of Berwyn; Euro
Performance Cars Inc. d/b/a Audi of Wallingford; Euro Performance
Cars Inc. d/b/a Porsche of Wallingford; Valenti Motors Inc. d/b/a Saab;
Valenti Motors Inc. d/b/a Volkswagen; Valenti Motors Inc. d/b/a Audi;
Euro Performance Cars, Inc. d/b/a Hartford Mitsubishi; Euro
Performance Cars, Inc. d/b/a Valenti Fiat; Euro Performance Cars, Inc.
d/b/a Valenti Maserati; Euro Performance Cars, Inc. d/b/a Jaguar
Hartford; Euro Performance Cars, Inc. d/b/a Volkswagen of Hartford;
Valenti Cadillac, LLC; Lan Lyall Chevrolet Inc.; Land Rover of
Pasadena; Toyota of Pasadena; Symes of Pasadena; Tansky Sales, Inc.
d/b/a Tansky Sawmill Toyota; El Centro Motors; McGraw-Webb
Chevrolet Inc.; Curttright Honda; Pellegrino Chevrolet; Pellegrino
Chrysler Jeep; Pellegrino Buick GMC; Route 1 Chrysler Dodge Jeep
Ram; New Carlisle Chrysler Jeep Dodge; Hosick Motors, Inc.; Downers
Grove Imports LTD d/b/a Pugi Volkswagen; Downers Grove Imports
LTD d/b/a Pugi Mazda; Downers Grove Imports LTD d/b/a Pugi
Hyundai; Key Chrysler Jeep & Dodge, Inc.; St. Charles Pontiac, Inc.
d/b/a Nissan of St. Charles; Capitol Garage Chrysler Dodge Jeep; Garber
A, Inc. dba Acura of Rochester; Garber Buick Co.; Garber Chevrolet,
Inc.; Garber Chevrolet-Buick-Pontiac-GMC, Inc.; Sunrise Chevrolet Inc.;
Garber Buick Pontiac GMC, Inc dba Doral Buick GMC; GCDJR, Inc.
dba Garber Chrysler Dodge Jeep Ram; Garber H, Inc. dba Honda of
Rochester; Garber Delray Inc. dba Delray Buick GMC; Garber Fort
Pierce, Inc.; H. W. Hunter, Inc.; Schmelz Countryside Volkswagen; R.H.
Long Automotive Sales, Inc. d/b/a Long Cadillac; Don Marshall Chrysler
Country, Inc.; Warren Nissan, LLC d/b/a Don Marshall Nissan; Green
Family Stores, Inc. dba Green Toyota; Green Automotive Limited, Inc.
dba Green Dodge Kia Mitsubishi; Green Chevrolet Buick-GMC Inc. dba
Green Chevrolet Buick GMC; Green Lincoln Inc.; Finish Line Ford Inc.
dba Green Ford; Green Chevrolet, Inc. dba Green Chevrolet; Pitre, Inc.
Pitre Buick GMC; Fellah Auto Group d/b/a Fellah Auto Group; Long
Subaru, Inc. d/b/a Long Subaru; Brown-Daub of Lehigh Valley, Inc.
d/b/a Brown-Daub Volvo; Brown-Daub Dodge, Inc. d/b/a Brown-Daub
Dodge Chrysler Jeep; Brown-Daub Auto Sales, Inc. d/b/a Brown-Daub
Kia; Brown-Daub, Inc. d/b/a Brown-Daub Chrysler Jeep Dodge; Solt
Chevrolet-Oldsmobile, Inc. d/b/a Brown-Daub Chevrolet of Nazareth;
Thelen, Inc.; Springfield Acura; Mayo Autos Inc.; Sunnyside Automotive

Group, LLC dba Sunnyside Honda; Euro-Tech Motor Werks, Inc. d/b/a
Euro-Tech Saab; Murphy Cadillac, Inc.; Dani's Auto Sales of Harbison
d/b/a Dani's Auto Sales; Mercedes Benz of Rockville Centre; J&C Auto
Sales Inc.; Keene Company Inc dba Keene Chrysler Dodge Jeep Ram;
Gary W. Blake, Inc. d/b/a Gary Blake Saab; Gary W. Blake, Inc. d/b/a
Gary Blake Motorcars; Beans Class Ford Mercury, Inc. d/b/a New
Holland Toyota; Beans Class Ford Mercury, Inc. d/b/a New Holland
Dodge Chrysler Jeep; Beans Class Ford Mercury, Inc. d/b/a New Holland
Ford; International Motors Ltd.; Highline Imports, LLC; Jim Marsh
Automotive d/b/a Jim Marsh Kia; Ron Bouchard's Chrysler Dodge Ram,
LLC: Dodge d/b/a Ron Bouchard's Dodge; Ron Bouchard's Chrysler
Dodge Ram, LLC: Kia d/b/a Ron Bouchard's Dodge; Ron Bouchard's
Auto Sales, Inc.: Honda; Jim Bishop Chevrolet Buick GMC Inc.;
Kilpatrick Bishop Inc. d/b/a Jim Bishop Toyota; Competition Toyota;
Competition Infinity; Competition Imports dba Competition BMW of
Smithtown; Mike Shaw Automotive DBA Mike Shaw Buick GMC; Mike
Shaw Automotive DBA Fernandez Honda; Mike Shaw Automotive DBA
Honda of Slidell; Mike Shaw Automotive DBA Mike Shaw Kia; Mike
Shaw Automotive DBA Mike Shaw Toyota Scion; Mike Shaw
Automotive DBA Mike Shaw Subaru; Dependable Sales and Service
Inc.; Cerbat Hills Ford Lincoln Mercury, LLC d/b/a Colorado River Ford
Lincoln of Kingman; Presidential Leasing Inc. d/b/a Presidential Auto
Leasing and Sales; Mercedes-Benz of Huntington; Bryan Chevrolet Inc.;
Wheeler Oldsmobile – Cadillac; Fitz Motors, Inc. d/b/a Pueblo Toyota;
Automobile International Corp. d/b/a Rutland Saab d/b/a Rutland
Cadillac; C.S.I. Motors, Inc. d/b/a Pueblo Dodge Chrysler Jeep Ram;
Thorpe's GMC Inc.; Teton Motors; Arrow Ford, Inc.; Arrow Ford, Inc.
d/b/a Arrow Mitsubishi; Nissan North Inc. d/b/a Nissan North; Bolles
Motors, Inc.; Ed Bolles, Enterprises, Inc. d/b/a Bolles Chrysler Dodge
Jeep; Albion Motors Inc. d/b/a Albion Motors; McDonough, Inc. d/b/a
McDonough Toyota & Scion; Jim Cook Chevrolet-Buick_GMC Inc.;
Bob Baker Automotive Inc. d/b/a Bob Baker Chrysler Jeep Dodge Ram;
Bob Baker Automotive Inc. d/b/a Bob Baker Mazda; Bob Baker
Automotive Inc. d/b/a Bob Baker Fiat; Bob Baker Volkswagen d/b/a Bob
Baker Volkswagen Subaru; Peterson Japan, LLC d/b/a Peterson Toyota;
Peterson Japan, LLC d/b/a Peterson Lexus; Peterson Germany, LLC
d/b/a Peterson BMW of Boise; Peterson Detroit, LLC d/b/a Peterson
Chevrolet Buick Cadillac; Peterson's Stampede Dodge Chrysler Jeep,
LLC d/b/a Peterson's Stampede Dodge Chrysler Jeep Ram; Cobb Auto
Sales, Inc. d/b/a C&C Dodge/Toyota; Burke Automotive Group, Inc.
d/b/a Naperville Chrysler Jeep Dodge Ram; Hutcheson Ford Sales, Inc.;
Motor Mile T LLC; Motor Mile C LLC; Reuther Ford, Inc. d/b/a Reuther
Ford; Hadwin-White Buick GMC Inc. d/b/a Hadwin-White Buick GMC
Subaru; John Watson Chevrolet, Inc.; Kightlinger Motors Inc.; Ron
Tirapelli Ford; Profile Subaru; Bird Chevrolet Company Inc.; CDOHY,
Inc.; LFO, Inc.; Wheaton Motor City, Inc.; LCJ, Inc.; Fitzgerald Auto

Mall; Griffeth Ford Lincoln; Griffeth Ford Honda; McCafferty Ford Sales, Inc. d/b/a McCafferty Ford & Kia of Langhorne; McCafferty Motors of Mechancisburg Inc d/b/a McCafferty Ford of Mechanicsburg; McCafferty Hyundai Sales Inc d/b/a McCafferty Hyundai Suzuki of Langhorne; McCafferty Motors of Mechancisburg Inc d/b/a McCafferty Kia of Mechanicsburg; O'Daniel Automotive, Inc. d/b/a O'Daniel Ford, Inc.; O'Daniel Automotive, Inc. d/b/a O'Daniel Motor Sales, Inc.; O'Daniel Automotive, Inc. d/b/a O'Daniel Automart, Inc.; Competition Subaru of Smithtown; Mercedes-Benz of Smithtown; Reilly Motors Inc.; Stemak Holdings LTD d/b/a Poway Hyundai; Dempsey Dodge Chrysler Jeep II, Inc.; Capitol Dealerships Inc. d/b/a Capitol Toyota; Capitol Chevrolet Cadillac Inc.; Capitol Chevrolet Cadillac Inc. d/b/a Capitol Subaru; Eckert Hyundai, Inc.; Milford Imports Inc. d/b/a Courtney Honda; Gordie Boucher Ford of Kenosha, Inc. d/b/a Gordie Boucher Ford; Gordie Boucher Ford of West Bend, Inc. d/b/a Gordie Boucher Ford Lincoln of West Bend; Gordie Boucher Ford of Menomonee Falls, Inc. d/b/a Gordie Boucher Ford of Menomonee Falls; Gordie Boucher Ford Lincoln of Janesville, Inc. d/b/a Gordie Boucher Ford Lincoln Mazda of Janesville; Frank Boucher Chevrolet, Inc. d/b/a Frank Boucher Chevrolet Cadillac; Boucher Chevrolet, Inc, d/b/a Boucher Chevrolet; Boucher Ventures, Inc. d/b/a Boucher Cadillac; Gordie Boucher Lincoln, Inc. d/b/a Gordie Boucher Nissan; Boucher Nissan of Waukesha, Inc. d/b/a Boucher Nissan of Waukesha; Becker Buick GMC, Inc. d/b/a Becker Buick; Betten Chevrolet Inc.; Route 23 Auto Mall, LLC d/b/a Route 23 Automall; Hilton Head Automotive, LLC d/b/a Hilton Head Buick GMC Cadillac; Hilton Head Automotive, LLC d/b/a Hilton Head BMW; Franklin Sussex Auto Mall; Dover Dodge; Franklin Sussex Hyundai; Nielsen Dodge; Major Chrylser Jeep Dodge, Inc.; Harr Motors, Inc.; Keller Bros. Motor Co.; Keller Bros. Auto Co.; Keller Bros. Dodge; Keller Bros. Truck Village; Prestige Motorwerks d/b/a Prestige BMW; Prestige of Mahwah d/b/a Prestige MINI; Prestige Motors, Inc. d/b/a Prestige Mercedes-Benz; Prestige of Ramsey d/b/a Prestige Lexus; Prestige of Bergen, Inc. d/b/a Prestige Toyota; Prestige Land Rover Inc. d/b/a Prestige Land Rover Jaguar; 3GEN, LLC d/b/a Prestige Volkswagen of Stamford; AMR Holdings DBA Prime Subaru; AMR Holdings DBA Prime Toyota; AMR Holdings DBA Prime Ford; AMR Holdings DBA Mercedes Benz of Hanover; PRDR Inc. d/b/a Fairless Motors; R.L.R.J.B. Enterprises Inc. d/b/a Honda of Kingston; Coy's Car Corner, Inc. d/b/a Lincoln/Chrysler Dodge Jeep; Somerset Chrysler Jeep Dodge; Gregoris Motors, Inc.; Larson Motors Inc dba Audi of Tacoma; Larson Motors Inc dba Mercedes Benz of Tacoma; Larson Motors Inc dba Larson Cadillac; Larson Motors Inc dba Larson Chrysler Jeep Dodge Ram; The Larson Automotive Group Inc dba Toyota of Tacoma; Larson Motors, Inc dba Volkswagen of Tacoma; Larson Motors Inc dba Larson Hyundai; Sam Stevens Motors, Inc.; O'Neil Buick, Inc. d/b/a O'Neil Buick GMC; Drew Ford; Pete Mankins Inc.; Royal Gate, Inc. (Ellisville,

Missouri location); Royal Gate Automotive Group, Inc. (Columbia, Illinois location); Cabol Inc. d/b/a Huebner Chevrolet Subaru; Allen Gwynn Chevrolet Inc.; Bob Pforte Motors, Inc.; Redbank Chevrolet Inc.; AFGI, LLC d/b/a Anderson Auto group of Grand Island; AFL, LLC d/b/a Anderson Ford Lincoln of Lincoln; MFL, LLC d/b/a Anderson Mazda; AFSJ, LLC d/b/a Anderson Ford of Saint Joseph; AFSJ, LLC d/b/a Anderson Kia Mitsubishi; Cutrubus Motors, Inc. d/b/a Rocky Mountain Rides AND PH Investments, LLC d/b/a Cutrubus Cadillac; PHD Motors Inc. d/b/a Freeway Mazda; Cutrubus Motors, Inc. d/b/a Wasatch Front Kia; Layton Dodge Inc. d/b/a Layton Hills Chrylser Dodge Jeep Ram; Colonial Motorcars, LTD d/b/a Colonial Subaru; Sendell Motors, Inc.; St Helens Auto Center Inc.; TTV Motors Inc. d/b/a Bill Kidd's Toyota Volvo Scion; Valley Motors Inc.; John Amato Hyundai Inc.; John Amato Nissan Inc.; John Amato Ford; Jerry Damson Inc. d/b/a Jerry Damson Honda; Jerry Damson Inc. d/b/a Jerry Damson Acura; Eleven, Inc. d/b/a Honda of Decatur; Twenty-Two Inc. d/b/a Jerry Damson Honda Florence; Jerry Damson Nissan, LLC d/b/a Jerry Damson Nissan; Saratoga Motors, Inc. d/b/a Saratoga Honda; Bill Wright Inc. d/b/a Bill Wright Toyota; Downs North Bakersfield Inc. d/b/a North Bakersfield Toyota; Bob Steele Chevrolet Inc.; Central Chevrolet Inc.; Northeast Motors, Inc. d/b/a Northeast Acura; Thornhill Superstone Inc.; Thornhill Group Inc.; Larry Dimmitt Cadillac, Inc.; Dew Cadillac Inc.; Greenfield Pontiac Buick GMC, Inc. d/b/a John Paul's Buick GMC; O'Daniel Motor Center, Inc. d/b/a O'Daniel Honda; Hutchins Imports, Inc. d/b/a O'Connor Volkswagen; Hoover Automotive, LLC d/b/a Hoover Dodge Chrysler Jeep of Summerville, LLC; Hoover Motors, Inc. d/b/a Hoover Chrysler Dodge Jeep, Inc.; Hoover the Mover Pre-Owned Supercenter, LLC d/b/a Hoover Mitsubishi; Sandy Sansing Chevrolet, Inc.; Thielen Motors Inc.; Wilkins Buick Inc.; EFN Investments, LLC d/b/a Napelton's Kia; EFN Investments, LLC d/b/a Napelton's Nissan; Ed Napleton Elmburst Imports, Inc. d/b/a Ed Napleton Acura; Ed Napleton Elmburst Imports, Inc. d/b/a Napleton's Kia of Elmhurst; Napleton Enterproses, LLC d/b/a South Orlando Chrysler Dodge Jeep Ram; EFN West Palm Motor Sales, LLC d/b/a Napleton's Hyundai; River Oaks Imports, Inc. d/b/a River Oaks Honda, Napleton River Oaks Hyundai; Ed Napleton Calumet City Imports, Inc. d/b/a Napleton River Oaks Kia; River Oaks Imports, Inc. d/b/a River Oaks Honda, Napleton River Oaks Honda; Ed Napleton Oak Lawn Imports, Inc. d/b/a Ed Napleton Honda, Ed Napleton Honda of Oak Lawn; Ed Napleton St Louis Imports, Inc. d/b/a Ed Napleton Honda; Ed Napleton Westmont Imports, Inc. d/b/a Napleton's Porsche of Westmont; Napleton's Palm Beach Imports, LLC d/b/a Napleton's Palm Beach Acura; Clermont Motors, LLC d/b/a Clermont Chrysler Dodge Jeep Ram; Napleton's Arlington Heights Motors, Inc. d/b/a Napleton's Arlington Heights Chrysler Dodge Jeep Ram; Napleton's River Oaks Motors, Inc. d/b/a Napleton's River Oaks Chrysler Dodge Jeep Ram; North Palm Hyundai, LLC Napleton's North

Palm Hyundai; Napleton's Tallahassee Imports, LLC d/b/a Napleon's Infiniti of Tallahassee; Napleton's North Palm Auto Park, Inc. d/b/a Napleton's Northlake Auto Park; Napleton's Goldcoast Imports, Inc. d/b/a Napleton's Aston Martin of Chicago Location; Napleton's Goldcoast Imports, Inc. d/b/a Napleton's Aston Martin of Chicago Downers Grove Location; Napleton Aurora Imports, Inc. d/b/a Napleton's Valley Hyundai; Napleton's Ellwood Motors, Inc. d/b/a Napleton's Ellwood Chrysler Dodge Jeep Ram; Napleton's Mid Rivers Motors, Inc. d/b/a Napleton's Mid Rivers Chrysler Dodge Jeep Ram; Napletons's Mid Rivers imports, Inc. d/b/a Napleton's Mid Rivers Kia; Napleton's Orlando Imports, LLC d/b/a Napleton's Volkswagen of Orlando; Napleton's Orlando Imports, LLC d/b/a Napleton's Volkswagen of Orlando; Napleton Sanford Imports, LLC d/b/a Napleton's Volkswagen of Sanford; Victor Koenig, Inc. d/b/a Vic Koenig Chevrolet; Roger Beasley Imports, Inc. d/b/a Mazda South; Roger Beasley Imports, Inc. d/b/a Roger Beasley Hyundai; Roger Beasley Mazda, Inc. Roger Beasley Mazda Central; Autogroup Premier, Inc.; Gary Crossley Ford Inc.; Johnson Ford, Inc. d/b/a Antelope Valley Ford; Wilson Imports Inc. d/b/a Wilson Motors & Wilson Toyota; Infiniti of Modesto; Central Valley Automotive Inc. d/b/a Central Valley Chrysler Jeep Dodge; Central Valley Automotive Inc. d/b/a Central Valley Nissan; Central Valley Automotive Inc. d/b/a Central Valley Volkswagen Hyundai; Chris The Crazy Trader, Inc. d/b/a Christopher's Dodge World, Inc.; Grubbs Nissan Mid-Cities, Ltd.; Longmont Ford Inc.; Don Jacobs Motors, Inc. d/b/a Don Jacobs Toyota; Chevrolet 21 Inc.; Bedard Brothers Auto Sales, Inc. d/b/a Bedard Brothers Honda; Bedard Brothers Auto Sales, Inc. d/b/a Bedard Brothers Volvo; Bedard Brothers Auto Sales, Inc. d/b/a Bedard Brothers Chrysler Jeep Dodge Ram; LRB Auto Sales, Inc. d/b/a Bedard Brothers Chevrolet; TMRF LLC d/b/a Columbine Ford; Wolf's Interstate Leasing & Sales, LLC; Wolfs at Laramie; Wolf Pinedale Dodge, LLC; Wolf Pinedale Dodge, LLC d/b/a Wolf Pinedale Dodge; Wolf's Whitehall Ford, LLC; Wolf's Whitehall Ford, LLC d/b/a Wolf Auto Center; Wolf Auto Group, LLC d/b/a Wolf Jackson Chrysler Dodge Jeep; Wold Auto Group, LLC d/b/a Wolf Jackson Chrysler Dodge Jeep; Marstaller Motors, Inc.; TC Jeep Inc. d/b/a Town and Country Jeep Chrysler Dodge; Northshore Honda; MB Motorsports; Mel Grata Chevrolet Inc. d/b/a Mel grata Chevrolet Toyota; Mel Grata Chevrolet Inc. d/b/a Mel grata Chevrolet Toyota; Security Auto Sales, Inc. d/b/a Security Dodge Chrysler Jeep Ram; Freysinger Pontiac GMC Buick, Inc. d/b/a Freysinger Buick GMC*; Freysinger Pontiac GMC Buick, Inc. d/b/a Freysinger Mazda Hyundai; Jackson Chevrolet Co.; Copeland Enterprises Inc.; Chris Nikel Chrysler Jeep Dodge Ram; Carriage Towne Chrysler Dodge Jeep Inc.; Driscoll Automotive Group Mercedes-Benz of State College; Driscoll Automotive Group Audi State College; Driscoll Automotive Group Nissan of State College; Driscoll Automotive Group Volkswagon State

College; Major Kia; Schlossman Imports, Inc.;   Subaru City of
Milwaukee, Inc.; Schlossman's Dodge City Chrysler jeep, Inc.; Wanner
Ford, Inc.; Jim Soutar Dodge City Inc (dba Soutar's Chrysler Dodge Jeep
Toyota); Soutars (dba Soutar's Ford Nissan); Bill Ussery Motors, Inc.
dba Mercedes Benz of Coral Gables; Bill Ussery Motors of Cutler Bay
LLC dba Mercedes Benz of Cutler Bay; Permian Ford-Lincoln Inc.;
Permian Ford-Lincoln Inc. (dba Permian Toyota); Permian Auto Group
LLC (dba Permian Chevrolet-Buick-GMC-Cadillac); Permian Auto
Group LLC (dba Permian Nissan); Industrious Motors, LLC d/b/a Buena
Park Nissan; Brown Automotive, Inc. d/b/a Puente Hills Nissan; Howell,
Inc.; Marquardt Buick Inc.; Titus-Will Chevrolet Sales, Inc. (dba Titus-
Will Chevrolet Buick GMC Cadillac); Titus-Will of Parkland, Inc. (dba
Titus-Will Chevrolet); Titus - Will Hyundai Sales, Inc. (dba Titus-Will
Hyundai); Titus-Will of Lewis County, Inc. (dba Titus-Will Chevrolet
Buick); Volkswagen SouthTowne, Inc.; Fair Oaks Motors, Inc. d/b/a Fair
Oaks Chrysler Jeep Dodge; F.C. Kerbeck & Sons; Kerbeck Cadillac
Pontiac Inc DBA Kerbeck Cadillac Chevrolet Buick GMC; J.A. Moss,
Inc. d/b/a Moss Bros. Dodge Riverside; Moss Bros, Inc. d/b/a Moss Bros.
CJDR San Bernardino; Moss Bros. CJDR, Inc. d/b/a Moss Bros. Chrysler
Jeep Dodge Ram; Moss Bros. German, Inc. d/b/a Moss Bros.
Volkswagen; Moss Bros. Hon, Inc. d/b/a Moss Bros. Honda; Moss Bros.
Toy, Inc. d/b/a Moss Bros. Toyota; Moss Bros. Chevrolet; Moss Bros.
Buick-GMC, Inc.; Sowell Automotive, Inc. d/b/a Hyundai of La Quinta;
Good Chevrolet Inc.; FOC Inc.; Fitzgerald Lakeforest Motors Inc.;
Fitzgerald Buick Inc.; Fitzgerald Toyota Inc.; Fitzgerald Motors Inc.;
Thomas Subaru f/k/a Thomas Dodge Corp. of NY; Quantrell Cadillac,
Inc. d/b/a Quanrtell Cadillac; Quantrell Cadillac, Inc. d/b/a Quanrtell
Volvo; Saturn of Lexington, Inc. d/b/a Quantrell Saturn; Quantrell
Cadillac, Inc. d/b/a Quantrell Subaru; Pioneer Valley Sales & Service,
Inc. d/b/a Pioneer Valley Volvo; Bartlett LLC d/b/a Barlett Motors; City
Cadillac Oldsmobile, Inc dba City Cadillac Buick GMC; Mayors Auto
Group Woodside, LLC d/b/a City Mitsubishi; Ayer Auto Sales, LLC;
d/b/a Ayer Auto Sales; Knippelmier Chevrolet Inc.; ACA Motors, Inc.
d/b/a Continental Acura; Continental NV Autos, Inc. d/b/a Continental
Audi; Naperville Zoom Cars d/b/a Continental Mazda; Sun Automotive
Inc.,

                                        Plaintiffs,

          -against-

CARFAX, INC., a Pennsylvania Corporation,

                                        Defendant.
-----------------------------------------------------------------------------------X

Plaintiffs, by their attorneys, Bellavia Blatt & Crossett, PC, complaining of Defendant Carfax, Inc. ("Defendant" or "Carfax"), allege as follows:

## PRELIMINARY STATEMENT

Plaintiffs are hundreds of auto and light truck dealers located throughout the United States. Defendant Carfax is a monopolist in the sale of Vehicle History Reports ("VHRs") on used auto and light trucks in the United States, with a 90 percent market share. As set forth herein, Carfax has unlawfully acquired and maintained its market power in VHRs through an anticompetitive scheme involving exclusivity agreements with numerous major players in the auto industry. Through the exclusive agreements that are part of this scheme, Carfax requires the Plaintiff auto dealers to purchase Carfax VHRs on every used car sold in 37 of 40 Certified Pre-Owned ("CPO") auto sales programs of domestic and foreign-based auto manufacturers, and every used car that Plaintiff auto dealers list for sale on the two largest websites providing classified used automotive listings, Autotrader.com and Cars.com. By contractually committing these two websites to include hyperlinks to Carfax VHRs and to exclude VHRs of any other provider, Carfax has stigmatized any listing without such a link in the eyes of consumers who infer that the absence means that the car has a blemished history. As a result of these exclusivity agreements, therefore, the Plaintiff auto dealers are effectively compelled to purchase Carfax VHRs for their used car inventory and supply them to persons shopping for used cars, despite the fact that other suppliers of VHRs offer more reliable VHRs at substantially lower prices than those charged by Carfax.

The purchase of VHRs represents a substantial operating expense for the Plaintiff auto dealers, ranging from about $10,000 per year for smaller auto dealers, to multiple tens of thousands of dollars per year for larger auto dealers. As set forth herein, Carfax's anticompetitive

scheme of exclusivity agreements has thwarted competition in the market for publication and sale of VHRs in the United States, diminished the quality of VHRs, reduced the output of higher quality VHRs, artificially increased prices, including the price of Carfax's VHRs, and caused harm to consumers. In a free and competitive market for VHRs, where auto dealers were not compelled to purchase Carfax VHRs at prices inflated by the antitrust violations alleged herein, Plaintiff auto dealers would have the unfettered opportunity to purchase VHRs of superior reliability from alternative suppliers at competitive prices and Carfax would have been compelled by competitive forces to reduce its VHR prices. Carfax also utilizes its inflated revenues to disparage and falsely malign dealers in order to mislead consumers into believing its VHRs are necessary and accurate. A free and competitive market for VHRs unrestrained by Carfax's anticompetitive scheme would also provide great benefit to consumers, who would find enhanced availability of more reliable VHRs. Given the foregoing, Plaintiffs bring these claims, seeking injunctive relief from Carfax's anticompetitive scheme in violation of the antitrust laws, and to recover damages they have incurred by having to pay more for VHRs than they would have paid in a free and competitive market.

## I. <u>NATURE OF THE ACTION</u>

1.      This is an action under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Section 3 of the Clayton Act, 15 U.S.C. § 14, wherein Plaintiffs seek treble damages, attorney's fees and costs, and injunctive relief, for Defendant's violations of the federal antitrust laws.

## II.      <u>JURISDICTION, VENUE AND INTERSTATE COMMERCE</u>

2.      This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to Sections 4(a) and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26, and 28 U.S.C. §§ 1331 and

1337(a).

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial number of the transactions giving rise to Plaintiffs' claims and damages arise in this District, and pursuant to 15 U.S.C. § 22, because Defendant transacts business in this District. Personal jurisdiction over Defendant has been established pursuant to 15 U.S.C. § 22 by personal service of process in the District in which Defendant is an inhabitant or may be found.

4.      Defendant is in the business, inter alia, of providing vehicle history information, both at wholesale and retail, to potential buyers and sellers of pre-owned or "used" autos and light trucks, persons in the business of financing sales and leases of used autos and light trucks (i.e., banks and finance companies), and persons in the business of insuring owners and lessees of used autos and light trucks.

5.      Defendant offers Vehicle History Reports ("VHRs"), which are routinely printed from computer work stations at automobile dealerships and provided in printed form to persons shopping for used cars. VHRs contain information on title information, flood damage history, total loss accident history, odometer readings, lemon history, number of owners, accident indicators, state emissions inspection results, service records, and vehicle use.

6.      Defendant assembles such information in large computerized databases and sells VHRs via (a) a nationwide and international sales force of its employees, (b) nationwide and international advertising and media, and (c) an elaborate Internet website (www.carfax.com). Defendant makes its VHRs readily accessible for distribution in printed form to persons shopping for used cars, by creating VHRs in .pdf format, a common computer file format for documents intended to be printed without alteration.

7.      Defendant's   business   of   publishing and selling VHRs, and its antitrust

violations more fully described herein below, substantially and directly affects the flow of interstate commerce.

### III. **THE PARTIES**

8.    Plaintiff Rockland CJD, Inc., with its principal place of business at 60 Route 304, Nanuet, New York, 10954, is engaged in the business of buying and selling used autos and light trucks.

9.    Plaintiff Sequoia Chevrolet Buick GMC, with its principal place of business at 1028 Academy Avenue, Sanger, California, 93657, is engaged in the business of buying and selling used autos and light trucks.

10.    Plaintiff Jack Sherman Inc. d/b/a Jack Sherman Toyota, with its principal place of business at 393 Court Street, Binghamton, New York, 13904, is engaged in the business of buying and selling used autos and light trucks.

11.    Plaintiff Farmington Motors Inc. d/b/a Advantage Dodge Chrysler Jeep, with its principal place of business at 3200 E. Main Street, Farmington, New Mexico, 87402, is engaged in the business of buying and selling used autos and light trucks.

12.    Plaintiff Sitton Buick Corp. d/b/a Sitton Buick GMC, with its principal place of business at 2640 Laurens Road, Greenville, South Carolina, 29607, is engaged in the business of buying and selling used autos and light trucks.

13.    Plaintiff Lancaster Dodge, Inc., with its principal place of business at 1475 Manheim Pike, Lancaster, Pennsylvania, 17601, is engaged in the business of buying and selling used autos and light trucks.

14.     Plaintiff Melchiorre Inc. d/b/a Warner Motors, with its principal place of business at 131 East Main Street, Hummelstown, Pennsylvania, 17036, engaged in the business of buying and selling used autos and light trucks.

15.     Plaintiff Suburban Subaru, with its principal place of business at 14 Hartford Turnpike, Vernon, Connecticut, 06066, is engaged in the business of buying and selling used autos and light trucks.

16.     Plaintiff Tri-State Toyota, with its principal place of business at 191 West Main Street, Dudley, Massachusetts, 01571, is engaged in the business of buying and selling used autos and light trucks.

17.     Plaintiff Alfano Auto Group LLC d/b/a Alfano Nissan, with its principal place of business at 1530 East Main Street, Torrington, Connecticut, 06970, is engaged in the business of buying and selling used autos and light trucks.

18.     Plaintiff Torrington Hyundai Inc., with its principal place of business at 1446 East Main Street, Torrington, Connecticut, 06970, is engaged in the business of buying and selling used autos and light trucks.

19.     Plaintiff McDonagh Chrysler Jeep Inc. d/b/a McDonagh Chrysler Jeep Dodge Ram, with its principal place of business at 400 Hwy 18, East Brunswick, New Jersey, 08816, is engaged in the business of buying and selling used autos and light trucks.

20.     Plaintiff Karp Buick, with its principal place of business at 400 Sunrise Highway, Rockville Centre, New York, 11570, is engaged in the business of buying and selling used autos and light trucks.

21.     Plaintiff Karp Saab, with its principal place of business at 400 Sunrise Highway, Rockville Centre, New York, 11570, is engaged in the business of buying and selling used autos and light trucks.

22.     Plaintiff Karp Volvo, with its principal place of business at 400 Sunrise Highway, Rockville Centre, New York, 11570, is engaged in the business of buying and selling used autos and light trucks.

23.     Plaintiff Yucca Valley Auto Superstores, Inc. d/b/a Yucca Valley Chrysler Center, with its principal place of business at 57909 29 Palms Highway, Yucca Valley, California, 92284, is engaged in the business of buying and selling used autos and light trucks.

24.     Plaintiff Yucca Valley Ford Center, Inc. d/b/a Yucca Valley Ford, with its principal place of business at 57927 29 Palms Highway, Yucca Valley, California, 92284, is engaged in the business of buying and selling used autos and light trucks.

25.     Plaintiff Crippen Auto Mall Inc. d/b/a Cripen Buick GMC Mazda Volvo, with its principal place of business at 8300 West Saginaw Highway, Lansing, Michigan, 48917, is engaged in the business of buying and selling used autos and light trucks.

26.     Plaintiff Gem Chevrolet Inc. d/b/a Champagne Motor Car Co., with its principal place of business at 106 Storrs Road, Willimantic, Connecticut, 06226, is engaged in the business of buying and selling used autos and light trucks.

27.     Plaintiff Tyrrell-Marxen Chevrolet Cadillac d/b/a Terry Marxen Chevrolet Cadillac, with its principal place of business at 1118 West Highway 66, Flagstaff, Arizona, 86001, is engaged in the business of buying and selling used autos and light trucks.

28.     Plaintiff Stivers Ford Lincoln Inc., with its principal place of business at 4000 Eastern Boulevard, Montgomery, Alabama, 36116, is engaged in the business of buying and selling used autos and light trucks.

29.     Plaintiff Stivers Automotive of Atlanta, Inc. d/b/a Stivers Subaru of Decatur, with its principal place of business at 1950 Orion Drive, Decatur, Georgia, 30033, is engaged in the business of buying and selling used autos and light trucks.

30.     Plaintiff Skokie Motor Sales, Inc. d/b/a Sherman Dodge, with its principal place of business at 7601 Skokie Boulevard, Skokie, Illinois, 60077, is engaged in the business of buying and selling used autos and light trucks.

31.     Plaintiff Elkins Chevrolet, LLC d/b/a Elkins Chevrolet, with its principal place of business at 401 New Jersey 73 South, Marlton, New Jersey, 08053, is engaged in the business of buying and selling used autos and light trucks.

32.     Plaintiff Wile Motors, Inc. d/b/a Wile Hyundai, with its principal place of business at 22 Route 66 East, Columbia, Connecticut, 06237, is engaged in the business of buying and selling used autos and light trucks.

33.     Plaintiff BMW of Southampton, with its principal place of business at 759 County Road, Southampton, New York, 11968, is engaged in the business of buying and selling used autos and light trucks.

34.     Plaintiff Bob Pion Buick-GMC, Inc., with its principal place of business at 333 Memorial Drive, P.O. Box 118, Chicopee, Massachusetts 01021, is engaged in the business of buying and selling used autos and light trucks.

35.     Plaintiff Tim Lally Chevrolet, Inc., with its principal place of business at 19000 Rockside Road, Bedford, Ohio, 44146, is engaged in the business of buying and selling used autos and light trucks.

36.     Plaintiff Patrick European LLC d/b/a Patrick BMW, Patrick Mini, with its principal place of business at 700 E. Golf Road, Schaumburg, Illinois, 60173, is engaged in the business of buying and selling used autos and light trucks.

37.     Plaintiff Patrick Hyundai, LLC d/b/a Patrick Hyundai, with its principal place of business at 1020 E. Golf Road, Schaumburg, Illinois, 60173, is engaged in the business of buying and selling used autos and light trucks.

38.     Plaintiff Patrick Jaguar, LLC d/b/a Patrick Jaguar, Patrick Land Rover Naperville, with its principal place of business at 1559 W. Ogden Avenue, Naperville, Illinois, 60540, is engaged in the business of buying and selling used autos and light trucks.

39.     Plaintiff Patrick Hyundai Palatine, LLC, with its principal place of business at 221 E. Lake Cook Road, Palatine, Illinois, 60074, is engaged in the business of buying and selling used autos and light trucks.

40.     Plaintiff Patrick Schaumburg Automobiles, Inc. d/b/a Patrick Cadillac, Patrick Volvo, with its principal place of business at 526 Mall Drive, Schaumburg, Illinois, 60173, is engaged in the business of buying and selling used autos and light trucks.

41.     Plaintiff Landmark Ford, Inc., with its principal place of business at 2401 Prairie Crossing Drive, Springfield, Illinois, 62711, is engaged in the business of buying and selling used autos and light trucks.

42.     Plaintiff Landmark Chrysler Jeep, Inc. d/b/a Landmark Chrysler Jeep Fiat, with its principal place of business at 2331 Prairie Crossing Drive, Springfield, Illinois, 62711, is engaged in the business of buying and selling used autos and light trucks.

43.     Plaintiff Landmark Cadillac, Inc., with its principal place of business at 2360 Prairie Crossing Drive, Springfield, Illinois, 62711, is engaged in the business of buying and selling used autos and light trucks.

44.     Plaintiff Landmark of Taylorville, Inc. d/b/a Landmark Chevrolet Buick Cadillac, with its principal place of business at 1531 West Springfield Road, Taylorville, Illinois, 62568, is engaged in the business of buying and selling used autos and light trucks.

45.     Plaintiff Infinity of Manhattan, Inc. d/b/a Infinity Manhattan, with its principal place of business at 646 11th Avenue, New York, New York, 10019, is engaged in the business of buying and selling used autos and light trucks.

46.     Plaintiff Manhattan Foreign Autos, Inc. d/b/a Acura Manhattan, with its principal place of business at 608 W. 57th Street, New York, New York, 10019, is engaged in the business of buying and selling used autos and light trucks.

47.     Plaintiff Bay Ridge Nissan, Inc. d/b/a Bay Ridge Nissan, with its principal place of business at 6501 Fifth Avenue, Brooklyn, New York, 11220, is engaged in the business of buying and selling used autos and light trucks.

48.     Plaintiff Bay Ridge Luxury Automobiles, Inc. d/b/a Bay Ridge Lexus, with its principal place of business at 6502 Fifth Avenue, Brooklyn, New York, 11220, is engaged in the business of buying and selling used autos and light trucks.

49.     Plaintiff Bay Ridge Foreign Auto Sales Corp. d/b/a Audi Brooklyn, with its principal place of business at 665 65th Street, Brooklyn, New York, 11230, is engaged in the business of buying and selling used autos and light trucks.

50.     Plaintiff Nissan of Manhattan, Inc. d/b/a Nissan Manhattan, with its principal place of business at 662 11th Avenue, New York, New York, 10036, is engaged in the business of buying and selling used autos and light trucks.

51.     Plaintiff Freehold Automotive Limited Inc. d/b/a Freedom Hyundai, with its principal place of business at 3478 Route 9 South, Freehold, New Jersey, 07728, is engaged in the business of buying and selling used autos and light trucks.

52.     Plaintiff Freehold Jeep Eagle, Inc. d/b/a Freehold Chrysler Jeep, with its principal place of business at 4304 Route 9 South, Freehold, New Jersey, 07728, is engaged in the business of buying and selling used autos and light trucks.

53.     Plaintiff Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan & Lexus of Queens, with its principal place of business at 829 11th Avenue, New York, New York, 10019, is engaged in the business of buying and selling used autos and light trucks.

54.     Plaintiff Route 22 Nissan, Inc. d/b/a Route 22 Nissan, with its principal place of business at 56 Route 22 East, Hillside, New Jersey, 07205, is engaged in the business of buying and selling used autos and light trucks.

55.     Plaintiff Hudson Auto Sales, Inc. d/b/a Hudson Honda, with its principal place of business at 6608 Kennedy Boulevard, West New York, New Jersey, 07093, is engaged in the business of buying and selling used autos and light trucks.

56.     Plaintiff Route 22 Automobiles, Inc. d/b/a Route 22 Honda, with its principal place of business at 75 Route 22, Hillside, New Jersey, 07205, is engaged in the business of buying and selling used autos and light trucks.

57.     Plaintiff Hackettstown Auto Sales, Inc. d/b/a Hackettstown Honda, with its principal place of business at 48 Route 46 West, Hackettstown, New Jersey, 07840, is engaged in the business of buying and selling used autos and light trucks.

58.     Plaintiff Route 22 Auto Sales, Inc. d/b/a Route 22 Toyota Scion, with its principal place of business at 109 Route 22 West, Hillside, New Jersey, 07205, is engaged in the business of buying and selling used autos and light trucks.

59.     Plaintiff Hillside Automotive, Inc. d/b/a Route 22 Kia, with its principal place of business at 399 Route 22 West, Hillside, New Jersey, 07205, is engaged in the business of buying and selling used autos and light trucks.

60.     Plaintiff Westchester Foreign Autos, Inc. d/b/a Westchester Toyota/Scion, with its principal place of business at 2167 Central Park Avenue, Yonkers, New York, 10710, is engaged in the business of buying and selling used autos and light trucks.

61.     Plaintiff Skyline Automobiles, Inc. d/b/a Toyota & Scion of Manhattan, with its principal place of business at 645 11th Avenue, New York, New York, 10036, is engaged in the business of buying and selling used autos and light trucks.

62.     Plaintiff Fordham Auto Sales, Inc. d/b/a Fordham Toyota, with its principal place of business at 236 West Fordham Road, Bronx, New York, 10468, is engaged in the business of buying and selling used autos and light trucks.

63.     Plaintiff Bay Ridge Motor Sales, Inc. d/b/a Bay Ridge Toyota Scion, with its principal place of business at 6401 Sixth Avenue, Brooklyn, New York, 11220, is engaged in the business of buying and selling used autos and light trucks.

64.     Plaintiff Paretti Imports, LLC d/b/a Paretti Jaguar Land Rover Baton Rouge, with its principal place of business at 11977 Airline Highway, Baton Rouge, Louisiana, 70817, is engaged in the business of buying and selling used autos and light trucks.

65.     Plaintiff Paretti Motor Company LLC d/b/a Paretti Mazda, with its principal place of business at 4000 Veterans Boulevard, Metairie, Louisiana, 70002, is engaged in the business of buying and selling used autos and light trucks.

66.     Plaintiff Paretti Imports, LLC, with its principal place of business at 3000 Richland Avenue, Metairie, Louisiana, 70002, is engaged in the business of buying and selling used autos and light trucks.

67.     Plaintiff Paretti Imports, LLC d/b/a Land Rover New Orleans, with its principal place of business at 4032 Veterans Boulevard, Metairie, Louisiana, 70002, is engaged in the business of buying and selling used autos and light trucks.

68.     Plaintiff G. S. Autoplex, LLC d/b/a Garden State Honda, with its principal place of business at 225 River Street, Passaic, New Jersey, 07055, is engaged in the business of buying and selling used autos and light trucks.

69.     Plaintiff L&S Motors, Inc. d/b/a Huntington Honda, with its principal place of business at 1055 E. Jericho Turnpike, Huntington, New York, 11743, is engaged in the business of buying and selling used autos and light trucks.

70.     Plaintiff Westchester Autoplex, LLC d/b/a Honda of New Rochelle, with its principal place of business at 25 Main Street, New Rochelle, New York, 10801, is engaged in the business of buying and selling used autos and light trucks.

71.     Plaintiff D. L. New Rochelle Auto Sales, LLC d/b/a Mazda of New Rochelle, with its principal place of business at 149 Main Street, New Rochelle, New York, 10801, is engaged in the business of buying and selling used autos and light trucks.

72.     Plaintiff N. R. Automotive, Inc. d/b/a New Rochelle Toyota, with its principal place of business at 47 Cedar Street, New Rochelle, New York, 10801, is engaged in the business of buying and selling used autos and light trucks.

73.     Plaintiff Mancari's Chrysler Jeep Dodge Inc., with its principal place of business at 4630 West 95th Street, Oak Law, Illinois, 60453, is engaged in the business of buying and selling used autos and light trucks.

74.     Plaintiff Bay Automotive Corp. d/b/a Bay Kia, with its principal place of business at 6970 Military Highway, Norfolk, Virginia, 23518, is engaged in the business of buying and selling used autos and light trucks.

75.     Plaintiff Morong Brothers Volkswagen d/b/a Morong Falmouth, with its principal place of business at 187 U.S. Route 1, Falmouth, Maine, 04105, is engaged in the business of buying and selling used autos and light trucks.

76.     Plaintiff Morong Brunswick, with its principal place of business at 314 Bath Road, Brunswick, Maine, 04011, is engaged in the business of buying and selling used autos and light trucks.

77.     Plaintiff Eldorado Motors Inc. d/b/a Chevy, with its principal place of business at 2150 N. Central Expressway, McKinney, Texas, 75071, is engaged in the business of buying and selling used autos and light trucks.

78.     Plaintiff Eldorado Motors Inc. d/b/a Mazda, with its principal place of business at 2150 N. Central Expressway, McKinney, Texas, 75071, is engaged in the business of buying and selling used autos and light trucks.

79.     Plaintiff Graff Chevrolet, with its principal place of business at 1405 E. Main Street, Grand Prairie, Texas, 75070, is engaged in the business of buying and selling used autos and light trucks.

80.     Plaintiff Volkswagen of Salem County, with its principal place of business at 815 Route 40, Monroeville, New Jersey, 08343, is engaged in the business of buying and selling used autos and light trucks.

81.     Plaintiff Montano Motors, Inc. d/b/a Montano Acura, with its principal place of business at 1200 S. Renaissance Boulevard, NE, Albuquerque, New Mexico, 87107, is engaged in the business of buying and selling used autos and light trucks.

82.     Plaintiff Bob Taylor Chevrolet Inc., with its principal place of business at 5665 Airport-Pulling Road North, Naples, Florida, 31409, is engaged in the business of buying and selling used autos and light trucks.

83.     Plaintiff Cash for Cars, with its principal place of business at 1752 Middle Country Road, Centereach, New York, 11720, is engaged in the business of buying and selling used autos and light trucks.

84.      Plaintiff Prestige Motor Works, Inc., with its principal place of business at 11258 South Route 59, Naperville, Illinois, 60564, is engaged in the business of buying and selling used autos and light trucks.

85.      Plaintiff Young Volkswagen, Inc. d/b/a Young Mazda d/b/a Young Nissan, with its principal place of business at 191 Commerce Park Drive, Easton, Pennsylvania, 18045, is engaged in the business of buying and selling used autos and light trucks.

86.      Plaintiff Sam Boswell Motors, Inc. d/b/a Sam Boswell Honda, with its principal place of business at 611 Boll Weevil Circle, Enterprise, Georgia, 36330, is engaged in the business of buying and selling used autos and light trucks.

87.      Plaintiff Han Hol Exports, LTD d/b/a Auto Haus, with its principal place of business at 101 Green Drive, Yorktown, Virginia, 23692, is engaged in the business of buying and selling used autos and light trucks.

88.      Plaintiff National Automotive Group, Inc. d/b/a National Dodge Chrysler Jeep Ram, with its principal place of business at 2223 North Marine Boulevard, Jacksonville, North Carolina, 28546, is engaged in the business of buying and selling used autos and light trucks.

89.      Plaintiff Country Chevrolet-Olds, Inc. d/b/a Country Saab of Orange County, with its principal place of business at 120 S. Main Street, Florida, New York, 10921, is engaged in the business of buying and selling used autos and light trucks.

90.      Plaintiff Kaiser Buick GMC, Inc., with its principal place of business at 1590 South Woodland Boulevard, Deland, Florida, 32720, is engaged in the business of buying and selling used autos and light trucks.

91.     Plaintiff Forman Automotive, Inc. d/b/a United Nissan, with its principal place of business at 3025 East Sahara Avenue, Las Vegas, Nevada, 89104, is engaged in the business of buying and selling used autos and light trucks.

92.     Plaintiff Tustin Import Auto Sales, LLC d/b/a Tustin Nissan, with its principal place of business at 3025 East Sahara Avenue, Las Vegas, Nevada, 89104, is engaged in the business of buying and selling used autos and light trucks.

93.     Plaintiff Corono Import Auto Sales, LLC d/b/a Corona Nissan, with its principal place of business at 3025 East Sahara Avenue, Las Vegas, Nevada, 89104, is engaged in the business of buying and selling used autos and light trucks.

94.     Plaintiff Mission Bay Import Auto Sales LLC d/b/a Pacific Nissan, with its principal place of business at 3025 East Sahara Avenue, Las Vegas, Nevada, is engaged in the business of buying and selling used autos and light trucks.

95.     Plaintiff Crossway Motors II Inc./Crossway Saab, with its principal place of business at 365 River Street, Montpelier, Vermont, 05602, is engaged in the business of buying and selling used autos and light trucks.

96.     Plaintiff Walker Motors, Inc. d/b/a Walker Volkswagen d/b/a Walker Mazda, with its principal place of business at 2287 Berlin State Highway, Berlin, Vermont, 05641, is engaged in the business of buying and selling used autos and light trucks.

97.     Plaintiff Spraddle Creek Auto Sales Two, LLC d/b/a Vista Jeep Chrysler Dodge of Silverthorne d/b/a Vista Subaru of Silverthorne, with its principal place of business at 171 West Ninth Street, Silverthorne, Colorado, 80498, is engaged in the business of buying and selling used autos and light trucks.

98.     Plaintiff NTAN, LLC d/b/a Action Nissan, with its principal place of business at 307 Thompson Lane, Nashville, Tennessee, 37211, is engaged in the business of buying and selling used autos and light trucks.

99.     Plaintiff Gable Dodge Chrysler Jeep, Inc., with its principal place of business at 2444 New York 7, Cobleskill, New York, 12043, is engaged in the business of buying and selling used autos and light trucks.

100.    Plaintiff Apple Ford Lincoln, with its principal place of business at 8800 Stanford Boulevard, Columbia, Maryland, 21045, is engaged in the business of buying and selling used autos and light trucks.

101.    Plaintiff Platinum Volkswagen, LLC, with its principal place of business at 340 W. Old Country Road, Hicksville, New York, 11801, is engaged in the business of buying and selling used autos and light trucks.

102.    Plaintiff Bennett Autoplex d/b/a Bennett Buick GMC, with its principal place of business at 651 S. Ohio Street, Salina, Kansas, 67401, is engaged in the business of buying and selling used autos and light trucks.

103.    Plaintiff Boston's Westminster Motors, Inc., with its principal place of business at 720 William T. Morrissey Boulevard, Dorchester, Massachusetts, 02122, is engaged in the business of buying and selling used autos and light trucks.

104.    Plaintiff Village Motors, Inc. d/b/a Boston Volvo Village, with its principal place of business at 75 N. Beacon Street, Boston, Massachusetts, 02134, is engaged in the business of buying and selling used autos and light trucks.

105.    Plaintiff Village Motor Group, Inc. d/b/a Honda Village, with its principal place of business at 371 Washington Street, Newton, Massachusetts, 02458, is engaged in the business of buying and selling used autos and light trucks.

106.    Plaintiff Village Automotive Group, Inc. d/b/a Cadillac Village, with its principal place of business at 700 Boston-Providence Highway, Norwood, Massachusetts, 02062, is engaged in the business of buying and selling used autos and light trucks.

107.    Plaintiff Village Automotive Group, Inc. d/b/a Saab Village of Norwood, with its principal place of business at 700 Boston-Providence Highway, Norwood, Massachusetts, 02062, is engaged in the business of buying and selling used autos and light trucks.

108.    Plaintiff Village Automotive Group, Inc. d/b/a Hummer Village, with its principal place of business at 700 Boston-Providence Highway, Norwood, Massachusetts 02062, is engaged in the business of buying and selling used autos and light trucks.

109.    Plaintiff Charles River East, Inc. d/b/a Charles River Saab, with its principal place of business at 570 Arsenal Street, Watertown, Massachusetts, 02472, is engaged in the business of buying and selling used autos and light trucks.

110.    Plaintiff Village Imports, Inc. d/b/a Nissan Village, with its principal place of business at 685 S. Washington Street, N. Attleboro, Massachusetts, 02761, is engaged in the business of buying and selling used autos and light trucks.

111.    Plaintiff Village Motors North, Inc. d/b/a Hyundai Village, with its principal place of business at 24 State Avenue, Danvers, Massachusetts, 01923, is engaged in the business of buying and selling used autos and light trucks.

112.    Plaintiff Village Motors North, Inc. d/b/a Volvo Village of Danvers, with its principal place of business at 24 State Avenue, Danvers, Massachusetts, 01923, is engaged in the business of buying and selling used autos and light trucks.

113.    Plaintiff Village Motors South, Inc. d/b/a Volvo Village of Norwell, with its principal place of business at 75 Pond Street, Norwell, Massachusetts, 02061, is engaged in the business of buying and selling used autos and light trucks.

114.    Plaintiff Village Euro Motors Inc. d/b/a Audi Village of Norwell, with its principal place of business at 59 Pond Street, Norwell, Massachusetts, 02061, is engaged in the business of buying and selling used autos and light trucks.

115.    Plaintiff Village Euro Motors, Inc. d/b/a Porsche Village of Norwell, with its principal place of business at 59 Pond Street, Norwell, Massachusetts, 02061, is engaged in the business of buying and selling used autos and light trucks.

116.    Plaintiff Delaware Motor Sales, Inc. d/b/a Delaware Cadillac, with its principal place of business at 1601 Pennsylvania Avenue, Wilmington, Delaware, 19806, is engaged in the business of buying and selling used autos and light trucks.

117.    Plaintiff Delaware Motor Sales, Inc. d/b/a Delaware Subaru, with its principal place of business at 1717 Pennsylvania Avenue, Wilmington, Delaware, 19806, is engaged in the business of buying and selling used autos and light trucks.

118.    Plaintiff Delaware Motor Sales, Inc. d/b/a Kia of Wilmington, with its principal place of business at 1601 Pennsylvania Avenue, Wilmington, Delaware, 19806, is engaged in the business of buying and selling used autos and light trucks.

119.    Plaintiff Delaware Motor Sales, Inc. d/b/a Delaware Saab, with its principal place of business at 1601 Pennsylvania Avenue, Wilmington, Delaware, 19806, is engaged in the business of buying and selling used autos and light trucks.

120.    Plaintiff Towne Buick, Inc. d/b/a Cappellino Buick GMC, with its principal place of business at 5411 Transit Road, Williamsville, New York 14221, is engaged in the business of buying and selling used autos and light trucks.

121.    Plaintiff Niagra Nissan d/b/a Cappellino Nissan, with its principal place of business at 6069 South Transit Road, Lockport, New York, 14094, is engaged in the business of buying and selling used autos and light trucks.

122.    Plaintiff Weymouth Motor Sales, Inc. d/b/a Weymouth Honda, with its principal place of business at 211 Main Street, Weymouth, Massachusetts, 02188, is engaged in the business of buying and selling used autos and light trucks.

123.    Plaintiff Painter Sun Country Mitsubishi, with its principal place of business at 1600 South Hilton Drive, St. George, Utah, 84770, is engaged in the business of buying and selling used autos and light trucks.

124.    Plaintiff Painter Motor Company, with its principal place of business at 1100 North Main Street, Nephi, Utah, 84648, is engaged in the business of buying and selling used autos and light trucks.

125.    Plaintiff Painter Sales & Leasing, with its principal place of business at 1100 North Main Street, Nephi, Utah, 84648, is engaged in the business of buying and selling used autos and light trucks.

126.    Plaintiff Kia Huntington Beach, with its principal place of business at 18835 Beach Boulevard, Huntington Beach, California, 92648, is engaged in the business of buying and selling used autos and light trucks.

127.    Plaintiff Kia Carson, with its principal place of business at 21243 South Avalon Boulevard, Carson, California, 90745, is engaged in the business of buying and selling used autos and light trucks.

128.    Plaintiff Jaremko Nissan, Inc. d/b/a Jaremko Nissan, with its principal place of business at 6901 E. Sprague Avenue, Spokane, Washington, 99212, is engaged in the business of buying and selling used autos and light trucks.

129.    Plaintiff Jaremko Nissan, Inc. d/b/a Jaremko Saab, with its principal place of business at 6711 E. Sprague Avenue, Spokane, Washington, 99212, is engaged in the business of buying and selling used autos and light trucks.

130.    Plaintiff Burns Kull, Inc. d/b/a Burns Honda, with its principal place of business at 325 N. Route 73, Marlton, New Jersey, 08053, is engaged in the business of buying and selling used autos and light trucks.

131.    Plaintiff LK Auto Sales, Inc. d/b/a Toyota & Scion of Vineland, with its principal place of business at 650 N. Delsea Dr., Vineland, New Jersey, 08360, is engaged in the business of buying and selling used autos and light trucks.

132.    Plaintiff RK Chevrolet, Inc. d/b/a RK Chevrolet Kia Subaru, with its principal place of business at 502 N. Delsea Drive, Vineland, New Jersey, 08360, is engaged in the business of buying and selling used autos and light trucks.

133.    Plaintiff Kull Auto Sales, Inc. d/b/a Avalon Honda, with its principal place of business at 100 Avalon Boulevard, Swainton, New Jersey, 08210, is engaged in the business of buying and selling used autos and light trucks.

134.    Plaintiff First AG, Inc. d/b/a First Acura, with its principal place of business at 16 Highland Avenue, Seekonk, Massachusetts, 02771, is engaged in the business of buying and selling used autos and light trucks.

135.    Plaintiff Burns Buick-GMC Inc. d/b/a Burns Hyundai, with its principal place of business at 500 W. Route 70, Marlton, New Jersey, 08053, is engaged in the business of buying and selling used autos and light trucks.

136.    Plaintiff Pioneer Valley Sales & Service, Inc. d/b/a Pioneer Valley Saab, with its principal place of business at 253 Greenfield Rd., South Deerfield, Massachusetts, 01373, is engaged in the business of buying and selling used autos and light trucks.

137.    Plaintiff Infinity of the Palm Beaches, Inc., with its principal place of business at 3101 Okeechobee Boulevard, West Palm Beach, Florida, 33409, is engaged in the business of buying and selling used autos and light trucks.

138.    Plaintiff Schumacher Auto Group, Inc. d/b/a Hummer of the Palm Beaches, with its principal place of business at 3021 Okeechobee Blvd., West Palm Beach, FL, 33409, is engaged in the business of buying and selling used autos and light trucks.

139.    Plaintiff Schumacher Volkswagen, Inc., with its principal place of business at 3011 Okeechobee Blvd., West Palm Beach, Florida, 33409, is engaged in the business of buying and selling used autos and light trucks.

140.    Plaintiff Schumacher Auto Group, Inc. d/b/a Schumacher Subaru-Mitsubishi, with its principal place of business at West Palm Beach, Florida, 33409, is engaged in the business of buying and selling used autos and light trucks.

141.    Plaintiff Ron Currier's Hilltop Chevrolet d/b/a Hilltop Chevrolet, with its principal place of business at 385 State Road 108 Somersworth, New Hampshire, is engaged in the business of buying and selling used autos and light trucks.

142.    Plaintiff Sports Car Centre of Syracuse, Ltd., with its principal place of business at 730 Dartmoor Crossing, Fayetteville, New York, 13066, is engaged in the business of buying and selling used autos and light trucks.

143.    Plaintiff Martin Cadillac Company, Inc. d/b/a Martin Cadillac d/b/a Martin GMC d/b/a Martin Automotive Group, with its principal place of business at 12101 W. Olympic Boulevard, Los Angeles, California, 90064, is engaged in the business of buying and selling used autos and light trucks.

144.    Plaintiff Martin Cadillac Company, Inc. d/b/a Saab of Beverly Hills, with its principal place of business at 12101 w. Olympic Blvd., Los Angeles, 90064, is engaged in the business of buying and selling used autos and light trucks.

145.    Plaintiff DeMontrond Auto Country, Inc. d/b/a DeMontrond Sun Country, with its principal place of business at 888145 South, Conroe, Texas, 77304, is engaged in the business of buying and selling used autos and light trucks.

146.    Plaintiff DeMontrond Automotive Group, Inc. d/b/a DeMontrond Buick GMC, with its principal place of business at 14101 North Freeway, Houston, Texas, 77090, is engaged in the business of buying and selling used autos and light trucks.

147.    Plaintiff DeMontrond Automotive Group, Inc. d/b/a DeMontrond Volvo, with its principal place of business at 14101 North Freeway, Houston, Texas, 77090, is engaged in the business of buying and selling used autos and light trucks.

148.    Plaintiff DeMontrond Automotive Group, Inc. d/b/a DeMontrond Volkswagen, with its principal place of business at 14101 North Freeway, Houston, Texas, 77090, is engaged in the business of buying and selling used autos and light trucks.

149.    Plaintiff DeMontrond Automotive Group, Inc. d/b/a DeMontrond Kia, with its principal place of business at 14101 North Freeway, Houston, Texas, 77090, is engaged in the business of buying and selling used autos and light trucks.

150.    Plaintiff DeMontrond Automotive Group, Inc. d/b/a DeMontrond Saab, with its principal place of business at 14101 Houston, Texas, 77090, is engaged in the business of buying and selling used autos and light trucks.

151.    Plaintiff DeMontrond Automotive Group, Inc. d/b/a DeMontrond Suzuki, with its principal place of business at 14101 North Freeway, Houston, Texas, 77090, is engaged in the business of buying and selling used autos and light trucks.

152.    Plaintiff DeMontrond Motor Corp. d/b/a DeMontrond Chevrolet, with its principal place of business at 3220 Gulf Freeway, Texas City, Texas, 77591, is engaged in the business of buying and selling used autos and light trucks.

153.    Plaintiff DeMontrond Motor Corp. d/b/a DeMontrond Hyundai, with its principal place of business at 3220 Gulf Freeway, Texas City, Texas, 77591, is engaged in the business of buying and selling used autos and light trucks.

154.    Plaintiff DeMontrond, LLC d/b/a DeMontrond Toyota Scion, with its principal place of business at 3260 Gulf Freeway, Texas City, Texas, 77591, is engaged in the business of buying and selling used autos and light trucks.

155.    Plaintiff Hoffman Ford, Inc. d/b/a Hoffman Lincoln, with its principal place of business at 600 Connecticut Boulevard, East Hartford, Connecticut, 06108, is engaged in the business of buying and selling used autos and light trucks.

156.    Plaintiff Hoffman Ford, Inc. d/b/a Hoffman Porsche, with its principal place of business at 630 Connecticut Boulevard, East Hartford, Connecticut, 06018, is engaged in the business of buying and selling used autos and light trucks.

157.    Plaintiff Hoffman of East Hartford, Inc. d/b/a Hoffman Used Car Superstore f/k/a d/b/a Smart Center Hartford, Hoffman Smart f/k/a d/b/a Hoffman H Lot, with its principal place of business at 650 Connecticut Boulevard, East Hartford, Connecticut, 06108, is engaged in the business of buying and selling used autos and light trucks.

158.    Plaintiff Hoffman Ford, Inc. d/b/a Hoffman Audi, with its principal place of business at 700 Connecticut Boulevard, East Hartford, Connecticut, 06108, is engaged in the business of buying and selling used autos and light trucks.

159.    Plaintiff Hoffman of Hartford, Inc. d/b/a Hoffman Lexus, with its principal place of business at 750 Connecticut Blvd., East Hartford, Connecticut, 06108, is engaged in the business of buying and selling used autos and light trucks.

160.    Plaintiff Hoffman Motors of New London, Inc. d/b/a New London Audi, with its principal place of business at 490 Broad Street, New London, Connecticut, 06320, is engaged in the business of buying and selling used autos and light trucks.

161.    Plaintiff Hoffman of Simsbury, Inc. d/b/a Hoffman Honda, with its principal place of business at 40 Albany Turnpike, West Simsbury, Connecticut, 06092, is engaged in the business of buying and selling used autos and light trucks.

162.    Plaintiff Hoffman of West Simsbury, Inc. d/b/a Hoffman Toyota, with its principal place of business at 36 Albany Turnpike, West Simsbury, Connecticut, 06092, is engaged in the business of buying and selling used autos and light trucks.

163.    Plaintiff Hoffman of Albany Turnpike, Inc. d/b/a Hoffman Nissan, with its principal place of business at 44 Albany Turnpike, West Simsbury, Connecticut, 06092, is engaged in the business of buying and selling used autos and light trucks.

164.    Plaintiff Fred Beans Cadillac Oldsmobile Inc. d/b/a Fred Beans Cadillac Buick GMC Saab, with its principal place of business at 841 N. Easton Road, Doylestown, Pennsylvania, 18902, is engaged in the business of buying and selling used autos and light trucks.

165.    Plaintiff Fred Beans Chevrolet Inc. d/b/a Fred Beans Chevrolet, with its principal place of business at 835 N. Easton Road, Doylestown, Pennsylvania, 18902, is engaged in the business of buying and selling used autos and light trucks.

166.    Plaintiff Fred Beans Motors of Doylestown Inc. (Formerly Fred Beans Dodge Inc.) d/b/a Fred Beans Dodge Chrysler Jeep Ram, with its principal place of business at 858 N. Easton Road, Doylestown, Pennsylvania, 18902, is engaged in the business of buying and selling used autos and light trucks.

167.    Plaintiff Fred Beans Ford Inc. d/b/a Fred Beans Ford Lincoln, with its principal place of business at 876 N. Easton Road, Doylestown, Pennsylvania, 18902, is engaged in the business of buying and selling used autos and light trucks.

168.    Plaintiff Fred Beans Ford Inc. d/b/a Fred Beans Hyundai, with its principal place of business at 4465 W. Swamp Road, Doylestown, Pennsylvania, 18902, is engaged in the business of buying and selling used autos and light trucks.

169.    Plaintiff Fred Beans Imports of Doylestown, with its principal place of business at 4469 W. Swamp Road, Doylestown, Pennsylvania, 18902, is engaged in the business of buying and selling used autos and light trucks.

170.    Plaintiff Fred Beans Motors of Doylestown Inc. (Formerly Fred Beans Dodge Inc.) d/b/a Fred Beans Subaru, with its principal place of business at 830 N. Easton Road, Doylestown, Pennsylvania, 18902, is engaged in the business of buying and selling used autos and light trucks.

171.    Plaintiff Fred Beans Motors Inc. d/b/a Fred Beans Mitsubishi, with its principal place of business at 835 N. Easton Road, Doylestown, Pennsylvania, 18902, is engaged in the business of buying and selling used autos and light trucks.

172.    Plaintiff Fred Beans Motors of Flemington, with its principal place of business at 174 Route 202, Flemington, New Jersey, 08822, is engaged in the business of buying and selling used autos and light trucks.

173.    Plaintiff Fred Beans Imports of Flemington, with its principal place of business at 174 Route 202, Flemington, New Jersey, 08822, is engaged in the business of buying and selling used autos and light trucks.

174.    Plaintiff Saturn of Devon d/b/a Fred Beans Volkswagen, with its principal place of business at 315 W. Lancaster Avenue, Devon, Pennsylvania, 19333, is engaged in the business of buying and selling used autos and light trucks.

175.   Plaintiff Fred Beans Ford of West Chester Inc. d/b/a Fred Beans Ford of West Chester, with its principal place of business at 1155 West Chester Pike, West Chester, Pennsylvania, 19382, is engaged in the business of buying and selling used autos and light trucks.

176.   Plaintiff Fred Beans Imports Inc. d/b/a Fred Beans Nissan of Limerick, with its principal place of business at 55 Auto Park Boulevard, Limerick, Pennsylvania, 19468, is engaged in the business of buying and selling used autos and light trucks.

177.   Plaintiff Fred Beans Chevy of Limerick Inc. d/b/a Fred Beans Chevy of Limerick, with its principal place of business at 40 Auto Park Boulevard, Limerick, Pennsylvania, 19468, is engaged in the business of buying and selling used autos and light trucks.

178.   Plaintiff Fred Beans Motors of Limerick Inc. d/b/a Fred Beans Kia of Limerick, with its principal place of business at 22 Auto Park Boulevard, Limerick, Pennsylvania, 19468, is engaged in the business of buying and selling used autos and light trucks.

179.   Plaintiff Fred Beans Ford Boyertown Inc. d/b/a Fred Beans Boyertown, with its principal place of business at 525 Route 100, Boyertown, Pennsylvania, 19512, is engaged in the business of buying and selling used autos and light trucks.

180.   Plaintiff PJ's Auto Ville, Inc., with its principal place of business at 2073 Williston Road, South Burlington, Vermont, 05403, is engaged in the business of buying and selling used autos and light trucks.

181.   Plaintiff Blue Grass Audi, with its principal place of business at 4730 Bowling Boulevard, Louisville, Kentucky, 40207, is engaged in the business of buying and selling used autos and light trucks.

182. Plaintiff Blue Grass Motorsport (Porsche), with its principal place of business at 4720 Bowling Blvd., Louisville, Kentucky, 40207, is engaged in the business of buying and selling used autos and light trucks.

183. Plaintiff Blue Grass Saab, with its principal place of business at 4710 Bowling Boulevard, Louisville, Kentucky, 40207, is engaged in the business of buying and selling used autos and light trucks.

184. Plaintiff Land Rover/Jaguar Louisville, with its principal place of business at 4700 Bowling Boulevard., Louisville, Kentucky, 40207, is engaged in the business of buying and selling used autos and light trucks.

185. Plaintiff Scott Cars, Inc. d/b/a Scott Chevrolet-Cadillac, with its principal place of business at 3333 Lehigh Street, Allentown, Pennsylvania, 18103, is engaged in the business of buying and selling used autos and light trucks.

186. Plaintiff Scott Cars, Inc. d/b/a Scott Mazda, with its principal place of business at 3301 Lehigh Street, Allentown, Pennsylvania, 18103, is engaged in the business of buying and selling used autos and light trucks.

187. Plaintiff Scott Cars, Inc. d/b/a Scott Volvo of Allentown, with its principal place of business at 3209 Lehigh Street, Allentown, Pennsylvania, 18103, is engaged in the business of buying and selling used autos and light trucks.

188. Plaintiff Scott Cars, Inc. d/b/a Scott Saab, with its principal place of business at 3333 Lehigh Street, Allentown, Pennsylvania, 18103, is engaged in the business of buying and selling used autos and light trucks.

189.    Plaintiff TJH Automobile Co., LLC d/b/a Cherry Hill Classic Cars, with its principal place of business at 2000 Route 70, Cherry Hill, New Jersey, 08003, is engaged in the business of buying and selling used autos and light trucks.

190.    Plaintiff Classic Cars Nissan, Inc., with its principal place of business at 1815 Route 28, Mt. Holly, New Jersey, 08060, is engaged in the business of buying and selling used autos and light trucks.

191.    Plaintiff Steve Baldo Chevrolet Olds. Buick Cadillac Inc., with its principal place of business at 11208 Gowanda State Road, North Collins, New York, 14111, is engaged in the business of buying and selling used autos and light trucks.

192.    Plaintiff Steve Baldo Car Care and Resale Center, Inc., with its principal place of business at 11234 Main Street, Clarance, New York, 14031, is engaged in the business of buying and selling used autos and light trucks.

193.    Plaintiff Steve Baldo Ford, Inc., with its principal place of business at 6980 Niagra Falls Boulevard, Niagra Falls, New York, 14304, is engaged in the business of buying and selling used autos and light trucks.

194.    Plaintiff Thompson Sales Co., d/b/a Thompson Buick GMC Cadillac, with its principal place of business at 1555 E. Independence, Springfield, Missouri, is engaged in the business of buying and selling used autos and light trucks.

195.    Plaintiff Courtesy Ford Motors, LLC d/b/a Courtesy Ford, Tom Kelley Ford, with its principal place of business at 1313 S. 13th Street, Decatur, Indiana, is engaged in the business of buying and selling used autos and light trucks.

196.    Plaintiff Kelley Courtesy Motors, LLC d/b/a Courtesy Motors, Tom Kelley Chevrolet Buick, with its principal place of business at 1313 South 13th Street, Decatur, Indiana, 46733, is engaged in the business of buying and selling used autos and light trucks.

197.    Plaintiff Kelley Buick GMC, LLC d/b/a Tom Kelley Chevrolet Buick, with its principal place of business at 633 and 910 Avenue of Autos, Fort Wayne, Indiana, 46804, is engaged in the business of buying and selling used autos and light trucks.

198.    Plaintiff Kelley Cadillac, LLC d/b/a Tom Kelley Cadillac Saab Volvo, with its principal place of business at 811 Avenue of Autos, Fort Wayne, Indiana, 46804, is engaged in the business of buying and selling used autos and light trucks.

199.    Plaintiff Kelley Chevy, LLC d/b/a Kelley Chevrolet, with its principal place of business at 500 East State/5220 Value Drive, Fort Wayne, Indiana, 46808, is engaged in the business of buying and selling used autos and light trucks.

200.    Plaintiff Friendly Ford of Crosby, LLC, with its principal place of business at 2425 Highway 90, Crosby, Texas, 77532, is engaged in the business of buying and selling used autos and light trucks.

201.    Plaintiff Sheehans Buick GMC, Inc., with its principal place of business at 2800 North Federal Highway, Lighthouse Point, Florida, 33064, is engaged in the business of buying and selling used autos and light trucks.

202.    Plaintiff DDS Ent. d/b/a Sunnyvale Volkswagen, with its principal place of business at 1025 E. El Camino Real, Sunnvale, California, 94087, is engaged in the business of buying and selling used autos and light trucks.

203.     Plaintiff Massey Toyota, with its principal place of business at 4760 Highway 70 W., Kinston, North Carolina, 28501, is engaged in the business of buying and selling used autos and light trucks.

204.     Plaintiff Valenti VW-Suzuki, Inc. d/b/a Volkswagen of Old Saybrook, with its principal place of business at 319 Middlesex Turnpike, Old Saybrook, Connecticut, 06475, is engaged in the business of buying and selling used autos and light trucks.

205.     Plaintiff Valenti VW-Suzuki, Inc. d/b/a Volkswagen of Mystic, with its principal place of business at 72 Jerry Brown Road, Mystic, Connecticut, 06355, is engaged in the business of buying and selling used autos and light trucks.

206.     Plaintiff Valenti Subaru Inc., with its principal place of business at 4 Langworthy Road, Westerly, Rhode Island, 02891, is engaged in the business of buying and selling used autos and light trucks.

207.     Plaintiff Valenti's of Westerly d/b/a Valenti Toyota, with its principal place of business at 6 Landworthy Road, Westerly, Rhode Island, 02891, is engaged in the business of buying and selling used autos and light trucks.

208.     Plaintiff Valenti Chrysler-Dodge-Jeep, Inc., with its principal place of business at 72 Jerry Brown Road, P.O. Box 10, Mystic, Connecticut 06355, is engaged in the business of buying and selling used autos and light trucks.

209.     Plaintiff Valenti Ford Inc., with its principal place of business at 72 Jerry Brown Road, P.O. Box 10, Mystic, Connecticut, 06355, is engaged in the business of buying and selling used autos and light trucks.

210.    Plaintiff Bob Valenti Chevrolet, Inc., with its principal place of business at 72 Jerry Brown Road, P.O. Box 10, Mystic, Connecticut, 06355, is engaged in the business of buying and selling used autos and light trucks.

211.    Plaintiff Rafferty Subaru, with its principal place of business at 4700 West Chester Pike, Newtown Square, Pennsylvania, 19073, is engaged in the business of buying and selling used autos and light trucks.

212.    Plaintiff Alfred Stein, Inc./Keystone Motors d/b/a Keystone Volvo of Doylestown, with its principal place of business at 235 South Main Street, Doylestown, Pennsylvania, 18901, is engaged in the business of buying and selling used autos and light trucks.

213.    Plaintiff Alfred Stein, Inc./Keystone Motors d/b/a Keystone Volvo of Berwyn, with its principal place of business at 497 E. Lancaster Avenue, Berwyn, Pennsylvania, is engaged in the business of buying and selling used autos and light trucks.

214.    Plaintiff Euro Performance Cars Inc. d/b/a Audi of Wallingford, with its principal place of business at 800 South Colony Road, Wallingford, Connecticut, 06492, is engaged in the business of buying and selling used autos and light trucks.

215.    Plaintiff Euro Performance Cars Inc. d/b/a Porsche of Wallingford, with its principal place of business at 800 South Colony Road, Wallingford, Connecticut, 06492, is engaged in the business of buying and selling used autos and light trucks.

216.    Plaintiff Valenti Motors Inc. d/b/a Saab, with its principal place of business at 600 Straits Turnpike, Watertown, Connecticut, 06795, is engaged in the business of buying and selling used autos and light trucks.

217.    Plaintiff Valenti Motors Inc. d/b/a Volkswagen, with its principal place of business at 600 Straits Turnpike, Watertown, Connecticut, 06795, is engaged in the business of buying and selling used autos and light trucks.

218.    Plaintiff Valenti Motors Inc. d/b/a Audi, with its principal place of business at 600 Straits Turnpike, Watertown, Connecticut, 06795, is engaged in the business of buying and selling used autos and light trucks.

219.    Plaintiff Euro Performance Cars, Inc. d/b/a Hartford Mitsubishi, with its principal place of business at 77 Liebert Road, Hartford, Connecticut, 06120, is engaged in the business of buying and selling used autos and light trucks.

220.    Plaintiff Euro Performance Cars, Inc. d/b/a Valenti Fiat, with its principal place of business at 77 Liebert Road, Hartford, Connecticut, 06120, is engaged in the business of buying and selling used autos and light trucks.

221.    Plaintiff Euro Performance Cars, Inc. d/b/a Valenti Maserati, with its principal place of business at 77 Liebert Road, Hartford, Connecticut, 06120, is engaged in the business of buying and selling used autos and light trucks.

222.    Plaintiff Euro Performance Cars, Inc. d/b/a Jaguar Hartford, with its principal place of business at 133-149 Liebert Road, Hartford, Connecticut, 06120, is engaged in the business of buying and selling used autos and light trucks.

223.    Plaintiff Euro Performance Cars, Inc. d/b/a Volkswagen of Hartford, with its principal place of business at 133-149 Liebert Road, Hartford, Connecticut, 06120, is engaged in the business of buying and selling used autos and light trucks.

224.    Plaintiff Valenti Cadillac, LLC, with its principal place of business at 99 Liebert Road, Hartford, Connecticut, 06120, is engaged in the business of buying and selling used autos and light trucks.

225.    Plaintiff Lan Lyall Chevrolet Inc., with its principal place of business at 14500 Aurora, Colorado, 80011, is engaged in the business of buying and selling used autos and light trucks.

226.    Plaintiff Land Rover of Pasadena, with its principal place of business at 3475 E. Colorado Boulevard, Pasadena, California, 91107, is engaged in the business of buying and selling used autos and light trucks.

227.    Plaintiff Toyota of Pasadena, with its principal place of business at 3600 E. Foothill Boulevard, Pasadena, California, 91108, is engaged in the business of buying and selling used autos and light trucks.

228.    Plaintiff Symes of Pasadena, with its principal place of business at 3475 E. Colarado Boulevard, Pasadena, California, 91108, is engaged in the business of buying and selling used autos and light trucks.

229.    Plaintiff Tansky Sales, Inc. d/b/a Tansky Sawmill Toyota, with its principal place of business at 6300 Sawmill Road, Dublin, Ohio, 43017, is engaged in the business of buying and selling used autos and light trucks.

230.    Plaintiff El Centro Motors, with its principal place of business at 1520 Ford Drive, El Centro, California, 92243, is engaged in the business of buying and selling used autos and light trucks.

231.    Plaintiff McGraw-Webb Chevrolet Inc., with its principal place of business at 29 Camden Bypass, Camden, Alabama, 36726, is engaged in the business of buying and selling used autos and light trucks.

232.    Plaintiff Curttright Honda, with its principal place of business at 4618 W. Owen K. Garriot Road, Enid, Oklahoma, 73703, is engaged in the business of buying and selling used autos and light trucks.

233.    Plaintiff Pellegrino Chevrolet, with its principal place of business at 1000 Gateway Boulevard, Westville, New Jersey, 08093, is engaged in the business of buying and selling used autos and light trucks.

234.    Plaintiff Pellegrino Chrysler Jeep, with its principal place of business at 241 North Glassboro Road, Woodbury Heights, New Jersey, 08097, is engaged in the business of buying and selling used autos and light trucks.

235.    Plaintiff Pellegrino Buick GMC, with its principal place of business at 815 N. Black Horse Pike, Williamstown, New Jersey, 08094, is engaged in the business of buying and selling used autos and light trucks.

236.    Plaintiff Route 1 Chrysler Dodge Jeep Ram, with its principal place of business at 2700 Brunswike Pike – Route 1, Lawrenceville, New Jersey, 08648, is engaged in the business of buying and selling used autos and light trucks.

237.    Plaintiff New Carlisle Chrysler Jeep Dodge, with its principal place of business at 580 N. Main Street, New Carlisle, Ohio, 45344, is engaged in the business of buying and selling used autos and light trucks.

238.    Plaintiff Hosick Motors, Inc., with its principal place of business at 1213 Sunset Drive, Vandalia, Illinois, 62471, is engaged in the business of buying and selling used autos and light trucks.

239.    Plaintiff Downers Grove Imports LTD d/b/a Pugi Volkswagen, with its principal place of business at 2020 West Ogden, Downers Grove, Illinois, 60515, is engaged in the business of buying and selling used autos and light trucks.

240.    Plaintiff Downers Grove Imports LTD d/b/a Pugi Mazda, with its principal place of business at 1850 West Ogden, Downers Grove, Illinois, 60515, is engaged in the business of buying and selling used autos and light trucks.

241.    Plaintiff Downers Grove Imports LTD d/b/a Pugi Hyundai, with its principal place of business at 1886 West Ogden, Downers Grove, Illinois, 60515, is engaged in the business of buying and selling used autos and light trucks.

242.    Plaintiff Key Chrysler Jeep & Dodge, Inc., with its principal place of business at 2020 N. Detroit Street, Xenia, Ohio, 45385, is engaged in the business of buying and selling used autos and light trucks.

243.    Plaintiff St. Charles Pontiac, Inc. d/b/a Nissan of St. Charles, with its principal place of business at 2535 E. Main Street, St. Charles, Illinois, 60174, is engaged in the business of buying and selling used autos and light trucks.

244.    Plaintiff Capitol Garage Chrysler Dodge Jeep, with its principal place of business at 1520 West Main Street, Willimantic, Connecticut, 06226, is engaged in the business of buying and selling used autos and light trucks.

245.    Plaintiff Garber A, Inc. d/b/a Acura of Rochester, with its principal place of business at 3883 W. Henrietta Road, Rochester, New York, 14623, is engaged in the business of buying and selling used autos and light trucks.

246.    Plaintiff Garber Buick Co., with its principal place of business at 5925 State Street, Saginaw, Michigan, 48603, is engaged in the business of buying and selling used autos and light trucks.

247.    Plaintiff Garber Chevrolet, Inc., with its principal place of business at 1700 N. Saginaw Road, Midland, Michigan, 48640, is engaged in the business of buying and selling used autos and light trucks.

248.    Plaintiff Garber Chevrolet-Buick-Pontiac-GMC, Inc., with its principal place of business at 3340 Highway 17, Green Cove Springs, Florida, 32043, is engaged in the business of buying and selling used autos and light trucks.

249.    Plaintiff Sunrise Chevrolet Inc., with its principal place of business at 414 E. North Avenue, Glendale Heights, Illinois, 60139, is engaged in the business of buying and selling used autos and light trucks.

250.    Plaintiff Garber Buick Pontiac GMC, Inc. d/b/a Doral Buick GMC, with its principal place of business at 8447 NW 12th Street, Miami, Florida, 33126, is engaged in the business of buying and selling used autos and light trucks.

251.    Plaintiff GCDJR, Inc. d/b/a Garber Chrysler Dodge Jeep Ram, with its principal place of business at 5330 Bay Road, Saginaw, Michigan, 48604, is engaged in the business of buying and selling used autos and light trucks.

252.    Plaintiff Garber H, Inc. d/b/a Honda of Rochester, with its principal place of business at 3925 W. Henrietta, Rochester, New York, 14623, is engaged in the business of buying and selling used autos and light trucks.

253.    Plaintiff Garber Delray Inc. d/b/a Delray Buick GMC, with its principal place of business at 2400 Federal Highway, Delray Beach, Florida, 33483, is engaged in the business of buying and selling used autos and light trucks.

254.    Plaintiff Garber Fort Pierce, Inc., with its principal place of business at 5255 S. US Hwy 1, Fort Pierce, Florida, 34982, is engaged in the business of buying and selling used autos and light trucks.

255.    Plaintiff H. W. Hunter, Inc., with its principal place of business at 1130 Auto Mall Drive, Lancaster, California, 93534, is engaged in the business of buying and selling used autos and light trucks.

256.    Plaintiff Schmelz Countryside Volkswagen, with its principal place of business at 1180 Highway 36 East, Maplewood, Minnesota, 55109, is engaged in the business of buying and selling used autos and light trucks.

257.    Plaintiff R.H. Long Automotive Sales, Inc. d/b/a Long Cadillac, with its principal place of business at 218 Turnpike Road, Southborough, Massachusetts, 01772, is engaged in the business of buying and selling used autos and light trucks.

258.    Plaintiff Don Marshall Chrysler Country, Inc., with its principal place of business at 1147 South Highway 27, Somerset, Kentucky, 42501, is engaged in the business of buying and selling used autos and light trucks.

259.    Plaintiff Warren Nissan, LLC d/b/a Don Marshall Nissan, with its principal place of business at 1147 South Highway 27, Somerset, Kentucky, 42501, is engaged in the business of buying and selling used autos and light trucks.

260.    Plaintiff Green Family Stores, Inc. d/b/a Green Toyota, with its principal place of business at 3901 Wabash Avenue, Springfield, Illinois, 62711, is engaged in the business of buying and selling used autos and light trucks.

261.    Plaintiff Green Automotive Limited, Inc. d/b/a Green Dodge Kia Mitsubishi, with its principal place of business at 3801 Wabash Avenue, Springfield, Illinois, 62711, is engaged in the business of buying and selling used autos and light trucks.

262.    Plaintiff Green Chevrolet Buick-GMC Inc. d/b/a Green Chevrolet Buick GMC, with its principal place of business at 1700 W. Morton Road, Jacksonville, Illinois, 62650, is engaged in the business of buying and selling used autos and light trucks.

263.    Plaintiff Green Lincoln Inc., with its principal place of business at 3760 South 6th Street, Springfield, Illinois, 62703, is engaged in the business of buying and selling used autos and light trucks.

264.    Plaintiff Finish Line Ford Inc. d/b/a Green Ford, with its principal place of business at 2211 W. Pioneer Parkway, Peoria, Illinois, 61615, is engaged in the business of buying and selling used autos and light trucks.

265.    Plaintiff Green Chevrolet, Inc. d/b/a Green Chevrolet, with its principal place of business at 8017 N. Knoxville Avenue, Peoria, Illinois, 61615, is engaged in the business of buying and selling used autos and light trucks.

266.    Plaintiff Pitre, Inc. Pitre Buick GMC, with its principal place of business at 9737 Eagle Ranch Road, Albuquerque, New Mexico, 87114, is engaged in the business of buying and selling used autos and light trucks.

267.    Plaintiff Fellah Auto Group d/b/a Fellah Auto Group, with its principal place of business at 1501 Cottman Avenue, Philadelphia, Pennsylvania, 19111, is engaged in the business of buying and selling used autos and light trucks.

268.    Plaintiff Long Subaru, Inc. d/b/a Long Subaru, with its principal place of business at 7 Sutton Road, Webster, Massachusetts, 01570, is engaged in the business of buying and selling used autos and light trucks.

269.    Plaintiff Brown-Daub of Lehigh Valley, Inc. d/b/a Brown-Daub Volvo, with its principal place of business at 4046 Jandy Boulevard, Nazareth, Pennsylvania, 18064, is engaged in the business of buying and selling used autos and light trucks.

270.    Plaintiff Brown-Daub Dodge, Inc. d/b/a Brown-Daub Dodge Chrysler Jeep, with its principal place of business at 4470 Beth-Bath Pike, Bath, Pennsylvania, 18014, is engaged in the business of buying and selling used autos and light trucks.

271.    Plaintiff Brown-Daub Auto Sales, Inc. d/b/a Brown-Daub Kia, with its principal place of business at 3600 William Penn Highway, Easton, Pennsylvania, 18045, is engaged in the business of buying and selling used autos and light trucks.

272.    Plaintiff Brown-Daub, Inc. d/b/a Brown-Daub Chrysler Jeep Dodge, with its principal place of business at 3903 Hecktown Road, Easton Pennsylvania, 18045, is engaged in the business of buying and selling used autos and light trucks.

273.    Plaintiff Solt Chevrolet-Oldsmobile, Inc. d/b/a Brown-Daub Chevrolet of Nazareth, with its principal place of business at 819 Nazareth Pike, Nazareth, Pennsylvania, 18064, is engaged in the business of buying and selling used autos and light trucks.

274.    Plaintiff Thelen, Inc., with its principal place of business at 1112 N. Euclid Avenue, Bay City, Michigan, 48706, is engaged in the business of buying and selling used autos and light trucks.

275.    Plaintiff Springfield Acura, with its principal place of business at 243 Route 22, Springfield, New Jersey, 07081, is engaged in the business of buying and selling used autos and light trucks.

276.    Plaintiff Mayo Autos Inc., with its principal place of business at 7491 Hamilton Boulevard, Trexlertown, Pennsylvania, 18087, is engaged in the business of buying and selling used autos and light trucks.

277.    Plaintiff Sunnyside Automotive Group, LLC d/b/a Sunnyside Honda, with its principal place of business at 7700 Pearl Road, Middleburg Heights, Ohio, 44130, is engaged in the business of buying and selling used autos and light trucks.

278.    Plaintiff Euro-Tech Motor Werks, Inc. d/b/a Euro-Tech Saab, with its principal place of business at 1122 E. Central Avenue, Wichitia, Kansas, 67214, is engaged in the business of buying and selling used autos and light trucks.

279.    Plaintiff Murphy Cadillac, Inc., with its principal place of business at 174 E. Hibiscus Boulevard, Melbourne, Florida, 32901, is engaged in the business of buying and selling used autos and light trucks.

280.     Plaintiff Dani's Auto Sales of Harbison d/b/a Dani's Auto Sales, with its principal place of business at 6450 Harbison Avenue, Philadelphia, Pennsylvania, 19149, is engaged in the business of buying and selling used autos and light trucks.

281.     Plaintiff Mercedes Benz of Rockville Centre, with its principal place of business at 650 Sunrise Highway, Rockville, Centre, New York, 11570, is engaged in the business of buying and selling used autos and light trucks.

282.     Plaintiff J&C Auto Sales Inc., with its principal place of business at 1912 W. Landis Avenue, Vineland, New Jersey, 08360, is engaged in the business of buying and selling used autos and light trucks.

283.     Plaintiff Keene Company Inc. d/b/a Keene Chrysler Dodge Jeep Ram, with its principal place of business at 3707 Norrisville Road, Jarrettsville, Maryland, 21084, is engaged in the business of buying and selling used autos and light trucks.

284.     Plaintiff Gary W. Blake, Inc. d/b/a Gary Blake Saab, with its principal place of business at 58 Portsmouth Avenue, Exeter, New Hampshire, 03833, is engaged in the business of buying and selling used autos and light trucks.

285.     Plaintiff Gary W. Blake, Inc. d/b/a Gary Blake Motorcars, with its principal place of business at 58 Portsmouth Avenue, Exeter, New Hampshire, 03833, is engaged in the business of buying and selling used autos and light trucks.

286.     Plaintiff Beans Class Ford Mercury, Inc. d/b/a New Holland Toyota, with its principal place of business at 524 W. Main Street, New Holland, Pennsylvania, 17557, is engaged in the business of buying and selling used autos and light trucks.

287.     Plaintiff Beans Class Ford Mercury, Inc. d/b/a New Holland Dodge Chrysler Jeep, with its principal place of business at 508 W. Main Street, New Holland, Pennsylvania, 17557, is engaged in the business of buying and selling used autos and light trucks.

288.     Plaintiff Beans Class Ford Mercury, Inc. d/b/a New Holland Ford, with its principal place of business at 508 W. Main Street, New Holland, Pennsylvania, 17557, is engaged in the business of buying and selling used autos and light trucks.

289.     Plaintiff International Motors Ltd., with its principal place of business at 540 S. Washington, Street, Falls Church, Virginia, 22046, is engaged in the business of buying and selling used autos and light trucks.

290.     Plaintiff Highline Imports, LLC, with its principal place of business at 805 Canal Street, Easton, Pennsylvania, 18042, is engaged in the business of buying and selling used autos and light trucks.

291.     Plaintiff Jim Marsh Automotive d/b/a Jim Marsh Kia, with its principal place of business at 8555 W. Centennial Parkway, Las Vegas, Nevada, 89149, is engaged in the business of buying and selling used autos and light trucks.

292.     Plaintiff Ron Bouchard's Chrysler Dodge Ram, LLC: Dodge d/b/a Ron Bouchard's Dodge, with its principal place of business at 288 Lunenburg Street, Fitchburg, Massachusetts, 01420, is engaged in the business of buying and selling used autos and light trucks.

293.     Plaintiff Ron Bouchard's Chrysler Dodge Ram, LLC: Kia d/b/a Ron Bouchard's Dodge, with its principal place of business at 488 Old Union Turnpike, Lancaster, Massachusetts, 01523, is engaged in the business of buying and selling used autos and light trucks.

294.    Plaintiff Ron Bouchard's Auto Sales, Inc.: Honda, with its principal place of business at 500 Old Union Turnpike, Lancaster, Massachusetts, 01523, is engaged in the business of buying and selling used autos and light trucks.

295.    Plaintiff Jim Bishop Chevrolet Buick GMC Inc., with its principal place of business at 118 Highway 43 South, Tuscumbia, Alabama, 35674, is engaged in the business of buying and selling used autos and light trucks.

296.    Plaintiff Kilpatrick Bishop Inc. d/b/a Jim Bishop Toyota, with its principal place of business at 122 Highway 43, Tuscumbia, Alabama, 35674, is engaged in the business of buying and selling used autos and light trucks.

297.    Plaintiff Competition Toyota, with its principal place of business at 910 Middle Country Road, Middle Island, New York, 11953, is engaged in the business of buying and selling used autos and light trucks.

298.    Plaintiff Competition Infinity, with its principal place of business at 601 Middle Country Road, St. James, New York, 11780, is engaged in the business of buying and selling used autos and light trucks.

299.    Plaintiff Competition Imports d/b/a Competition BMW of Smithtown, with its principal place of business at 599 Middle Country Road, St. James, New York, 11780, is engaged in the business of buying and selling used autos and light trucks.

300.    Plaintiff Mike Shaw Automotive d/b/a Mike Shaw Buick GMC, with its principal place of business at 1313 Motor City Drive, Colorado Springs, Colorado, 80905, is engaged in the business of buying and selling used autos and light trucks.

301.    Plaintiff Mike Shaw Automotive d/b/a Fernandez Honda, with its principal place of business at 8015 Interstate 35 S., San Antonio, Texas, 78224, is engaged in the business of buying and selling used autos and light trucks.

302.    Plaintiff Mike Shaw Automotive d/b/a Honda of Slidell, with its principal place of business at 510 E. Howze Beach Road, Sidell, Louisiana, 70461, is engaged in the business of buying and selling used autos and light trucks.

303.    Plaintiff Mike Shaw Automotive d/b/a Mike Shaw Kia, with its principal place of business at Corpus 6802 S. Padre Island Drive, Christi, Texas, 78412, is engaged in the business of buying and selling used autos and light trucks.

304.    Plaintiff Mike Shaw Automotive d/b/a Mike Shaw Toyota Scion, with its principal place of business at 3232 US Highway 77, Corpus Christi, Texas, 78380, is engaged in the business of buying and selling used autos and light trucks.

305.    Plaintiff Mike Shaw Automotive d/b/a Mike Shaw Subaru, with its principal place of business at 1650 W. 104th Avenue, Thorton, Colorado, 80234, is engaged in the business of buying and selling used autos and light trucks.

306.    Plaintiff Dependable Sales and Service Inc., with its principal place of business at 1440 US 1, Vero Beach, Florida, 32960, is engaged in the business of buying and selling used autos and light trucks.

307.    Plaintiff Cerbat Hills Ford Lincoln Mercury, LLC d/b/a Colorado River Ford Lincoln of Kingman, with its principal place of business at, 3601 Stockton Hill Road, Kingman, Arizona, 86409, is engaged in the business of buying and selling used autos and light trucks.

308.    Plaintiff Presidential Leasing Inc. d/b/a Presidential Auto Leasing and Sales, with its principal place of business at 3201 South Federal Highway, Delray Beach, Florida, 33483, is engaged in the business of buying and selling used autos and light trucks.

309.    Plaintiff Mercedes-Benz of Huntington, with its principal place of business at 1103 East Jericho, Huntington, New York, 11743, is engaged in the business of buying and selling used autos and light trucks.

310.    Plaintiff Bryan Chevrolet Inc., with its principal place of business at 8213 Airline Drive, Metairie, Louisiana, 70003, is engaged in the business of buying and selling used autos and light trucks.

311.    Plaintiff Wheeler Oldsmobile – Cadillac, with its principal place of business at 350 Colusa Avenue, Yuba City, California, 95991, is engaged in the business of buying and selling used autos and light trucks.

312.    Fitz Motors, Inc. d/b/a Pueblo Toyota, with its principal place of business at 2125 U.S. Highway 50 West, Pueblo, Colorado, 81008, is engaged in the business of buying and selling used autos and light trucks.

313.    Plaintiff Automobile International Corp. d/b/a Rutland Saab d/b/a Rutland Cadillac, with its principal place of business at 112 Squires Road, North Clarendon, Vermont, 05759, is engaged in the business of buying and selling used autos and light trucks.

314.    Plaintiff C.S.I. Motors, Inc. d/b/a Pueblo Dodge Chrysler Jeep Ram, with its principal place of business at 2147 U.S. Highway 50 West, Pueblo, Colorado, is engaged in the business of buying and selling used autos and light trucks.

315.    Plaintiff Thorpe's GMC Inc., with its principal place of business at P.O. Box 1028 Main Street, Tannersville, New York, 12485, is engaged in the business of buying and selling used autos and light trucks.

316.    Plaintiff Teton Motors, with its principal place of business at Box 1824 1020 W. Broadway, Jackson, Wyoming, 83001, is engaged in the business of buying and selling used autos and light trucks.

317.    Plaintiff Arrow Ford, Inc., with its principal place of business at 4001 S. First Street, Abilene, Texas, 79605, is engaged in the business of buying and selling used autos and light trucks.

318.    Plaintiff Arrow Ford, Inc. d/b/a Arrow Mitsubishi, with its principal place of business at 3995 S. First Street, Abilene, Texas, 79605, is engaged in the business of buying and selling used autos and light trucks.

319.    Plaintiff Nissan North Inc. d/b/a Nissan North, with its principal place of business at 8645 North High Street, Worthington, Ohio, 43085, is engaged in the business of buying and selling used autos and light trucks.

320.    Plaintiff Bolles Motors, Inc., with its principal place of business at 84 West Road, Ellington, Connecticut, 06029, is engaged in the business of buying and selling used autos and light trucks.

321.    Plaintiff Ed Bolles, Enterprises, Inc. d/b/a Bolles Chrysler Dodge Jeep, with its principal place of business at 121 A West Stafford Road, Stafford Springs, Connecticut, 06076, is engaged in the business of buying and selling used autos and light trucks.

322.    Plaintiff Albion Motors Inc. d/b/a Albion Motors, with its principal place of business at 600 North Clark, Albion, Michigan, 49224, is engaged in the business of buying and selling used autos and light trucks.

323.    Plaintiff McDonough, Inc. d/b/a McDonough Toyota & Scion, with its principal place of business at 918 Richmond Avenue, Staunton, Virginia, 24401, is engaged in the business of buying and selling used autos and light trucks.

324.    Plaintiff Jim Cook Chevrolet-Buick GMC Inc., with its principal place of business at 1075 N. Main Street, Marion, North Carolina, 28752, is engaged in the business of buying and selling used autos and light trucks.

325.    Plaintiff Bob Baker Automotive Inc. d/b/a Bob Baker Chrysler Jeep Dodge Ram, with its principal place of business at 5555 Car Country Drive, Carlsbad, California, 92008, is engaged in the business of buying and selling used autos and light trucks.

326.    Plaintiff Bob Baker Automotive Inc. d/b/a Bob Baker Mazda, with its principal place of business at 5365 Car Country Drive, Carlsbad, California, 92008, is engaged in the business of buying and selling used autos and light trucks.

327.    Plaintiff Bob Baker Automotive Inc. d/b/a Bob Baker Fiat, with its principal place of business at 5515 Car Country Drive, Carlsbad, California, 92008, is engaged in the business of buying and selling used autos and light trucks.

328.    Plaintiff Bob Baker Volkswagen d/b/a Bob Baker Volkswagen Subaru, with its principal place of business at 5500 Pasaeo Del Norte, Carlsbad, California, 92008, is engaged in the business of buying and selling used autos and light trucks.

329.    Plaintiff Peterson Japan, LLC d/b/a Peterson Toyota, with its principal place of business at 9101 West Fairview Avenue, Boise, Idaho, 83704, is engaged in the business of buying and selling used autos and light trucks.

330.    Plaintiff Peterson Japan, LLC d/b/a Peterson Lexus, with its principal place of business at 9055 West Fairview Avenue, Boise, Idaho, 83704, is engaged in the business of buying and selling used autos and light trucks.

331.    Plaintiff Peterson Germany, LLC d/b/a Peterson BMW of Boise, with its principal place of business at 9109 West Fairview Avenue, Boise, Idaho, 83704, is engaged in the business of buying and selling used autos and light trucks.

332.    Plaintiff Peterson Detroit, LLC d/b/a Peterson Chevrolet Buick Cadillac, with its principal place of business at 12300 West Fairview Avenue, Boise, Idaho, 83704, is engaged in the business of buying and selling used autos and light trucks.

333.    Peterson's Stampede Dodge Chrysler Jeep, LLC d/b/a Peterson's Stampede Dodge Chrysler Jeep Ram, with its principal place of business at 5801 East Gate Boulevard, Nampa, Idaho, 93687, is engaged in the business of buying and selling used autos and light trucks.

334.    Plaintiff Cobb Auto Sales, Inc. d/b/a C&C Dodge/Toyota, with its principal place of business at 1305 Pike Street, Marietta, OH, 45750, is engaged in the business of buying and selling used autos and light trucks.

335.    Plaintiff Burke Automotive Group, Inc. d/b/a Naperville Chrysler Jeep Dodge Ram, with its principal place of business at 1565 West Ogden Avenue, Naperville, Illinois, 60540, is engaged in the business of buying and selling used autos and light trucks.

336.    Plaintiff Hutcheson Ford Sales, Inc., with its principal place of business at 308 North Outer Road, St. James, Missouri, 65559, is engaged in the business of buying and selling used autos and light trucks.

337.    Plaintiff Motor Mile T LLC, with its principal place of business at 2230 Roanoke Street, Christianburg, Virginia, 24073, is engaged in the business of buying and selling used autos and light trucks.

338.    Plaintiff Motor Mile C LLC, with its principal place of business at 2265 Roanoke Street, Christianburg, Virginia, 24073, is engaged in the business of buying and selling used autos and light trucks.

339.    Plaintiff Reuther Ford, Inc. d/b/a Reuther Ford, with its principal place of business at 1325 McNutt Street, Herculaneum, Missouri, 63048, is engaged in the business of buying and selling used autos and light trucks.

340.    Plaintiff Hadwin-White Buick GMC Inc. d/b/a Hadwin-White Buick GMC Subaru, with its principal place of business at 2325 East Highway 501, Conway, South Carolina, 29526, is engaged in the business of buying and selling used autos and light trucks.

341.    Plaintiff John Watson Chevrolet, Inc., with its principal place of business at 3535 Wall Avenue, Ogden, Utah, 84401, is engaged in the business of buying and selling used autos and light trucks.

342.    Plaintiff Kightlinger Motors Inc., with its principal place of business at 358 Rt. 6 West, Coudersport, Pennsylvania, 16915, is engaged in the business of buying and selling used autos and light trucks.

343.    Plaintiff Ron Tirapelli Ford, with its principal place of business at 4355 W. Jefferson Street, Shorewood, Illinois, 60404, is engaged in the business of buying and selling used autos and light trucks.

344.    Plaintiff Profile Subaru, with its principal place of business at 1323 White Mountain Highway, Albany, New Hampshire, 03818, is engaged in the business of buying and selling used autos and light trucks.

345.    Plaintiff Bird Chevrolet Company Inc., with its principal place of business at 3255 University Avenue, Dubuque, Iowa, 52001, is engaged in the business of buying and selling used autos and light trucks.

346.    Plaintiff CDOHY, Inc., with its principal place of business at 11411 Rockville Pike, Kensington, Maryland, 20895, is engaged in the business of buying and selling used autos and light trucks.

347.    Plaintiff LFO, Inc., with its principal place of business at 11411 Rockville Pike, Kensington, Maryland, 20895, is engaged in the business of buying and selling used autos and light trucks.

348.    Plaintiff Wheaton Motor City, Inc., with its principal place of business at 11411 Rockville Pike, Kensington, Maryland, 20895, is engaged in the business of buying and selling used autos and light trucks.

349.    Plaintiff LCJ, Inc., with its principal place of business at 11411 Rockville Pike, Kensington, Maryland, 20895, is engaged in the business of buying and selling used autos and light trucks.

350.     Plaintiff Fitzgerald Auto Mall, with its principal place of business at 11411 Rockville Pike, Kensington, Maryland, 20895, is engaged in the business of buying and selling used autos and light trucks.

351.     Plaintiff Griffeth Ford Lincoln, with its principal place of business at 16 Access Highway, Caribou, Maine, 04736, is engaged in the business of buying and selling used autos and light trucks.

352.     Plaintiff Griffeth Ford Honda, with its principal place of business at 6 Allen Street, Presque Isle, Maine, 04769, is engaged in the business of buying and selling used autos and light trucks.

353.     Plaintiff McCafferty Ford Sales, Inc. d/b/a McCafferty Ford & Kia of Langhorne, with its principal place of business at 1939 E. Lincoln Highway, Langhorne, Pennsylvania, 19047, is engaged in the business of buying and selling used autos and light trucks.

354.     Plaintiff McCafferty Motors of Mechancisburg Inc d/b/a McCafferty Ford of Mechanicsburg, with its principal place of business at 6320 Carlisle Pike, Mechanicsburg, Pennsylvania, 17050, is engaged in the business of buying and selling used autos and light trucks.

355.     Plaintiff McCafferty Hyundai Sales Inc. d/b/a McCafferty Hyundai Suzuki of Langhorne, with its principal place of business at 1222 E. Lincoln Highway, Langhorne, Pennsylvania, 19047, is engaged in the business of buying and selling used autos and light trucks.

356.     Plaintiff McCafferty Motors of Mechancisburg Inc. d/b/a McCafferty Kia of Mechanicsburg, with its principal place of business at 6320 Carlisle Pike, Mechanicsburg,

Pennsylvania, 17050, is engaged in the business of buying and selling used autos and light trucks.

357.    Plaintiff O'Daniel Automotive, Inc. d/b/a O'Daniel Ford, Inc., with its principal place of business at 631 Lincoln Highway West, West Haven, Indiana, 46774, is engaged in the business of buying and selling used autos and light trucks.

358.    Plaintiff O'Daniel Automotive, Inc. d/b/a O'Daniel Motor Sales, Inc., with its principal place of business at 5611 Illinois Road, Fort Wayne, Indiana, 46804, is engaged in the business of buying and selling used autos and light trucks.

359.    Plaintiff O'Daniel Automotive, Inc. d/b/a O'Daniel Automart, Inc., with its principal place of business at 4200 Illinois Road, Fort Wayne, Indiana, 46804, is engaged in the business of buying and selling used autos and light trucks.

360.    Plaintiff Competition Subaru of Smithtown, with its principal place of business at 463 Middle Country Road, St. James, New York, 11780, is engaged in the business of buying and selling used autos and light trucks.

361.    Plaintiff Mercedes-Benz of Smithtown, with its principal place of business at 630 Middle Country Road, St. James, New York, 11780, is engaged in the business of buying and selling used autos and light trucks.

362.    Plaintiff Reilly Motors Inc., with its principal place of business at 239 East Main Street P.O. Box 747, Wautoma, Wisconsin, 54982, is engaged in the business of buying and selling used autos and light trucks.

363.    Plaintiff Stemak Holdings LTD d/b/a Poway Hyundai, with its principal place of business at 13910 Poway Road, Poway, California, 92064, is engaged in the business of buying and selling used autos and light trucks.

364.     Plaintiff Dempsey Dodge Chrysler Jeep II, Inc., with its principal place of business at 1000 East US Route 34, Plano, Illinois, 60545, is engaged in the business of buying and selling used autos and light trucks.

365.     Plaintiff Capitol Dealerships Inc. d/b/a Capitol Toyota, with its principal place of business at 783 Auto Group Avenue NE, Salem, Oregon, 97301, is engaged in the business of buying and selling used autos and light trucks.

366.     Plaintiff Capitol Chevrolet Cadillac Inc., with its principal place of business at 2855 Maple Avenue NE, Salem, Oregon, 97301, is engaged in the business of buying and selling used autos and light trucks.

367.     Plaintiff Capitol Chevrolet Cadillac Inc. d/b/a Capitol Subaru, with its principal place of business at 3235 Cherry Avenue, NE, Salem, Oregon, 97301, is engaged in the business of buying and selling used autos and light trucks.

368.     Plaintiff Eckert Hyundai, Inc., with its principal place of business at 4011 South 1-35 East, Denton, Texas, 76210, is engaged in the business of buying and selling used autos and light trucks.

369.     Plaintiff Milford Imports Inc. d/b/a Courtney Honda, with its principal place of business at 767 Bridgeport Avenue, Milford, Connecticut, 06460, is engaged in the business of buying and selling used autos and light trucks.

370.     Plaintiff Gordie Boucher Ford of Kenosha, Inc. d/b/a Gordie Boucher Ford, with its principal place of business at 8301 – 75th Street, Kenosha, Wisconsin, 53142, is engaged in the business of buying and selling used autos and light trucks.

371.    Plaintiff Gordie Boucher Ford of West Bend, Inc. d/b/a Gordie Boucher Ford Lincoln of West Bend, with its principal place of business at 8301 – 75th Street, Kenosha, Wisconsin, 53142, is engaged in the business of buying and selling used autos and light trucks.

372.    Plaintiff Gordie Boucher Ford of Menomonee Falls, Inc. d/b/a Gordie Boucher Ford of Menomonee Falls, with its principal place of business at N88 W14300 W. Main Street, Menomonee Falls, Wisconsin, 53501, is engaged in the business of buying and selling used autos and light trucks.

373.    Plaintiff Gordie Boucher Ford Lincoln of Janesville, Inc. d/b/a Gordie Boucher Ford Lincoln Mazda of Janesville, with its principal place of business at 2727 Highway 14, Janesville, Wisconsin, 53545, is engaged in the business of buying and selling used autos and light trucks.

374.    Plaintiff Frank Boucher Chevrolet, Inc. d/b/a Frank Boucher Chevrolet Cadillac, with its principal place of business at 8600 Washington Avenue, Racine, Wisconsin, 53406, is engaged in the business of buying and selling used autos and light trucks.

375.    Plaintiff Boucher Chevrolet, Inc. d/b/a Boucher Chevrolet, with its principal place of business at 1421 E. Moreland Boulevard, Waukesha, Wisconsin, 53186, is engaged in the business of buying and selling used autos and light trucks.

376.    Plaintiff Boucher Ventures, Inc. d/b/a Boucher Cadillac, with its principal place of business at 2145 E. Moreland Boulevard, Waukesha, Wisconsin, 53186, is engaged in the business of buying and selling used autos and light trucks.

377.    Plaintiff Gordie Boucher Lincoln, Inc. d/b/a Gordie Boucher Nissan, with its principal place of business at 4141 South 108th Street, Greenfield, Wisconsin, 53228, is engaged in the business of buying and selling used autos and light trucks.

378.     Plaintiff Boucher Nissan of Waukesha, Inc. d/b/a Boucher Nissan of Waukesha, with its principal place of business at 1451 E. Moreland Boulevard, Waukesha, Wisconsin, 53186, is engaged in the business of buying and selling used autos and light trucks.

379.     Plaintiff Becker Buick GMC, Inc. d/b/a Becker Buick, with its principal place of business at 636 East Sprague Avenue, Spokane, Washington, 99202, is engaged in the business of buying and selling used autos and light trucks.

380.     Plaintiff Betten Chevrolet Inc., with its principal place of business at 2474 Henry Street, Muskegon, Michigan, 49441, is engaged in the business of buying and selling used autos and light trucks.

381.     Plaintiff Route 23 Auto Mall, LLC d/b/a Route 23 Automall, with its principal place of business at 1301 Route 23 South, Butler, New Jersey, 07405, is engaged in the business of buying and selling used autos and light trucks.

382.     Plaintiff Hilton Head Automotive, LLC d/b/a Hilton Head Buick GMC Cadillac, with its principal place of business at 1090 Fording Island Road, Bluffton, South Carolina, 29910, is engaged in the business of buying and selling used autos and light trucks.

383.     Plaintiff Hilton Head Automotive, LLC d/b/a Hilton Head BMW, with its principal place of business at 1230 Fording Island Road, Bluffton, South Carolina, 29910, is engaged in the business of buying and selling used autos and light trucks.

384.     Plaintiff Franklin Sussex Auto Mall, with its principal place of business at 315 State Road 23, Sussex, New Jersey, 07461, is engaged in the business of buying and selling used autos and light trucks.

385.    Plaintiff Dover Dodge, with its principal place of business at 396 Rt. 46, Rockaway, New Jersey, 07866, is engaged in the business of buying and selling used autos and light trucks.

386.    Plaintiff Franklin Sussex Hyundai, with its principal place of business at 2 Walling Avenue, Sussex, New Jersey, 07461, is engaged in the business of buying and selling used autos and light trucks.

387.    Plaintiff Nielsen Dodge, with its principal place of business at 175 Route 10, East Hanover, New Jersey, 07936, is engaged in the business of buying and selling used autos and light trucks.

388.    Plaintiff Major Chrysler Jeep Dodge, Inc., with its principal place of business at 50-30 Northern Boulevard, Long Island City, New York, 11101, is engaged in the business of buying and selling used autos and light trucks.

389.    Plaintiff Harr Motors, Inc., with its principal place of business at 4255 SE 6th Avenue, Aberdeen, South Dakota, 57401, is engaged in the business of buying and selling used autos and light trucks.

390.    Plaintiff Keller Bros. Motor Co., with its principal place of business at 1030 Schaeffer Road, Lebenon, Pennsylvania, 17042, is engaged in the business of buying and selling used autos and light trucks.

391.    Plaintiff Keller Bros. Auto Co., with its principal place of business at 730 South Broad Street, Lititz, Pennsylvania, 17543, is engaged in the business of buying and selling used autos and light trucks.

392.   Plaintiff Keller Bros. Dodge, with its principal place of business at 395 North Broad Street, Lititz, Pennsylvania, 17543, is engaged in the business of buying and selling used autos and light trucks.

393.   Plaintiff Keller Bros. Truck Village, with its principal place of business at 2300 W. Cumberland Street, Lebanon, Pennsylvania, 17042, is engaged in the business of buying and selling used autos and light trucks.

394.   Plaintiff Prestige Motorwerks d/b/a Prestige BMW, with its principal place of business at 985 Route 17 South, Ramsey, New Jersey 07446, is engaged in the business of buying and selling used autos and light trucks.

395.   Plaintiff Prestige of Mahwah d/b/a Prestige MINI, with its principal place of business at 925 Route 17 South, Ramsey, New Jersey, 07446, is engaged in the business of buying and selling used autos and light trucks.

396.   Plaintiff Prestige Motors, Inc. d/b/a Prestige Mercedes-Benz, with its principal place of business at 755 Route 17 South, Paramus, New Jersey, is engaged in the business of buying and selling used autos and light trucks.

397.   Plaintiff Prestige of Ramsey d/b/a Prestige Lexus, with its principal place of business at 1000 Route 17 South, Ramsey, New Jersey, 07446, is engaged in the business of buying and selling used autos and light trucks.

398.   Plaintiff Prestige of Bergen, Inc. d/b/a Prestige Toyota, with its principal place of business at 1096 Route 17 South, Ramsey, New Jersey, 07446, is engaged in the business of buying and selling used autos and light trucks.

399.    Plaintiff Prestige Land Rover Inc. d/b/a Prestige Land Rover Jaguar, with its principal place of business at 401-405 Route 17 South, Paramus, New Jersey, 07446, is engaged in the business of buying and selling used autos and light trucks.

400.    Plaintiff 3GEN, LLC d/b/a Prestige Volkswagen of Stamford, with its principal place of business at 42 West Broad Street, Stamford, Connecticut, 06902, is engaged in the business of buying and selling used autos and light trucks.

401.    Plaintiff AMR Holdings d/b/a Prime Subaru, with its principal place of business at 193 Lowell Road, Hudson, New Hampshire, 03051, is engaged in the business of buying and selling used autos and light trucks.

402.    Plaintiff AMR Holdings d/b/a Prime Toyota, with its principal place of business at 7 Old Union Pike, Lancaster, Massachusetts, 01523, is engaged in the business of buying and selling used autos and light trucks.

403.    Plaintiff AMR Holdings d/b/a Prime Ford, with its principal place of business at 780 Washington Street, Auburn, New Hampshire, 01501, is engaged in the business of buying and selling used autos and light trucks.

404.    Plaintiff AMR Holdings d/b/a Mercedes Benz of Hanover, with its principal place of business at 193 Lowell Road, Hudson, New Hampshire, 03051, is engaged in the business of buying and selling used autos and light trucks.

405.    Plaintiff PRDR Inc. d/b/a Fairless Motors, with its principal place of business at 435 Lincoln Highway, Fairless Hills, Pennsylvania, 19030, is engaged in the business of buying and selling used autos and light trucks.

406.    Plaintiff R.L.R.J.B. Enterprises Inc. d/b/a Honda of Kingston, with its principal place of business at 708 Broadway, Kingston, New York, 12401, is engaged in the business of buying and selling used autos and light trucks.

407.    Plaintiff Coy's Car Corner, Inc. d/b/a Lincoln/Chrysler Dodge Jeep, with its principal place of business at 103 Taylor Court, Lincoln, Illinois, 62656, is engaged in the business of buying and selling used autos and light trucks.

408.    Plaintiff Somerset Chrysler Jeep Dodge, with its principal place of business at 1491 Brayton Road, Somerset, Massachusetts, 02725, is engaged in the business of buying and selling used autos and light trucks.

409.    Plaintiff Gregoris Motors, Inc., with its principal place of business at 555 West Merrick Raod, Valley Stream, New York, 11580, is engaged in the business of buying and selling used autos and light trucks.

410.    Plaintiff Larson Motors Inc. d/b/a Audi of Tacoma, with its principal place of business at 1701 "B" Alexander Avenue East, Fife, Washington, 98424, is engaged in the business of buying and selling used autos and light trucks.

411.    Plaintiff Larson Motors Inc. d/b/a Mercedes Benz of Tacoma, with its principal place of business at 1701 "C" Alexander Avenue East, Fife, Washington, 98424, is engaged in the business of buying and selling used autos and light trucks.

412.    Plaintiff Larson Motors Inc. d/b/a Larson Cadillac, with its principal place of business at 6411 20th Street East, Fife, Washington, 98424, is engaged in the business of buying and selling used autos and light trucks.

413.     Plaintiff Larson Motors Inc. d/b/a Larson Chrysler Jeep Dodge Ram, with its principal place of business at 2001 North Meridian, Puyallup, Washington, 98371, is engaged in the business of buying and selling used autos and light trucks.

414.     Plaintiff The Larson Automotive Group Inc. d/b/a Toyota of Tacoma, with its principal place of business at 7815 South Tacoma Way, Tacoma, Washington, 98409, is engaged in the business of buying and selling used autos and light trucks.

415.     Plaintiff Larson Motors, Inc. d/b/a Volkswagen of Tacoma, with its principal place of business at 7633 South Tacoma Way, Tacoma, Washington, 98409, is engaged in the business of buying and selling used autos and light trucks.

416.     Plaintiff Larson Motors Inc. d/b/a Larson Hyundai, with its principal place of business at 7601 South Tacoma Way, Tacoma, Washington, 98409, is engaged in the business of buying and selling used autos and light trucks.

417.     Plaintiff Sam Stevens Motors, Inc., with its principal place of business at 100 Highway 6N, Amory, Mississippi, 38821, is engaged in the business of buying and selling used autos and light trucks.

418.     Plaintiff O'Neil Buick, Inc. d/b/a O'Neil Buick GMC, with its principal place of business at 869 West Street Road, Warminster, Pennsylvania, 18974, is engaged in the business of buying and selling used autos and light trucks.

419.     Plaintiff Drew Ford, with its principal place of business at 8970 La Mesa Boulevard, La Mesa, California, 91942, is engaged in the business of buying and selling used autos and light trucks.

420.     Plaintiff Pete Mankins Inc., with its principal place of business at 3707 Summerhill Road, Texarkana, Texas, 75503, is engaged in the business of buying and selling used autos and light trucks.

421.     Plaintiff Royal Gate, Inc. (Ellisville, Missouri location), with its principal place of business at 15502 Manchester Road, Ellisville, Missouri, 63011, is engaged in the business of buying and selling used autos and light trucks.

422.     Plaintiff Royal Gate Automotive Group, Inc. (Columbia, Illinois location), with its principal place of business at 500 Admiral Weinel Boulevard, Columbia, Illinois, 62236, is engaged in the business of buying and selling used autos and light trucks.

423.     Plaintiff Cabol Inc. d/b/a Huebner Chevrolet Subaru, with its principal place of business at 1155 Canton Road NW, Carrollton, Ohio, 44615, is engaged in the business of buying and selling used autos and light trucks.

424.     Plaintiff Allen Gwynn Chevrolet Inc., with its principal place of business at 1400 South Brand Boulevard, Glendale, California, 91204, is engaged in the business of buying and selling used autos and light trucks.

425.     Plaintiff Bob Pforte Motors, Inc., with its principal place of business at 4214 Lafayette Street, Marianna, Florida, 32446, is engaged in the business of buying and selling used autos and light trucks.

426.     Plaintiff Redbank Chevrolet Inc., with its principal place of business at 500 Broad Street, New Bethlehem, Pennsylvania, 16242, is engaged in the business of buying and selling used autos and light trucks.

427.   Plaintiff AFGI, LLC d/b/a Anderson Auto group of Grand Island, with its principal place of business at 120 Diers Avenue, Grand Island, Nebraska, 68803, is engaged in the business of buying and selling used autos and light trucks.

428.   Plaintiff AFL, LLC d/b/a Anderson Ford Lincoln of Lincoln, with its principal place of business at 2500 Wildcat Drive, Lincoln, Nebraska, 68521, is engaged in the business of buying and selling used autos and light trucks.

429.   Plaintiff MFL, LLC d/b/a Anderson Mazda, with its principal place of business at 3201 Yankee Hill Road, Lincoln, Nebraska, 68521, is engaged in the business of buying and selling used autos and light trucks.

430.   Plaintiff AFSJ, LLC d/b/a Anderson Ford of Saint Joseph, with its principal place of business at 2207 North Belt Highway, Saint Joseph, Missouri, 64506, is engaged in the business of buying and selling used autos and light trucks.

431.   Plaintiff AFSJ, LLC d/b/a Anderson Kia Mitsubishi, with its principal place of business at 806 South Belt Highway, Saint Joseph, Missouri, 64506, is engaged in the business of buying and selling used autos and light trucks.

432.   Plaintiffs Cutrubus Motors, Inc. d/b/a Rocky Mountain Rides AND PH Investments, LLC d/b/a Cutrubus Cadillac, with its principal place of business at Ogden, Utah, 84405, is engaged in the business of buying and selling used autos and light trucks.

433.   Plaintiff PHD Motors Inc. d/b/a Freeway Mazda, with its principal place of business at 843 W. Riverdale Road, Ogden, Utah, 84405, is engaged in the business of buying and selling used autos and light trucks.

434.    Plaintiff Cutrubus Motors, Inc. d/b/a Wasatch Front Kia, with its principal place of business at 895 W. Riverdale Road, Ogden, Utah, 84405, is engaged in the business of buying and selling used autos and light trucks.

435.    Plaintiff Layton Dodge Inc. d/b/a Layton Hills Chrylser Dodge Jeep Ram, with its principal place of business at 1234 N. Main, Layton, Utah, 84041, is engaged in the business of buying and selling used autos and light trucks.

436.    Plaintiff Colonial Motorcars, LTD d/b/a Colonial Subaru, with its principal place of business at 761 East Chester Street, Kingston, New York, 12401, is engaged in the business of buying and selling used autos and light trucks.

437.    Plaintiff Sendell Motors, Inc., with its principal place of business at 5079 State Route 30, Greensburg, Pennsylvania, 15601, is engaged in the business of buying and selling used autos and light trucks.

438.    Plaintiff St. Helens Auto Center Inc., with its principal place of business at 57895 South Columbia River Highway, Warren, Oregon, 97053, is engaged in the business of buying and selling used autos and light trucks.

439.    Plaintiff TTV Motors Inc. d/b/a Bill Kidd's Toyota Volvo Scion, with its principal place of business at 10401 York Road, Cockeysville, Maryland, 21030, is engaged in the business of buying and selling used autos and light trucks.

440.    Plaintiff Valley Motors Inc., with its principal place of business at 9800 York Road, Cockeysville, Maryland, 21030, is engaged in the business of buying and selling used autos and light trucks.

441.   Plaintiff John Amato Hyundai Inc., with its principal place of business at 8301 North 76th Street, Milwaukee, Wisconsin, 53223, is engaged in the business of buying and selling used autos and light trucks.

442.   Plaintiff John Amato Nissan Inc., with its principal place of business at 5200 North Port Washington Road, Glendale, Wisconsin, 53217, is engaged in the business of buying and selling used autos and light trucks.

443.   Plaintiff John Amato Ford, with its principal place of business at 1015 South Main Street, Mukwonago, Wisconsin, 53149, is engaged in the business of buying and selling used autos and light trucks.

444.   Plaintiff Jerry Damson Inc. d/b/a Jerry Damson Honda, with its principal place of business at 2200 Bob Wallace Avenue, Huntsville, Alabama, 35805, is engaged in the business of buying and selling used autos and light trucks.

445.   Plaintiff Jerry Damson Inc. d/b/a Jerry Damson Acura, with its principal place of business at 2402 Leeman Ferry Road, Huntsville, Alabama, 35805, is engaged in the business of buying and selling used autos and light trucks.

446.   Plaintiff Eleven, Inc. d/b/a Honda of Decatur, with its principal place of business at 735 Beltline Road, Decatur, Alabama, 35601, is engaged in the business of buying and selling used autos and light trucks.

447.   Plaintiff Twenty-Two Inc. d/b/a Jerry Damson Honda Florence, with its principal place of business at 250 Cox Creek Parkway, Florence, Alabama, 35630, is engaged in the business of buying and selling used autos and light trucks.

448.    Plaintiff Jerry Damson Nissan, LLC d/b/a Jerry Damson Nissan, with its principal place of business at 248 Cox Creek Parkway, Florence, Alabama, 35630, is engaged in the business of buying and selling used autos and light trucks.

449.    Plaintiff Saratoga Motors, Inc. d/b/a Saratoga Honda, with its principal place of business at 3402 Route 9, Saratoga, New York, 12866, is engaged in the business of buying and selling used autos and light trucks.

450.    Plaintiff Bill Wright Inc. d/b/a Bill Wright Toyota, with its principal place of business at 5100 Gasoline Alley Drive, Bakersfield, California, 93313, is engaged in the business of buying and selling used autos and light trucks.

451.    Plaintiff Downs North Bakersfield Inc. d/b/a North Bakersfield Toyota, with its principal place of business at 19651 Industry Parkway Drive, Bakersfield, California, 93313, is engaged in the business of buying and selling used autos and light trucks.

452.    Plaintiff Bob Steele Chevrolet Inc., with its principal place of business at 2800 W. King Street, Cocoa, Florida, 32926, is engaged in the business of buying and selling used autos and light trucks.

453.    Plaintiff Central Chevrolet Inc., with its principal place of business at 675 Memorial Avenue, West Springfield, Massachusetts, 1089, is engaged in the business of buying and selling used autos and light trucks.

454.    Plaintiff Northeast Motors, Inc. d/b/a Northeast Acura, with its principal place of business at 942 Loudon Road, Latham, New York, 12110, is engaged in the business of buying and selling used autos and light trucks.

455.     Plaintiff Thornhill Superstone Inc., with its principal place of business at P.O. Box 4454, Chapmanville, West Virginia, 25508, is engaged in the business of buying and selling used autos and light trucks.

456.     Plaintiff Thornhill Group Inc., with its principal place of business at P.O. Box 1449, Chapmanville, West Virginia, 25508, is engaged in the business of buying and selling used autos and light trucks.

457.     Plaintiff Larry Dimmitt Cadillac, Inc., with its principal place of business at 25191 US Highway 19N, Clearwater, Florida, 33763, is engaged in the business of buying and selling used autos and light trucks.

458.     Plaintiff Dew Cadillac Inc., with its principal place of business at 3333 Gandy Boulevard, Pinellas Park, Florida, 33781, is engaged in the business of buying and selling used autos and light trucks.

459.     Plaintiff Greenfield Pontiac Buick GMC, Inc. d/b/a John Paul's Buick GMC, with its principal place of business at 3614 South 108 Street, Milwaukee, Wisconsin, 53228, is engaged in the business of buying and selling used autos and light trucks.

460.     Plaintiff O'Daniel Motor Center, Inc. d/b/a O'Daniel Honda, with its principal place of business at 123 Beverly Drive, Omaha, Nebraska, 68114, is engaged in the business of buying and selling used autos and light trucks.

461.     Plaintiff Hutchins Imports, Inc. d/b/a O'Connor Volkswagen, with its principal place of business at 188 Riverside Drive, Augusta, Maine, 04330, is engaged in the business of buying and selling used autos and light trucks.

462.     Plaintiff Hoover Automotive, LLC d/b/a Hoover Dodge Chrysler Jeep of Summerville, LLC, with its principal place of business at 195 Marymeade Drive, Summerville,

South Carolina, 29483, is engaged in the business of buying and selling used autos and light trucks.

463.     Plaintiff Hoover Motors, Inc. d/b/a Hoover Chrysler Dodge Jeep, Inc., with its principal place of business at 325 N. Highway, 52, Moncks Corner, South Caorlina 29461, is engaged in the business of buying and selling used autos and light trucks.

464.     Plaintiff Hoover the Mover Pre-Owned Supercenter, LLC d/b/a Hoover Mitsubishi, with its principal place of business at 2250 Savannah Highway, Charleston, South Carolina, 29414, is engaged in the business of buying and selling used autos and light trucks.

465.     Plaintiff Sandy Sansing Chevrolet, Inc., with its principal place of business at 6200 Pensacola Boulevard, Pensacola, Florida, 32505, is engaged in the business of buying and selling used autos and light trucks.

466.     Plaintiff Thielen Motors Inc., with its principal place of business at 909 1st Street E. P.O. Box 73, Park Rapids, Minnesota, 56470, is engaged in the business of buying and selling used autos and light trucks.

467.     Plaintiff Wilkins Buick Inc., with its principal place of business at 6913 Ritchie Highway, Glen Burnie, Maryland, 21061, is engaged in the business of buying and selling used autos and light trucks.

468.     Plaintiff EFN Investments, LLC d/b/a Napelton's Kia, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois 60559, is engaged in the business of buying and selling used autos and light trucks.

469.     Plaintiff EFN Investments, LLC d/b/a Napelton's Nissan, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

470.     Plaintiff Ed Napleton Elmhurst Imports, Inc. d/b/a Ed Napleton Acura, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

471.     Plaintiff Ed Napleton Elmhurst Imports, Inc. d/b/a Napleton's Kia of Elmhurst, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

472.     Plaintiff Napleton Enterprises, LLC d/b/a South Orlando Chrysler Dodge Jeep Ram, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

473.     Plaintiff EFN West Palm Motor Sales, LLC d/b/a Napleton's Hyundai, with its principal place of business at 1E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

474.     Plaintiff River Oaks Imports, Inc. d/b/a River Oaks Honda, Napleton River Oaks Hyundai, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

475.     Plaintiff Ed Napleton Calumet City Imports, Inc. d/b/a Napleton River Oaks Kia, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

476.     Plaintiff River Oaks Imports, Inc. d/b/a River Oaks Honda, Napleton River Oaks Honda, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

477.     Ed Napleton Oak Lawn Imports, Inc. d/b/a Ed Napleton Honda, Ed Napleton Honda of Oak Lawn, with its principal place of business at 1 E Oak Hill Drive, Suite 100,

Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

478.    Plaintiff Ed Napleton St Louis Imports, Inc. d/b/a Ed Napleton Honda, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

479.    Plaintiff Ed Napleton Westmont Imports, Inc. d/b/a Napleton's Porsche of Westmont, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

480.    Plaintiff Napleton's Palm Beach Imports, LLC d/b/a Napleton's Palm Beach Acura, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

481.    Plaintiff Clermont Motors, LLC d/b/a Clermont Chrysler Dodge Jeep Ram, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

482.    Plaintiff Napleton's Arlington Heights Motors, Inc. d/b/a Napleton's Arlington Heights Chrysler Dodge Jeep Ram, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

483.    Plaintiff Napleton's River Oaks Motors, Inc. d/b/a Napleton's River Oaks Chrysler Dodge Jeep Ram, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

484.    Plaintiff North Palm Hyundai, LLC Napleton's North Palm Hyundai, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

485.    Plaintiff Napleton's Tallahassee Imports, LLC d/b/a Napleon's Infiniti of Tallahassee, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

486.    Plaintiff Napleton's North Palm Auto Park, Inc. d/b/a Napleton's Northlake Auto Park, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

487.    Plaintiff Napleton's Goldcoast Imports, Inc. d/b/a Napleton's Aston Martin of Chicago Location, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

488.    Plaintiff Napleton's Goldcoast Imports, Inc. d/b/a Napleton's Aston Martin of Chicago Downers Grove Location, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

489.    Plaintiff Napleton Aurora Imports, Inc. d/b/a Napleton's Valley Hyundai, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

490.    Plaintiff Napleton's Ellwood Motors, Inc. d/b/a Napleton's Ellwood Chrysler Dodge Jeep Ram, with its principal place of business at 1 E Oak Hill Drive, Suite 100,

Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

491.    Plaintiff Napleton's Mid Rivers Motors, Inc. d/b/a Napleton's Mid Rivers Chrysler Dodge Jeep Ram, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

492.    Plaintiff Napletons's Mid Rivers Imports, Inc. d/b/a Napleton's Mid Rivers Kia, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

493.    Plaintiff Napleton's Orlando Imports, LLC d/b/a Napleton's Volkswagen of Orlando, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

494.    Plaintiff Napleton Sanford Imports, LLC d/b/a Napleton's Volkswagen of Sanford, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

495.    Plaintiff Victor Koenig, Inc. d/b/a Vic Koenig Chevrolet, with its principal place of business at 1 E Oak Hill Drive, Suite 100, Westmont, Illinois, 60559, is engaged in the business of buying and selling used autos and light trucks.

496.    Plaintiff Roger Beasley Imports, Inc. d/b/a Mazda South, with its principal place of business at 4506 South IH 35, Austin, Texas, 78745, is engaged in the business of buying and selling used autos and light trucks.

497.    Plaintiff Roger Beasley Imports, Inc. d/b/a Roger Beasley Hyundai, with its principal place of business at 24795 Interstate 35, Kyle, Texas, 78640, is engaged in the business of buying and selling used autos and light trucks.

498.    Plaintiff Roger Beasley Mazda, Inc. Roger Beasley Mazda Central, with its principal place of business at 6825 Burnet Road, Austin, Texas 78757, is engaged in the business of buying and selling used autos and light trucks.

499.    Plaintiff Autogroup Premier, Inc., with its principal place of business at 7551 Interstate 35, Georgetown, Texas, 78626, is engaged in the business of buying and selling used autos and light trucks.

500.    Plaintiff Gary Crossley Ford Inc., with its principal place of business at 8050 N. Church Road, Kansas City, Missouri, 64158, is engaged in the business of buying and selling used autos and light trucks.

501.    Plaintiff Johnson Ford, Inc. d/b/a Antelope Valley Ford, with its principal place of business at 1155 Auto Mall Drive, Lancaster, California, 93534, is engaged in the business of buying and selling used autos and light trucks.

502.    Plaintiff Wilson Imports Inc. d/b/a Wilson Motors & Wilson Toyota, with its principal place of business at 1100 Iowa Street, Bellingham, Washington, 98225, is engaged in the business of buying and selling used autos and light trucks.

503.    Plaintiff Infiniti of Modesto, with its principal place of business at 4130 McHenry Avenue, Modesto, California, 95356, is engaged in the business of buying and selling used autos and light trucks.

504.    Plaintiff Central Valley Automotive Inc. d/b/a Central Valley Chrysler Jeep Dodge, with its principal place of business at 4460 McHenry Avenue, Modesto, California, 95356, is engaged in the business of buying and selling used autos and light trucks.

505.    Plaintiff Central Valley Automotive Inc. d/b/a Central Valley Nissan, with its principal place of business at 4530 McHenry Avenue, Modesto, California, 95356, is engaged in the business of buying and selling used autos and light trucks.

506.    Plaintiff Central Valley Automotive Inc. d/b/a Central Valley Volkswagen Hyundai, with its principal place of business at 4620 McHenry Avenue, Modesto, California, 95356, is engaged in the business of buying and selling used autos and light trucks.

507.    Plaintiff Chris The Crazy Trader, Inc. d/b/a Christopher's Dodge World, Inc., with its principal place of business at 16655 West Colfax Avenue, Golden, Colorado, 80401, is engaged in the business of buying and selling used autos and light trucks.

508.    Plaintiff Grubbs Nissan Mid-Cities, Ltd., with its principal place of business at 310 Airport Freeway, Bedford, Texas, 76022, is engaged in the business of buying and selling used autos and light trucks.

509.    Plaintiff Longmont Ford Inc., with its principal place of business at 235 Alpine Street, Longmont, Colorado, 80501, is engaged in the business of buying and selling used autos and light trucks.

510.    Plaintiff Don Jacobs Motors, Inc. d/b/a Don Jacobs Toyota, with its principal place of business at 5727 S. 27th Street, Milwaukee, Wisconsin, 53221, is engaged in the business of buying and selling used autos and light trucks.

511.    Plaintiff Chevrolet 21 Inc., with its principal place of business at 1100 Hellertown Road, Bethlehem, Pennsylvania, 18015, is engaged in the business of buying and selling used autos and light trucks.

512.    Plaintiff Bedard Brothers Auto Sales, Inc. d/b/a Bedard Brothers Honda, with its principal place of business at 391 South State Road, Cheshire, Massachusetts, 01225, is engaged in the business of buying and selling used autos and light trucks.

513.    Plaintiff Bedard Brothers Auto Sales, Inc. d/b/a Bedard Brothers Volvo, with its principal place of business at 395 South State Road, Cheshire, Massachusetts, 01225, is engaged in the business of buying and selling used autos and light trucks.

514.    Plaintiff Bedard Brothers Auto Sales, Inc. d/b/a Bedard Brothers Chrysler Jeep Dodge Ram, with its principal place of business at 452 South State Road, Cheshire, Massachusetts, 01225, is engaged in the business of buying and selling used autos and light trucks.

515.    Plaintiff LRB Auto Sales, Inc. d/b/a Bedard Brothers Chevrolet, with its principal place of business at 393 South State Road, Cheshire, Massachusetts, 01225, is engaged in the business of buying and selling used autos and light trucks.

516.    Plaintiff TMRF LLC d/b/a Columbine Ford, with its principal place of business at 2728 Railroad Avenue, Rifle, Colorado, 80501, is engaged in the business of buying and selling used autos and light trucks.

517.    Plaintiff Wolf's Interstate Leasing & Sales, LLC, with its principal place of business at 4855 Miller Street, Wheat Ridge, Colorado, 80033, is engaged in the business of buying and selling used autos and light trucks.

518.    Plaintiff Wolfs at Laramie, with its principal place of business at 969 N. 3rd Street, St. Laramie, Wyoming, 82072, is engaged in the business of buying and selling used autos and light trucks.

519.    Plaintiff Wolf Pinedale Dodge, LLC, with its principal place of business at 1426 Elk Street, Rock Springs, Wyoming, 82901, is engaged in the business of buying and selling used autos and light trucks.

520.    Plaintiff Wolf Pinedale Dodge, LLC d/b/a Wolf Pinedale Dodge, with its principal place of business at 153 S. Entertainment Lane, Pinedale, Wyoming, 80033, is engaged in the business of buying and selling used autos and light trucks.

521.    Plaintiff Wolf's Whitehall Ford, LLC is, with its principal place of business at 310 E. Legion Street, Whitehall, Montana, 59759, is engaged in the business of buying and selling used autos and light trucks.

522.    Plaintiff Wolf's Whitehall Ford, LLC d/b/a Wolf Auto Center, with its principal place of business at 170 Travis Way, Manhattan, Montana, 59759, is engaged in the business of buying and selling used autos and light trucks.

523.    Plaintiff Wolf Auto Group, LLC d/b/a Wolf Jackson Chrysler Dodge Jeep, with its principal place of business at 920 W. Broadway Avenue, Jackson, Wyoming, 83001, is engaged in the business of buying and selling used autos and light trucks.

524.    Plaintiff Wold Auto Group, LLC d/b/a Wolf Jackson Chrysler Dodge Jeep, with its principal place of business at 1330 S. Highway 89, Jackson, Wyoming, 83001, is engaged in the business of buying and selling used autos and light trucks.

525.    Plaintiff Marstaller Motors, Inc., with its principal place of business at 1601 S. Valley Mills Drive, Waco, Texas, 76706, is engaged in the business of buying and selling used autos and light trucks.

526.    Plaintiff TC Jeep Inc. d/b/a Town and Country Jeep Chrysler Dodge, with its principal places of business at 3200 Hempstead Turnpike, Levittown, New York, 11756, is engaged in the business of buying and selling used autos and light trucks.

527.    Plaintiff Northshore Honda, with its principal place of business at 611 Glen Cove Road, Glen Head, New York, 11545, is engaged in the business of buying and selling used autos and light trucks.

528.    Plaintiff MB Motorsports, with its principal place of business at 3949 Route 33, Tinton Falls, New Jersey, 07753, is engaged in the business of buying and selling used autos and light trucks.

529.    Plaintiff Mel Grata Chevrolet Inc. d/b/a Mel Grata Chevrolet Toyota, with its principal place of business at 2757 East State Street, Hermitage, Pennsylvania, 16148, is engaged in the business of buying and selling used autos and light trucks.

530.    Plaintiff Mel Grata Chevrolet Inc. d/b/a Mel Grata Chevrolet Toyota, with its principal place of business at 2849 East State Street, Hermitage, Pennsylvania 16148, is engaged in the business of buying and selling used autos and light trucks.

531.    Plaintiff Security Auto Sales, Inc. d/b/a Security Dodge Chrysler Jeep Ram, with its principal place of business at 345 Merrick Road, Amityville, New York, 11701, is engaged in the business of buying and selling used autos and light trucks.

532.    Plaintiff Freysinger Pontiac GMC Buick, Inc. d/b/a Freysinger Buick GMC*, with its principal place of business at 6251 Carlisle Pike, Mechanicsburg, Pennsylvania, 17050, is engaged in the business of buying and selling used autos and light trucks.

533.    Plaintiff Freysinger Pontiac GMC Buick, Inc. d/b/a Freysinger Mazda Hyundai, with its principal place of business at 6115 Carlisle Pike, Mechanicsburg, Pennsylvania, 17050, is engaged in the business of buying and selling used autos and light trucks.

534.    Plaintiff Jackson Chevrolet Co., with its principal place of business at 391 Route 22 East, Springfield, New Jersey, 07081, is engaged in the business of buying and selling used autos and light trucks.

535.    Plaintiff Copeland Enterprises Inc., with its principal place of business at 970 West Chestnut Street, Brockton, Massachusetts, 02301, is engaged in the business of buying and selling used autos and light trucks.

536.    Plaintiff Chris Nikel Chrysler Jeep Dodge Ram, with its principal place of business at 145th East Avenue and The BA Expressway, Broken Arrow, Oklahoma, 74012, is engaged in the business of buying and selling used autos and light trucks.

537.    Plaintiff Carriage Towne Chrysler Dodge Jeep Inc., with its principal place of business at 2815 Stratford Road, Delaware, Ohio, 43015, is engaged in the business of buying and selling used autos and light trucks.

538.    Plaintiff Driscoll Automotive Group Mercedes-Benz of State College, with its principal place of business at 3220 West College Avenue, State College, Pennsylvania, 16801, is engaged in the business of buying and selling used autos and light trucks.

539.     Plaintiff Driscoll Automotive Group Audi State College, with its principal place of business at 3220 West College Avenue, State College, Pennsylvania, 16801, is engaged in the business of buying and selling used autos and light trucks.

540.     Plaintiff Driscoll Automotive Group Nissan of State College, with its principal place of business at 3220 West College Avenue, State College, Pennsylvania, 16801, is engaged in the business of buying and selling used autos and light trucks.

541.     Plaintiff Driscoll Automotive Group Volkswagen State College, with its principal place of business at 3220 West College Avenue, State College, Pennsylvania, 16801, is engaged in the business of buying and selling used autos and light trucks.

542.     Plaintiff Major Kia, with its principal place of business at 4401 Northern Boulevard, Long Island City, New York, 11101, is engaged in the business of buying and selling used autos and light trucks.

543.     Plaintiff Schlossman Imports, Inc., with its principal place of business at 3450 S. 108th Street, Greenfield, Wisconsin, 53227, is engaged in the business of buying and selling used autos and light trucks.

544.     Plaintiff Subaru City of Milwaukee, Inc., with its principal place of business at 4640 S. 27th Street, Milwaukee, Wisconsin, 53221, is engaged in the business of buying and selling used autos and light trucks.

545.     Plaintiff Schlossman's Dodge City Chrysler Jeep, Inc., with its principal place of business at 19100 W. Capital Drive, Brookfield, Wisconsin, 53045, is engaged in the business of buying and selling used autos and light trucks.

546.     Plaintiff Wanner Ford, Inc., with its principal place of business at 620 Reading Road, Ephrata, Pennsylvania, 17522, is engaged in the business of buying and selling used autos and light trucks.

547.     Plaintiff Jim Soutar Dodge City Inc. (d/b/a Soutar's Chrysler Dodge Jeep Toyota), with its principal place of business at 631 W. Main Street, Barstow, California, 92311, is engaged in the business of buying and selling used autos and light trucks.

548.     Plaintiff Soutars (d/b/a Soutar's Ford Nissan), with its principal place of business at 1010 W. Main Street, Barstow, California, 92311, is engaged in the business of buying and selling used autos and light trucks.

549.     Plaintiff Bill Ussery Motors, Inc. d/b/a Mercedes Benz of Coral Gables, with its principal place of business at 300 Almeria Avenue, Coral Gables, Florida, 33134, is engaged in the business of buying and selling used autos and light trucks.

550.     Plaintiff Bill Ussery Motors of Cutler Bay LLC d/b/a Mercedes Benz of Cutler Bay, with its principal place of business at 10701 Southwest 211th Street, Cutler Bay, Florida, 33189, is engaged in the business of buying and selling used autos and light trucks.

551.     Plaintiff Permian Ford-Lincoln Inc. is, with its principal place of business at 1000 N. Dal Paso Street, Hobbs, New Mexico, 88240, is engaged in the business of buying and selling used autos and light trucks.

552.     Plaintiff Permian Ford-Lincoln Inc. (d/b/a Permian Toyota), with its principal place of business at 3500 N. Grimes Street, Hobbs, New Mexico, 88240, is engaged in the business of buying and selling used autos and light trucks.

553.     Plaintiff Permian Auto Group LLC (d/b/a Permian Chevrolet-Buick-GMC-Cadillac), with its principal place of business at 701 Navajo Road, Hobbs, New Mexico, 88240, is engaged in the business of buying and selling used autos and light trucks.

554.     Plaintiff Permian Auto Group LLC (d/b/a Permian Nissan), with its principal place of business at 3600 N. Grimes Street, Hobbs, New Mexico, 88240, is engaged in the business of buying and selling used autos and light trucks.

555.     Plaintiff Industrious Motors, LLC d/b/a Buena Park Nissan, with its principal place of business at 6501 Auto Center Drive, Buena Park, California, 90621, is engaged in the business of buying and selling used autos and light trucks.

556.     Plaintiff Brown Automotive, Inc. d/b/a Puente Hills Nissan, with its principal place of business at 17320 E. Gale Avenue, City of Industry, California, 91748, is engaged in the business of buying and selling used autos and light trucks.

557.     Plaintiff Howell, Inc., with its principal place of business at 1158 Highway 51-98, Summit, Missouri, 39666, is engaged in the business of buying and selling used autos and light trucks.

558.     Plaintiff Marquardt Buick Inc., with its principal place of business at 1421 South Barrington Road, Barrington, Illinois, 60010, is engaged in the business of buying and selling used autos and light trucks.

559.     Plaintiff Titus-Will Chevrolet Sales, Inc. (d/b/a Titus-Will Chevrolet Buick GMC Cadillac), with its principal place of business at 2425 Carriage Loop SW, Olympia, Washington, 98502, is engaged in the business of buying and selling used autos and light trucks.

560.    Plaintiff Titus-Will of Parkland, Inc. (d/b/a Titus-Will Chevrolet), with its principal place of business at 1101 Pacific Avenue, S, Tacoma, Washington, 98444, is engaged in the business of buying and selling used autos and light trucks.

561.    Plaintiff Titus-Will Hyundai Sales, Inc. (d/b/a Titus-Will Hyundai), with its principal place of business at 2255 Carriage Loop SW, Olympia, Washington, 98502, is engaged in the business of buying and selling used autos and light trucks.

562.    Plaintiff Titus-Will of Lewis County, Inc. (d/b/a Titus-Will Chevrolet Buick), with its principal place of business at 2850 N. National Avenue, Chehalis, Washington, 98532, is engaged in the business of buying and selling used autos and light trucks.

563.    Plaintiff Volkswagen SouthTowne, Inc., with its principal place of business at 11000 South Frontage Road, South Jordan, Utah, 84095, is engaged in the business of buying and selling used autos and light trucks.

564.    Plaintiff Fair Oaks Motors, Inc. d/b/a Fair Oaks Chrysler Jeep Dodge, with its principal place of business at 4170 Auto Park Circle, Chantilly, Virginia, 20151, is engaged in the business of buying and selling used autos and light trucks.

565.    Plaintiff F.C. Kerbeck & Sons, with its principal place of business at 100 Route 73 North, Palmyra, New Jersey, 08065, is engaged in the business of buying and selling used autos and light trucks.

566.    Plaintiff Kerbeck Cadillac Pontiac Inc. d/b/a Kerbeck Cadillac Chevrolet Buick GMC, with its principal place of business at 430 North Albany Avenue, Atlantic City, New Jersey, 08401, is engaged in the business of buying and selling used autos and light trucks.

567.    Plaintiff J.A. Moss, Inc. d/b/a Moss Bros. Dodge Riverside, with its principal place of business at 8151 Auto Drive, Riverside, California, 92504, is engaged in the business of buying and selling used autos and light trucks.

568.    Plaintiff Moss Bros, Inc. d/b/a Moss Bros. CJDR San Bernardino, with its principal place of business at 1100 S. "E" Street, San Bernardino, California, 92408, is engaged in the business of buying and selling used autos and light trucks.

569.    Plaintiff Moss Bros. CJDR, Inc. d/b/a Moss Bros. Chrysler Jeep Dodge Ram, with its principal place of business at 27810 Eucalyptus Avenue, Moreno Valley, California, 92555, is engaged in the business of buying and selling used autos and light trucks.

570.    Plaintiff Moss Bros. German, Inc. d/b/a Moss Bros. Volkswagen, with its principal place of business at 27750 Eucalyptus Avenue, Moreno Valley, California, 92555, is engaged in the business of buying and selling used autos and light trucks.

571.    Plaintiff Moss Bros. Hon, Inc. d/b/a Moss Bros. Honda, with its principal place of business at 27990 Eucalyptus Avenue, Moreno Valley, California, 92555, is engaged in the business of buying and selling used autos and light trucks.

572.    Plaintiff Moss Bros. Toy, Inc. d/b/a Moss Bros. Toyota, with its principal place of business at 12630 Motor Way, Moreno Valley, California, 92555, is engaged in the business of buying and selling used autos and light trucks.

573.    Plaintiff Moss Bros. Chevrolet, with its principal place of business at 12625 Auto Mall Drive, Moreno Valley, California, 92555, is engaged in the business of buying and selling used autos and light trucks.

574.    Plaintiff Moss Bros. Buick-GMC, Inc., with its principal place of business at 12625 Auto Mall Drive, Moreno Valley, California, 92555, is engaged in the business of buying and selling used autos and light trucks.

575.    Plaintiff Sowell Automotive, Inc. d/b/a Hyundai of La Quinta, with its principal place of business at 79-025 Highway 111, La Quinta, California, 92253, is engaged in the business of buying and selling used autos and light trucks.

576.    Plaintiff Good Chevrolet Inc., with its principal place of business at 325 Southwest 12th Street, Renton, Washington, 98057, is engaged in the business of buying and selling used autos and light trucks.

577.    Plaintiff FOC Inc., with its principal place of business at 34 Hudson Street, Annapolis, Maryland, 20879, is engaged in the business of buying and selling used autos and light trucks.

578.    Plaintiff Fitzgerald Lakeforest Motors Inc., with its principal place of business at 907 North Frederick Avenue, Gaithersburg, Maryland, 20895, is engaged in the business of buying and selling used autos and light trucks.

579.    Plaintiff Fitzgerald Buick Inc., with its principal place of business at 5501 Nicholson Lane, Kensington, Maryland, 20895, is engaged in the business of buying and selling used autos and light trucks.

580.    Plaintiff Fitzgerald Toyota Inc., with its principal place of business at 1436 Lincoln Way East, Chambersburg, Pennsylvania, 17202, is engaged in the business of buying and selling used autos and light trucks.

581.    Plaintiff Fitzgerald Motors Inc., with its principal place of business at 27418 US Highway 19N, Clearwater, Florida, 33719, is engaged in the business of buying and selling used autos and light trucks.

582.    Plaintiff Thomas Subaru f/k/a Thomas Dodge Corp. of NY, with its principal place of business at 5316 Nesconset Highway, Port Jefferson Station, New York, 11776, is engaged in the business of buying and selling used autos and light trucks.

583.    Plaintiff Quantrell Cadillac, Inc. d/b/a Quanrtell Cadillac, with its principal place of business at 1490 New Circle Road, Lexington, Kentucky, 40509, is engaged in the business of buying and selling used autos and light trucks.

584.    Plaintiff Quantrell Cadillac, Inc. d/b/a Quanrtell Volvo, with its principal place of business at 1490 New Circle Road, Lexington, Kentucky, 40509, is engaged in the business of buying and selling used autos and light trucks.

585.    Plaintiff Saturn of Lexington, Inc. d/b/a Quantrell Saturn, with its principal place of business at 1450 New Circle Road, Lexington, Kentucky, 40509, is engaged in the business of buying and selling used autos and light trucks.

586.    Plaintiff Quantrell Cadillac, Inc. d/b/a Quantrell Subaru, with its principal place of business at 1490 New Circle Road, Lexington, Kentucky, 40509, is engaged in the business of buying and selling used autos and light trucks.

587.    Plaintiff Pioneer Valley Sales & Service, Inc. d/b/a Pioneer Valley Volvo, with its principal place of business at 253 Greenfield Road, South Deerfield, Massachusetts, 01373, is engaged in the business of buying and selling used autos and light trucks.

588.     Plaintiff Bartlett LLC d/b/a Bartlett Motors, with its principal place of business at North 3808 Sullivan Road, Suite 15X, Spokane, Washington, 99216, is engaged in the business of buying and selling used autos and light trucks.

589.     Plaintiff City Cadillac Oldsmobile, Inc. d/b/a City Cadillac Buick GMC, with its principal place of business at 43-60 Northern Boulevard, Long Island City, New York, 11101, is engaged in the business of buying and selling used autos and light trucks.

590.     Plaintiff Mayors Auto Group Woodside, LLC d/b/a City Mitsubishi, with its principal place of business at 5615 Northern Boulevard, Woodside, New York, 11377, is engaged in the business of buying and selling used autos and light trucks.

591.     Plaintiff Ayer Auto Sales, LLC d/b/a Ayer Auto Sales, with its principal place of business at 572 North Main Street, Barre, Vermont, 05641, is engaged in the business of buying and selling used autos and light trucks.

592.     Knippelmier Chevrolet Inc., with its principal place of business at 1811 East Veterans Memorial Highway, Blanchard, Illinois, 73010, is engaged in the business of buying and selling used autos and light trucks.

593.     ACA Motors, Inc. d/b/a Continental Acura, with its principal place of business at 2275 Aurora Avenue, Naperville, Illinois, 60540, is engaged in the business of buying and selling used autos and light trucks.

594.     Continental NV Autos, Inc. d/b/a Continental Audi, with its principal place of business at 1527 Aurora Avenue, Naperville, Illinois, 60540, is engaged in the business of buying and selling used autos and light trucks.

595.    Naperville Zoom Cars d/b/a Continental Mazda, with its principal place of business at 2363 Aurora Avenue, Naperville, Illinois, 60540, is engaged in the business of buying and selling used autos and light trucks.

596.    Sun Automotive Inc., with its principal place of business at 3001 US Highway 19, Holiday, Florida, 34691, is engaged in the business of buying and selling used autos and light trucks.

597.    Defendant Carfax is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at Centreville, Virginia. Carfax is in the business, inter alia, of preparing and selling VHRs throughout the United States and foreign countries.

## IV. JOINDER

598.    Joinder of Plaintiffs' claims in this action is proper, based on the existence of questions of law and fact common to all Plaintiffs, arising out of their purchase of VHRs from Defendant Carfax at prices artificially inflated by the anticompetitive scheme alleged herein. The common questions of law and fact are:

(a)    whether the publication and sale of VHRs in the United States is a relevant market for Plaintiffs' federal antitrust claims against Carfax;

(b)    whether the publication and sale of VHRs to franchised auto dealers is a relevant submarket for Plaintiffs' federal antitrust claims against Carfax;

(c)    whether the publication and sale of VHRs to independent auto dealers is a relevant submarket for Plaintiffs' federal antitrust claims against Carfax;

(d)    whether Carfax possesses market power in the market for the publication and sale of VHRs in the United States;

(e)     whether Carfax possesses market power in the submarket for the publication and sale of VHRs to franchised auto dealers in the United States;

(f)     whether Carfax possesses market power in the submarket for the publication and sale of VHRs to independent auto dealers in the United States;

(g)     whether Carfax's exclusivity agreements with 37 of 40 auto manufacturers sponsoring CPO programs, as set forth infra at paragraphs [482-494], violate Section 3 of the Clayton Act, 15 U.S.C. § 14, Section 1 of the Sherman Act, 15 U.S.C. § 1, and/or Section 2 of the Sherman Act, 15 U.S.C. § 2;

(h)     whether Carfax's exclusivity agreements with Autotrader.com and Cars.com, as set forth infra at paragraphs [495-517], violate Section 3 of the Clayton Act, 15 U.S.C. § 14, Section 1 of the Sherman Act, 15 U.S.C. § 1, and/or Section 2 of the Sherman Act, 15 U.S.C. § 2;

(i)     whether, as a result of market power gained, enhanced, or maintained through the anticompetitive scheme alleged herein, Carfax has set the prices Plaintiffs have paid for VHRs at inflated levels higher than would have prevailed absent the scheme;

(j)     whether Plaintiffs have been injured, inter alia, by having paid Carfax for VHRs at inflated levels through Carfax's exercise of market power;

(k)     whether such injury suffered by Plaintiffs is antitrust injury; and

(l)     whether the amount of Plaintiffs' damages may be determined by ascertaining the difference between the actual prices Plaintiffs paid Carfax for VHRs and the price at which VHRs would be sold in a competitive market free of the antitrust violations alleged herein.

599.   Plaintiffs' claims set forth herein are based on Plaintiffs' purchases of VHRs from Carfax pursuant to printed standard form contracts supplied to them by Carfax; Plaintiffs'

participation in CPO programs pursuant to printed standard form contracts supplied to them by the auto manufacturer sponsoring the CPO programs; and Plaintiffs' purchase of classified listings for used autos and light trucks on Autotrader.com and Cars.com pursuant to standard form contracts supplied to them by the operators of those websites.

## V.  **COMMON FACTUAL ALLEGATIONS**

600.    Each Plaintiff has done one or more of the following: (a) purchased Carfax VHRs as a condition of participating in a CPO program, (b) placed classified used car listings on Autotrader.com, or (c) placed classified used car listings on Cars.com.

601.    Each Plaintiff has either purchased Carfax VHRs at a monthly flat rate for an unlimited number of vehicles or at a per vehicle rate.

602.    Information about the condition and history of used autos and light trucks offered for sale is a primary concern for both buyers and sellers. Many state and federal statutes have been enacted to alleviate problems of incomplete information about the condition and history of used autos and light trucks that are offered for sale. These statutes variously mandate state-wide and nation-wide centralized reporting of events likely to affect the quality of used autos and light trucks, such as title changes, salvage history, accident history, and odometer history.

603.    The business of preparing and selling VHRs with complete or nearly complete information on used autos and light trucks has emerged in response to the market need for information on the history and quality of used autos and light trucks offered for sale.

604.    As a consequence, in recent years a VHR from a provider of such reports for any particular used vehicle offered for sale has become indispensable to both buyers and sellers of used vehicles. The National Motor Vehicle Title Information System (NMVTIS), established under the Anti-Car Theft Act of 1992, 49 U.S.C. §§ 30501-30505, as amended, is an electronic

repository of information required by law to be reported to a centralized federal database by all states, insurance carriers, and junk and salvage yards, from which NMVTIS VHRs are compiled by VIN number. NMVTIS VHRs provide information on five key indicators of the quality and condition of any used auto or light truck: (1) date of last title and name of state titling agency; (2) "brand" history applied by state titling agency, including "junk", "salvage", and "flood"; (3) odometer reading; (4) total loss history; and (5) salvage history.

605.    The NMVTIS web site (www.vehiclehistory.gov) encourages consumers shopping for used cars to obtain privately prepared VHRs containing all information required by NMVTIS supplied by any of ten NMVTIS-approved "data provider companies."

606.    Such VHRs also contain additional information not required to be included by the NMVTIS, such as vehicle repair history, recall information, and other care and maintenance data.

607.    The ten approved vendors of NMVTIS VHRs are: Auto Data Direct, Inc. (www.ADD123.com); Carfax (www.carfax.com); CheckThatVin (www.CheckThatVin.com); Computerized Vehicle Registration (www.CVRweb.com); Experian Automotive (www.AutoCheck.com); InstaVin (www.instavin.com); Motor Vehicle Software Corp. (www.mvsc.com); Rig Dig (www.rigdig.com); VinAudit (www.vinaudit.com); and VINsmart (www.VINsmart.com).

608.    Carfax is the oldest and by far the dominant provider of VHRs.

609.    Carfax supplies VHRs to more than 32,000 franchised and independent used-car dealers.

610.    Carfax was founded in 1986 by an individual and later sold to R.L. Polk & Co., a private entity that publishes information on the auto industry. On July 15, 2013, HIS, Inc. of Englewood, Colorado acquired R.L. Polk & Co. at a reported price of $1.4 billion.

611.    According to Exhibit C to the Complaint in *Experian Information Solutions, Inc. v. Carfax, Inc.*, No. 11-CV-8927 (N.D. Ill., Dec. 16, 2011), Carfax claims a nation-wide market share of 90 percent in VHRs.

612.    Experian's AutoCheck VHRs are supplied to about 13,000 franchised and independent used car dealers, who in turn furnish them to consumers shopping for used cars.

613.    Experian is a publicly-traded credit reporting agency supplying AutoCheck VHRs through its Automotive Division.

614.    AutoCheck has a market share of about ten percent of the VHRs sold in the United States.

615.    The other eight NMVTIS-approved vendors of VHRs are small, with negligible market shares.

616.    Despite significant concerns among used auto and light truck dealers about the reliability of Carfax VHRs vis-à-vis VHRs of other providers, including Experian Automotive's AutoCheck, Carfax has acquired and maintained a 90 percent market share in the sale of VHRs in the United States.

617.    Carfax charges a significantly higher price to dealers for VHRs than the price charged by other providers of VHRs.

618.    Carfax charges dealers, pursuant to an annual subscription agreement, for VHRs either on a per vehicle basis, typically $16.95 per VHR, or a flat monthly fee for an unlimited number of VHRs per dealership location.

619.    The monthly price paid by the dealer for an unlimited number of VHRs is determined by Carfax based on the average number of used autos and light trucks in the dealer's inventory. That monthly fee ranges from $899 per dealership location for some dealers, to $1,549 per dealership location for other dealers.

620.    Although dealers may purchase an unlimited number of Experian Automotive's AutoCheck VHRs for less than half the price of Carfax VHRs, relatively few do so, despite significant concerns about the reliability of Carfax VHRs, due to the anticompetitive scheme alleged herein.

621.    Carfax has acquired and maintained its 90 percent market share in the sale of VHRs in the United States, not through competition on the merits, but through an anticompetitive scheme consisting of exclusivity provisions in long-term "partnership" agreements with other powerful entities in the auto industry. This has had the anticompetitive effect of forcing auto dealers to purchase Carfax VHRs, instead of those of Carfax's rivals, and provide them to consumers shopping for used cars.

622.    One form of such exclusivity agreement is a long-term (typically, of three years duration and renewable) agreement between Carfax and U.S.-based or foreign-based auto manufacturer sponsoring CPO (Certified Pre-Owned) vehicle sales programs. Carfax has such an agreement with the manufacturers of 37 out of about 40 brands of used vehicles sold through the manufacturers' independently-owned franchised dealers. Nearly all of Carfax's agreements with manufacturers on CPO programs are exclusive in that they require the manufacturer (a) to direct dealers participating in the manufacturer's CPO program to generate a Carfax VHR for each CPO vehicle, and (b) not to promote or recommend any provider of VHRs other than Carfax. Even those few agreements Carfax has with manufacturers on CPO programs that allow the

manufacturer's dealers to choose their own provider of VHRs are exclusive in the sense that the manufacturer agrees not to promote or recommend any provider of VHRs other than Carfax.

623.   CPO programs offer consumers extended warranties on used cars certified through extensive inspection processes, and such used cars are sold at a price premium in relation to other used cars.

624.   All major auto manufacturers offer CPO programs through their networks of dealerships.

625.   Certified used cars must meet specific condition, mileage, and age restrictions to be eligible for an Original Equipment Manufacturer ("OEM") CPO program. Used vehicles that do not meet these restrictions cannot be sold as a Certified Used Car through an OEM CPO program.

626.   If a used vehicle meets condition, mileage, and age requirements, a vehicle history check is performed to make sure the vehicle's title is unencumbered or "clean."

627.   If the VHR is clean, the vehicle is thoroughly inspected by the dealership, and any worn parts are replaced with new parts. Then the vehicle is reconditioned inside and out with the goal of making it as close to new condition as possible. The VHR and the report detailing the certified used-car inspection and reconditioning process are supplied with the vehicle at the time of sale.

628.   Pursuant to the exclusivity agreements Carfax has entered into with manufacturers for 37 of about 40 vehicle brands, the manufacturers require dealers participating in CPO programs to purchase Carfax VHRs and supply them to every consumer shopping for any particular CPO vehicle.

629.    Upon and information and belief, pursuant to these exclusivity agreements with auto manufacturers on CPO programs, Carfax provides cash or non-cash "marketing support" to the manufacturer for its CPO program. The amount of cash or non-cash "marketing support" Carfax provides to the auto manufacturers on their CPO programs is disproportionately large for the number of CPO vehicles in the individual manufacturers' CPO programs. Carfax's cash or non-cash marketing support is a payment to the manufacturer for Carfax's exclusivity on VHR's in the CPO programs. Due to Carfax's market share in VHRs in relation to its competitors, no other VHR provider can profitably match Carfax's cash or non-cash "marketing support" for CPO programs.  Carfax's payments for exclusivity are rational only because they foreclose rival entry and block competition on the merits.

630.    In October 2011, Carfax told one manufacturer, Subaru, that it would increase its annual cash or non-cash "marketing support" to Subaru's CPO program by at least $25,000 over a previous annual amount of $190,000, if Subaru entered into a three-year renewal of an existing long-term "partnership" agreement, rather than enter a CPO agreement with Experian for AutoCheck VHRs (Complaint Ex. C, *Experian Information Solutions, Inc. v. Carfax*, Inc., No. 11-CV-8927 (N.D. Ill., Dec. 16, 2011)).

631.    The anticompetitive effect of these exclusivity agreements is to force dealers participating in CPO programs to purchase overpriced and less reliable Carfax VHRs, in spite of dealers' preferences for competitively-priced and more reliable VHRs from other sources.

632.    According to Carfax's Internet website (www.carfax.com), Carfax entered such exclusive long-term "partnership" agreements on the following dates with auto manufacturers with respect to their CPO programs:

Mercedes-Benz                                                           1998

| | |
|---|---|
| Volvo | 1999 |
| Volkswagen | 2003 |
| Audi | 2003 |
| Honda (and Acura) | 2004 |
| Toyota (and Lexus, Prius, Scion) | 2005 |
| Subaru | 2005 |
| Chrysler (and Dodge, Fiat, Jeep, Plymouth, Ram) | 2006 |
| General Motors (and Cadillac, Chevrolet, Buick, Hummer, Pontiac, Oldsmobile, Saturn) | 2007 |
| BMW (and Mini) | 2008 |
| Hyundai | 2009 |
| Lamborghini | 2009 |
| Kia | 2011 |
| Nissan (and Infiniti) | 2012 |
| Ford (and Lincoln, Mercury) | 2013 |

633.    Sales of CPO autos are a significant and growing segment of overall sales of used autos in the United States. Published reports indicate that 1,834,746 CPO autos were sold in 2012, more than 12 percent of the (total of 14,989,431) annual used auto sales by franchised auto dealers in the United States (www.autorermarketing.com/retail/secondstraight-year-record-cpo-sales). Since VHRs are provided for approximately 34 percent of used autos sold annually in the United States approximately or VHRs for approximately 5,100,000 vehicles in 2012, and VHRs are provided for all CPO vehicles, VHR sales for CPO vehicles amount to more than 36 percent of the VHRs sold in 2012.

634.    In spite of the contractual right of auto manufacturers to terminate their exclusive agreements with Carfax on CPO programs, after an initial term of some years, Carfax's exclusive agreements with auto manufacturers on CPO programs are de facto long term exclusive agreements, for the following reasons:

(a)    Carfax's overwhelming market share;

(b)    Carfax's marketing  message that it has no trustworthy competitors;

(c)    Carfax's cash and non-cash marketing support to manufacturer CPO program payments, which are payments for Carfax's exclusivity on VHR's in the CPO programs, .are disproportionately large for the number of CPO vehicles in the individual manufacturers' CPO programs, which no other VHR provider can profitably match due to the relative market shares of Carfax and other VHR providers;

(d)    even in the rare instances in which a manufacturer's CPO agreement with Carfax allows the manufacturer's dealers to choose a VHR provider other than Carfax, the exclusive agreements between Carfax and Autotrader and Cars.com prohibit the display on the Autotrader and Cars.com websites of VHRs from any other VHR provider, unless the manufacturer affirmatively requests (in the case of Autotrader) or requires (in the case of Cars.com) its dealers' use of another VHR provider for its CPO program, either of which is explicitly prohibited by the manufacturer's agreement with Carfax not to promote or recommend any provider of VHRs other than Carfax; and,

(e)    due the cumulative nature of the foreclosure effects of Carfax's exclusivity agreements with auto manufacturers on CPO programs, and of the foreclosure effects of Carfax's exclusivity agreements with Autotrader.com and Cars.com as set forth below, switching of another VHR provider for Carfax in a manufacturer's CPO program, in Carfax's own words in October 2011 to the manufacturer Subaru, is a "gargantuan task" requiring more than six years to accomplish

106

(Complaint Ex. C, *Experian Information Solutions, Inc. v. Carfax*, Inc., No. 11-CV-8927 (N.D. Ill., Dec. 16, 2011)):

> "Consider Nissan and Infiniti [who] have been partnered [non-exclusively] with AutoCheck for about six years. Yet despite this, 66% of Nissan vehicles and 84% of Infiniti vehicles are listed on cars.com with a Carfax report – after six years!"
> (at p. 10 of 20)

> "Switching from Carfax to Autocheck is going to be a gargantuan task, as illustrated by Nissan and Infiniti dealers. Even after six years, 84% of Infiniti CPO vehicles are listed with a Carfax report."
> (at p. 18 of 20)

635.    Another element of Carfax's anticompetitive scheme is a long-term "partnership" agreement with certain leading operators of Internet websites that provide classified listings of used autos and light trucks. Pursuant to these agreements, website operators agree to display interactive links to Carfax VHRs purchased from Carfax by sellers of used vehicles listed for sale on these websites, but not to display or interactively link VHRs from suppliers other than Carfax.

636.    Since 2005, Carfax has had such an exclusivity arrangement with the Autotrader Group, which operates an Internet website, www.Autotrader.com.

637.    Autotrader.com is a majority-owned subsidiary of Cox Enterprises. Other investors include Landmark Communications, ADP, Inc., and the venture capital firm Kleiner Perkins Canfield & Byers.

638.    The Autotrader website includes more classified listings of used vehicles than any other website, with monthly average classified listings of 3,200,000 used vehicles offered for sale from 40,000 auto dealers. Of Autotrader's monthly average of 3,200,000 vehicle listings, 77,000 are non-dealer listings, and 3,123,000 dealer listings consist of 60 percent franchised

dealer listings (monthly average of 1,873,920 franchised dealer listings) and 40 percent independent dealer listings (monthly average of 1,249,280 independent dealer listings).

639.    Due to the exclusivity arrangement between Carfax and Autotrader, if a seller of a particular used vehicle listed on Autotrader has purchased a Carfax VHR for that used vehicle, the Autotrader website provides a convenient interactive link to the Carfax VHR for that vehicle to shoppers. If the seller of that used vehicle, however, has not purchased a Carfax VHR for the used vehicle, the interactive link to the VHR for the used vehicle on the Autotrader website is empty, and the shopper cannot access a VHR on the web page displaying the used vehicle. The exclusivity agreement entered in 2008 between Carfax and Autotrader provided that Autotrader would not to display on its website promotional placements for VHR-related products and services of Experian Information Systems, Inc. or any other competitor of Carfax, unless an auto manufacturer requested Autotrader to do so as part of the manufacturer's CPO program. The combined effect of (a) Carfax's exclusivity agreements with auto manufacturers, by which they agreed not to recommend or promote VHRs of Carfax competitors, and (b) Carfax's exclusivity agreement with Autotrader keeping VHRs of Carfax competitors off the Autotrader website unless an auto manufacturer requested it as part of its CPO program, was that no VHRs of Carfax competitors appeared on the Autotrader website.

640.    Pursuant to its long-term exclusivity agreement with Autotrader, Carfax provides significant cash or non-cash "marketing support" to Autotrader in order to obtain the agreement of Autotrader to keep VHRs from providers other than Carfax off the Autotrader website. The exclusivity agreement entered in 2008 between Carfax and Autotrader provided that Carfax would pay Autotrader $5,000,000 in the first contract year, and higher amounts in subsequent contract years. This payment from Carfax to Autotrader was a payment for Carfax's exclusivity

on VHR's on the Autotrader website. Due to Carfax's market share in VHRs in relation to its much smaller competitors, no other VHR provider could profitably match Carfax's cash payment to Autotrader to assure exclusivity. To match this exclusivity payment, in other words, a rival would have been forced to sustain losses on its VHR sales until its market share could achieve an appropriate scale.  Carfax is therefore leveraging its monopoly power and dominant market share to impair rivals' ability to gain market share and obtain economies of scale.

641.    The anticompetitive effect of this exclusivity arrangement between Carfax and Autotrader  is to force used car dealers, including Plaintiffs, to purchase Carfax VHRs, in spite of dealers' preferences for competitively-priced and more reliable VHRs from other sources.

642.    Inventory turnover for auto dealers ranges, in days of supply, from 45 to 60 days. From this it follows that the annual number of listings from franchised auto dealers on Autotrader is at least six to nine times the average number of listings per month (i.e., 12 months divided by 2 and 1.5 months, respectively).  Using the more conservative six multiple, the monthly average of 1,873,920 listings for used cars offered by franchised dealers on Carfax reflects annual listings of at least 11,243,520 used cars by franchised dealers, or at least 75 percent of the 14,989,431 used vehicles sold in the United States in 2012 by franchised dealers. Based on the foregoing statistics, the exclusivity agreement between Carfax and Autotrader blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 75 percent of the used vehicles sold by franchised dealers in the United States in 2012.

643.    Based on the same inventory turnover, the annual number of listings from independent auto dealers on Autotrader is at least six times the monthly average of 1,249,280 listings, or annual listings of at least 7,495,680 vehicles, or at least 53 percent of 14,015,474 used

vehicles sold in the United States in 2012 by independent dealers. Based on the foregoing statistics, the market the exclusivity agreement between Carfax and Autotrader blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 53 percent of the used vehicles sold by independent dealers in the United States in 2012.

644.    Based on the same inventory turnover, the annual number of listings from non-dealers on Autotrader is at least 462,000 vehicles. The total number of used vehicle listings annually on Autotrader by franchised auto dealers, independent auto dealers, and non-dealers is thus at least 19,201,000, or at least 47 percent of 40,525,865 used vehicles sold in the United States in 2012. Based on the foregoing statistics, the exclusivity agreement between Carfax and Autotrader the market the exclusivity agreement between Carfax and Autotrader blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 47 percent of the used vehicles sold in the United States in 2012.

645.    On May 23, 2013, after the filing of this action on April 22, 2013, the Autotrader Group issued a press release announcing that it had reached an agreement with Experian Automotive, enabling auto dealers to utilize AutoCheck VHRs when merchandising their used car inventory on Autotrader.com, beginning in September 2013. The press release stated: "This non-exclusive partnership is a step designed to facilitate choice for Autotrader.com's dealer customers and allow other vehicle history report providers to work with Autotrader.com in a similar manner." This non-exclusive agreement between Carfax and Autotrader does not include requirement that Carfax pay Autotrader $5,000,000 or more each year to assure exclusivity, as had their 2008 agreement.

646.    Since 2001, Carfax also has had a similar long-term exclusivity arrangement with Classified Ventures, which operates an Internet website, www.Cars.com.

647.    Classified Ventures is a joint venture of several large newspaper groups, including the Gannett Company, McClatchy Company, Washington Post Company, Tribune Company, and A.H. Belo.

648.    Classified Ventures' Cars.com is the second largest provider of classified listings of used autos and light trucks, with monthly classified listings of 2,500,000 used vehicles from 16,000 used car dealers and an undetermined number of private owners. The exclusivity agreement between Carfax and Cars.com requires that Carfax be the exclusive provider of VHRs on Cars.com, and that Cars.com not include on its website VHR products or services of 11 enumerated competitors of Carfax, unless a VHR of a competitor is required to be included as part of an auto manufacturer's CPO program. The combined effect of (a) Carfax's exclusivity agreements with auto manufacturers, by which they agreed not to recommend or promote VHRs of Carfax competitors, and (b) Carfax's exclusivity agreement with Cars.com keeping VHRs of Carfax competitors off the Cars.com website unless an auto manufacturer requested it as part of its CPO program, was that no VHRs of Carfax competitors appeared on the Cars.com website. Due to the exclusivity arrangement between Carfax and Classified Ventures, if a seller of a particular used vehicle listed on Cars.com has purchased a Carfax VHR for that used vehicle, the Cars.com website provides a convenient interactive link to the Carfax VHR for that vehicle to consumers shopping for that used vehicle. If the seller of that used vehicle has not purchased a Carfax VHR for the used vehicle, the interactive link to the VHR for the used vehicle on the web page displaying the vehicle is empty, and the shopper cannot access a VHR on the website for the vehicle.  As a result, a consumer shopping for that used vehicle is left with the impression that the seller of that used vehicle has not purchased a VHR for the used vehicle, which is a false impression when the seller has purchased a VHR for the used vehicle from a supplier other than

Carfax that is not displayed on the website due to the exclusivity arrangement between Carfax and Classified Ventures.

649.    Pursuant to its exclusivity agreement with Classified Ventures, Carfax provides significant cash or non-cash "marketing support" to Classified Ventures in order to obtain the agreement of the Classified Ventures to keep VHRs from providers other than Carfax off of the Cars.com website.  The exclusivity agreement entered in 2010 between Carfax and Cars.com required Carfax to pay the Cars.com $15,000 per month, subsequently increased to $25,000 per month, plus $4,600 for any month Cars.com failed to keep a banner on its website identifying Carfax as the sole provider of VHRs on the Cars.com website. This amount of cash Carfax provided to Cars.com was a payment for Carfax's exclusivity on VHR's on the Cars.com website. Due to Carfax's monopoly power and dominant market share in VHRs in relation to its competitors, no other VHR provider could profitably match Carfax's cash payment to Cars.com to assure exclusivity. The foreclosure effects of Carfax's purchase of exclusivity on auto manufacturer CPO programs, and on the Autotrader and Cars.com websites, are cumulative. Auto dealers participating in CPO programs are required to obtain VHRs for CPO vehicles, which they list on both the both the Autotrader and Cars.com websites. Dealers also generally purchase VHRs for the remainder of their used car inventory and list them on both the Autotrader and Cars.com websites. Absent open access to competitive choice of VHRs from alternative providers of VHRs, free of Carfax's exclusivity agreements complained of herein, on (a) auto manufacturer CPO programs, (b) Autotrader.com, and (c) Cars.com, dealers will continue to be forced to purchase Carfax VHRs for their used car inventory, in spite of their preference for better quality VHRs at more attractive prices from other VHR providers.

650.    The anticompetitive effect of this exclusivity arrangement between Carfax and the Classified Ventures is to force used car dealers, including Plaintiffs, to purchase Carfax VHRs,

in spite of dealers' preferences for competitively-priced and more reliable VHRs from other sources.

651.    As Cars.com has monthly average listings of 2,500,000 used cars (some duplicated with listings on Autotrader.com), or 78 percent of the number of monthly average listings on Autotrader.com, by extrapolation, the exclusivity agreement between Carfax and Cars.com blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 58 percent of the used vehicles sold by franchised dealers in the United States in 2012.

652.    As Cars.com has monthly average listings of 2,500,000 used cars (presumably some duplicated with listings on Autotrader.com), or 78 percent of the number of monthly average listings on Autotrader.com, by extrapolation, the exclusivity agreement between Carfax and Cars.com blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 41 percent of the used vehicles sold by independent dealers in the United States in 2012.

653.    As Cars.com has monthly average listings of 2,500,000 used cars (presumably some duplicated with listings on Autotrader.com), or 78 percent of the number of monthly average listings on Autotrader.com, by extrapolation, the exclusivity agreement between Carfax and Cars.com blocked Carfax's competitors from access to a very significant distribution channel for VHRs, i.e., VHRs for at least 36 percent of the used vehicles sold in the United States in 2012.

654.    In spite of the contractual right of Autotrader and Cars.com to terminate their exclusive agreements with Carfax, after an initial term of some years, Carfax's exclusive

agreements with Autotrader and Cars.com have been de facto long term exclusive agreements, for the following reasons:

(a)     Carfax's overwhelming market share;

(b)     Carfax's cash payments to Autotrader and Cars.com, which are payments for Carfax's exclusivity on VHR's on the Autotrader and Cars.com, and which are too large for any other VHR provider to profitably match due to the relative market shares of Carfax and other VHR providers; and

(c)     Autotrader did not exercise its right to terminate its long-term exclusive agreement with Carfax until after the filing of this lawsuit alleging that it was part of an antitrust violation and should be enjoined.

655.     Carfax's Internet website lists numerous additional entities in the auto industry with which it has "partnership" arrangements.

656.     Discovery in this action is likely to uncover additional anticompetitive "partnership" arrangements between Carfax and other entities in the auto industry, pursuant to which Carfax provides significant cash or non-cash "marketing support" to its "partners" in exchange for a commitment to deal exclusively with Carfax for VHRs on used autos and trucks offered for sale in the United States.

657.     The cumulative effect of Carfax's anticompetitive scheme consisting of (a) exclusivity arrangements with manufacturers of 37 of about 40 auto brands on their CPO programs, requiring participating dealers to purchase Carfax VHRs on certified vehicles and to provide them  to consumers shopping for used vehicles, (b) exclusivity arrangements with the two largest websites offering classified listing of used autos and light trucks offered for sale, requiring that only Carfax VHRs purchased by sellers of vehicles and no VHRs from other

VHRs providers are displayed and interactively linked on the websites, together with (c)

Carfax's pricing program that offers dealers of used autos and light trucks an unlimited number

of VHRs at a rate determined by the number of used vehicles in their inventory, is to force

dealers of used autos and light trucks to purchase Carfax VHRs for their entire inventory of used

vehicles and to provide them to consumers shopping for used vehicles, in spite of dealers

preferences for competitively-priced and more reliable VHRs from other sources.

## VI. **MONOPOLY POWER IN RELEVANT MARKET AND SUBMARKETS**

658.    The publication and sale of VHRs in the United States is a relevant market for

antitrust purposes. There is no reasonably interchangeable product or service that can be

substituted for a VHR.  Purchasers of VHRs would not switch to an alternative product should

the price of VHR's become inflated above competitive levels.

659.    The publication and sale of VHRs to franchised auto dealers in the United States

is a relevant submarket for antitrust purposes. Franchised auto dealers are a distinct and

recognizable group of purchasers of VHRs for their inventory of used autos offered for sale,

based on franchise agreements with auto manufacturers authorizing them to operate under the

valuable trademarks of auto manufacturers and with the assistance of manufacturers' sales and

marketing resources.

660.    The publication and sale of VHRs to independent auto dealers in the United States

is a relevant submarket for antitrust purposes. Independent auto dealers are a distinct and

recognizable group of purchasers of VHRs for their inventory of used autos offered for sale,

outside of franchise agreements with auto manufacturers and their sales and marketing resources.

661.    VHRs are required by the NMVTIS to provide, at a minimum, information on

five key indicators of the quality and condition of any used auto and light truck: (1) date of last

title and name of state titling agency; (2) "brand" history applied by state titling agency, including "junk", "salvage", and "flood"; (3) odometer reading; (4) total loss history; and (5) salvage history. A complete used vehicle inspection by an auto mechanic is a service that may augment a VHR on a particular vehicle, but it is unlikely to uncover historical events about a used vehicle that are expected to appear on a VHR.

662.    Carfax possesses a 90 percent market share in the publication and sale of VHRs in the United States, and in the submarkets for publication and sale of VHRs in the United States to franchised auto dealers and independent auto dealers, respectively.

663.    This predominate market share in the relevant markets and submarkets, together with (a) consumer lack of familiarity with any other provider of VHR (due, in large part, to the anticompetitive scheme alleged herein), (b) Carfax's ability, without losing market share, to charge dealers a price for its VHRs that is more than double the price that AutoCheck charges dealers for a VHR which is more reliable, and (c) the existence of significant barriers to entry into the VHR marketplace indicate that Carfax possesses monopoly power in the market for the publication and sale of VHRs in the United States, and in each of the submarkets for the publication and sales of VHRs in the United States to franchised auto dealers and independent auto dealers, respectively.

664.    Monopoly power is the ability of a seller of a product or service to profitably raise prices significantly above a competitive level without loss of sales to competitors.  Carfax had that power in the relevant market and each of the relevant submarkets.  Carfax also had the power to exclude and impair rival entry and expansion into the relevant markets.

665.    Barriers to entry into the market for publishing and selling VHRs in the United States, and the submarkets for the publication and sales of VHRs in the United States to

franchised auto dealers and independent auto dealers, respectively, include, but are not limited to:

(a)      federal and state statutes and rules requiring minimum content of VHRs (e.g., NMVTIS);

(b)      economies of scale in the collection and assembly of vast amounts of information on significant events in the history of each auto or light truck by VIN number; and

(c)      economies of scale in the marketing and provision of service and support to various entities in the auto industry needing to avail themselves of VHRs in the purchase and sale of used autos and light trucks (vehicle manufacturers, franchised dealers of vehicle manufacturers, non-franchised used auto dealers, wholesale traders of used vehicles, wholesale auction houses, and the consuming public).

## VII. <u>MARKET FORECLOSURE AND EFFECTS OF CARFAX'S ANTICOMPETITIVE SCHEME</u>

666.    Carfax's anticompetitive scheme has foreclosed competition in the relevant markets and markets.

667.    Carfax's long-term exclusive contracts with 37 of 40 auto manufacturers on their CPO programs has resulted in significant market foreclosure, since VHR sales for CPO vehicles amount to more than 36 percent of the market for VHRs sold on an annual basis.

668.    Carfax's long-term exclusive contracts and with Autotrader.com and Cars.com on classified used listings on their websites has resulted in significant market foreclosure, in blocking Carfax's competitors from access to sales of VHRs for at least 47.3 percent of the used cars sold annually in the United States, including at least 75 percent of the used cars sold annually in the United States by franchised auto dealers, and at least 53 percent of the used cars sold annually in the United States by independent auto dealers.

669.    The cumulative market foreclosure (i.e., the blocked distribution channels for the potential sale of VHRs) from Carfax's anticompetitive scheme has had and will continue to have the following anticompetitive effects, among others:

(a)    Competition in the publication and sale of VHRs in the relevant markets and submarkets has been excluded, impaired, and foreclosed by Carfax's foregoing exclusive long-term partnership agreements requiring that Carfax VHRs are the only VHRs used in nearly all auto manufacturers' CPO programs, and/or displayed on the largest websites offering classified listings of used autos and trucks offered for sale;

(b)    Competition in the publication and sale of VHRs in the relevant markets and submarkets has injured, diminishing the opportunity of Carfax's competitors to enter the markets and expand their sales, resulting in their inability to gain economies of scale and scope, raising their costs, impairing their ability to compete with Carfax, insulating Carfax's dominance on the relevant markets and submarkets from free and open competition;

(c)    Plaintiffs and other purchasers of VHRs have suffered from the reduction in choice between different providers of VHRs that would prevail in a free and competitive market for VHRs;

(d)    The quality of VHRs available to Plaintiffs and other purchasers of VHRs has been reduced from that which would prevail in a free and competitive market for VHRs;

(e)    Plaintiffs and other purchasers of VHRs have incurred increases in expenses in their business operations by being forced to pay prices for VHRs at levels artificially inflated above the price levels that would prevail in a free and competitive market for VHRs; and

(f)    The public at large has been injured in that Carfax has deprived purchasers of VHRs of the opportunity to purchase the best possible VHRs at the lowest possible prices,

reduced the output of VHRs by competing providers in the relevant markets and submarkets, and deprived the public of the fullest possible choice between competing sources of VHRs in a free and competitive market.

## VIII. CLAIMS FOR RELIEF

### FIRST CLAIM

### EXCLUSIVE DEALING ARRANGEMENTS UNDER
### SECTION 3 OF THE CLAYTON ACT, 15 U.S.C. § 14

670.   Plaintiffs repeat and reallege all of the preceding allegations as if each were fully set forth herein.

671.   Exclusive dealing arrangements are agreements requiring purchasers of any particular product or service to purchase all of its required quantity of such products or services from a single seller.

672.   The requirements of 37 of about 40 auto manufacturer CPO programs, pursuant to long-term exclusive agreements between Carfax and 37 auto manufacturers, that auto dealers participating in such programs purchase a VHR from Carfax for each vehicle qualifying as a CPO vehicle, are unlawful exclusive dealing arrangements, in violation of Section 3 of the Clayton Act, 15 U.S.C. § 14.

673.   The requirements of Autotrader.com and Cars.com, the two leading classified used auto listing websites, pursuant to long-term exclusive agreements with Carfax, that only Carfax VHRs, and not VHRs from alternative suppliers, may be displayed and interactively linked on those websites for the use of vehicle shoppers, are unlawful exclusive dealing arrangements in violation of Section 3 of the Clayton Act, 15 U.S.C. § 14.

674.   Carfax's exclusivity arrangements with 37 of about 40 auto manufacturers with CPO programs, requiring auto dealers participating in such programs to purchase VHRs from

Carfax for each vehicle qualifying as a CPO vehicle, forces participating dealers to purchase Carfax VHRs rather than VHRs from an alternative source.

675.   Carfax's exclusivity arrangements with two leading websites, requiring that only Carfax VHRs are displayed and interactively linked to shoppers in classified ads purchased by sellers of used vehicles forces sellers of used vehicles to purchase Carfax VHRs rather than VHRs from an alternative source.

676.   Carfax pays the auto manufacturer, in the form of cash or non-cash "marketing support" of considerable monetary value, for the right to be the exclusive VHR provider in the auto manufacturer's CPO program under long-term exclusivity agreements. The amount of cash or non-cash "marketing support" Carfax provides to the auto manufacturers on their CPO programs is disproportionately large for the number of CPO vehicles in the individual auto manufacturers' CPO programs. Carfax's cash or non-cash marketing support is a payment to the auto manufacturer for Carfax's exclusivity on VHR's in the CPO programs. Due to Carfax's market share in VHRs in relation to its competitors, no other VHR provider can profitably match Carfax's cash or non-cash "marketing support" for CPO programs.

677.   Pursuant to its exclusivity agreements with the Autotrader Group and with Classified Ventures, Carfax provides significant cash or non-cash "marketing support" to the Autotrader Group and to Classified Ventures in order to obtain the agreement of the Autotrader Group and Classified Ventures to keep VHRs from providers other than Carfax off of the Autotrader.com and Cars.com websites. The exclusivity agreement entered in 2008 between Carfax and the Autotrader required Carfax to pay Autotrader $5,000,000 in the first contract year, and higher amounts in subsequent contract years. The exclusivity agreement entered in 2010 between Carfax and Cars.com required Carfax to pay the Cars.com $15,000 per month,

subsequently increased to $25,000 per month, plus $4,600 for any month Cars.com failed to keep

a banner on its website identifying Carfax as the sole provider of VHRs on the Cars.com website.

These payments from Carfax to Autotrader and Cars.com have been payments for Carfax's

exclusivity on VHR's on the Autotrader and Cars.com websites. Due to Carfax's market share in

VHRs in relation to its competitors, no other VHR provider could profitably match Carfax's cash

payments to Autotrader and to Cars.com to assure exclusivity.

678.    Carfax has substantial market power in the relevant market for the publication and

sale of VHRs in the United States, and in the relevant submarkets for the publication and sale of

VHRs to franchised auto dealers and independent auto dealers in the United States, respectively,

and a 90 percent market share in the relevant markets and submarkets.  Carfax has enhanced and

maintained its substantial market power through the exclusivity agreements alleged herein.

679.    The amount of interstate commerce in used vehicles sold in 37 auto manufacturer

CPO programs affected by the foregoing exclusivity arrangements between Carfax and auto

manufacturers is not insubstantial (auto manufacturer CPO programs sold 1,834,746 used

vehicles in 2012, more than 12 percent of used car sales by franchised dealers). VHR sales for

CPO vehicles amount to more than 36 percent of the market for VHRs sold on an annual basis.

680.    The amount of interstate commerce in classified listings of used vehicles on

websites affected by the foregoing exclusivity arrangements between Carfax and the Autotrader

Group and Cars.com is not insubstantial (average monthly listings of 3,200,000 used vehicles

listed on Autotrader.com and more than 2,500,000 million used vehicles listed on Cars.com).

When these monthly listings are annualized using publicly reported days' supply of used autos

between 45 and 60 days, Carfax's exclusivity agreement with Autotrader.com forecloses

competition, i.e, blocks Carfax's competitors from access to sales of VHRs for at least 75 percent

of used autos sold in the United States by franchised auto dealers, sales of VHRs for at least 53 percent of used autos sold in the United States by independent auto dealers, and sales of VHRs for at least 47 percent of overall used autos sales in the United States. By extrapolation, Carfax's exclusivity agreement with Cars.com forecloses competition, i.e, blocks Carfax's competitors from access to sales of VHRs for at least 58 percent of the used autos sold in the United States by franchised auto dealers, sales of VHRs for at least 41 percent of the used autos sold in the United States by independent auto dealers, and sales of VHRs for at least 36 percent of the used autos sold in the United States.

681.    The requirement of a participating dealer's purchase of Carfax VHRs for used vehicles in CPO programs, as opposed to VHRs from an alternative source, is not justified by the need for quality assurance in a CPO program. The same level of quality assurance could be achieved in a less restrictive fashion, i.e., the promulgation of objective quality assurance standards which alternative sources of VHRs could satisfy.

682.    The requirement of Carfax's exclusivity agreements with the Autotrader Group and with Classified Ventures, that only Carfax VHRs be displayed and interactively linked in classified listings on Autotrader.com and Cars.com, as opposed to VHRs from an alternative source, is not justified by the need for quality assurance in classified advertising. The same level of quality assurance could be achieved in a less restrictive fashion, i.e., the promulgation of objective quality assurance standards which alternative sources of VHRs could satisfy.

683.    Defendant has consciously committed to a common scheme designed to achieve an unlawful objective.

684.    The wrongful acts and conduct of Defendant as set forth above unreasonably restrain and/or restrict interstate or foreign trade or commerce in the relevant product.

685.    The wrongful actions and conduct of Defendant as set forth above suppressed competition.

686.    By reason of Defendant's violation of Section 3 of the Clayton Act, 15 U.S.C. § 14, Plaintiffs have been injured in their business and property, and are entitled to recover threefold such actual damages as the jury finds Plaintiffs to have sustained, injunctive relief, and Plaintiffs' cost of suit, including reasonable attorney's fees, pursuant to Sections 4(a) and 15 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

## SECOND CLAIM

### AGREEMENTS IN UNREASONABLE RESTRAINT OF TRADE UNDER SECTION 1 OF THE SHERMAN ACT, 15 U.S.C. § 1

687.    Plaintiffs repeat and reallege all of the preceding allegations as if each were fully set forth herein.

688.    The cumulative effect of Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos is to unreasonably restrain trade in the markets and submarkets for the publication and sale of VHRs in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

689.    Carfax has substantial market power in the relevant markets and submarkets for the publication and sale of VHRs in the United States, and a 90 percent market share. Carfax has enhanced and maintained its substantial market power in the alleged relevant markets through the conduct alleged herein.

690.    The effect of Carfax's (a) exclusivity arrangements with manufacturers of about 37 of about 40 auto brands on their CPO programs, requiring participating dealers to purchase Carfax VHRs on certified vehicles and to provide them to consumers shopping for used vehicles, (b) exclusivity arrangements with the two largest websites providing classified listing of used auto and light trucks offered for sale, requiring that only Carfax VHRs purchased by sellers of vehicles and no VHRs from other VHRs providers are displayed and interactively linked on the websites, and (c) pricing program that offers dealers of used autos and light trucks an unlimited number of VHRs at a rate determined by the number of used vehicles in their inventory is to force dealers of used autos and light trucks to purchase Carfax VHRs for their entire inventory of used vehicles and to provide them to consumers shopping for used vehicles, in spite of dealers' preferences for competitively-priced and more reliable VHRs from other sources.

691.    The cumulative effect of Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos, decrease quality of VHRs, reduce output of VHRs, reduce choice in the selection of sources and VHRs, exclude competition from alternative sources of VHRs, and to harm consumer welfare.

692.    Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos, is not justified by the need for quality assurance in CPO programs and classified auto listings. The same level of quality assurance could be

achieved in a less restrictive fashion, i.e., the promulgation of objective quality assurance standards which alternative sources of VHRs could satisfy.

693.    Defendant has consciously committed to a common scheme designed to achieve an unlawful objective.

694.    The wrongful acts and conduct of Defendant as set forth above unreasonably restrain and/or restrict interstate or foreign trade or commerce in the relevant product.

695.    The wrongful actions and conduct of Defendant as set forth above suppressed competition.

696.    By reason of Defendant's violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, Plaintiffs have been injured in their business and property, and are entitled to recover threefold such actual damages as the jury finds Plaintiffs to have sustained, injunctive relief, and Plaintiffs' cost of suit, including reasonable attorney's fees, pursuant to Sections 4(a) and 15 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

### THIRD CLAIM

### MONOPOLIZATION UNDER SECTION 2 OF THE SHERMAN ACT, 15 U.S.C. § 2

697.    Plaintiffs repeat and reallege all of the preceding allegations as if each were fully set forth herein.

698.    A market is monopolized when a party possesses monopoly power (and that monopoly power has been willfully acquired, enhanced, or maintained by anticompetitive or unnecessarily exclusionary conduct).

699.    Carfax has monopoly power in the relevant market and submarkets for the publication and sale of VHRs in the United States, and a 90 percent market share.

700.   Carfax has acquired, enhanced, and/or maintained monopoly power in the market and submarkets for the publication and sale of VHRs in the United States, not through competition on the merits, but through an anticompetitive scheme, in the form of the foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos.

701.   The cumulative effect of Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, in auto manufacturers' CPO programs and in classified listings of used autos is to raise prices on VHRs, decrease quality of VHRs, reduce output of VHRs, reduce choice in the selection of VHR sources, exclude competition from alternative VHR sources, and to harm consumer welfare.

702.   Defendant has consciously committed to a common scheme designed to achieve an unlawful objective.

703.   The wrongful acts and conduct of Defendant as set forth above unreasonably restrain and/or restrict interstate or foreign trade or commerce in the relevant product.

704.   The wrongful actions and conduct of Defendant as set forth above suppressed competition.

705.   By reason of Defendant's violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, Plaintiffs have been injured in their business and property, and are entitled to recover threefold such actual damages as the jury finds Plaintiffs to have sustained, injunctive relief, and Plaintiffs' cost of suit, including reasonable attorney's fees, pursuant to Sections 4(a) and 15 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

## FOURTH CLAIM

### ATTEMPTED MONOPOLIZATION UNDER
### SECTION 2 OF THE SHERMAN ACT, 15 U.S.C. § 2

706.   Plaintiffs repeat and reallege all of the preceding allegations as if each were fully set forth herein.

707.   An attempt to monopolize occurs when a person (a) engages in anticompetitive or unnecessarily exclusionary conduct, (b) with a specific intent to monopolize, (c) presenting a dangerous probability of achieving market power.

708.   Carfax has not engaged in competition on the merits, but pursued an anticompetitive scheme, in the form of the foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos.

709.   A specific intent to monopolize may be inferred from Carfax's anticompetitive or unnecessarily exclusionary conduct, particularly given its overwhelming market share of 90 percent in the market and submarkets for the publication and sale of VHRs in the United States.

710.   The cumulative effect of Carfax's foregoing exclusivity agreements with 37 of about 40 auto manufacturers, and with the Autotrader Group and Classified Ventures, requiring the exclusive use of Carfax VHRs, as opposed to VHRs from other sources, in auto manufacturers' CPO programs and in classified listings of used autos is to raise prices on VHRs, decrease quality of VHRs, reduce output of VHRs, reduce choice in the selection of sources and VHRs, exclude competition from alternative sources of VHRs, and to harm consumer welfare.

711.   Carfax's foregoing anticompetitive or unnecessarily exclusionary conduct evidences, at a minimum, a dangerous probability that it will extend or maintain monopoly

power. Defendant has consciously committed to a common scheme designed to achieve an unlawful objective.

712.    The wrongful acts and conduct of Defendant as set forth above unreasonably restrain and/or restrict interstate or foreign trade or commerce in the relevant product.

713.    The wrongful actions and conduct of Defendant as set forth above suppressed competition.

714.    By reason of Defendant's violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, Plaintiffs have been injured in their business and property, and are entitled to recover threefold such actual damages as the jury finds Plaintiffs to have sustained, injunctive relief, and Plaintiffs' cost of suit, including reasonable attorney's fees, pursuant to Sections 4(a) and 15 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26.

## VIII. PLAINTIFFS DEMAND A JURY TRIAL

Plaintiffs hereby demand a jury trial, pursuant to Fed. R. Civ. P. 38(b), with respect to all issues triable of right by a jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment against Defendant as follows:

(a)     On the First Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(b)     On the Second Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(c)     On the Third Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(d)     On the Fourth Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(e)     On the Fifth Claim in an amount to be determined at trial but in no event less than One-Hundred Fifty Million ($150,000,000) Dollars;

(f)     That Plaintiffs recover from Defendant the costs of this suit and reasonable attorney's fees;

(g)     Plaintiffs request that Defendant be enjoined from enforcing any of the agreements complained of that are determined to have violated the federal antitrust laws, and not to enter into such agreements in the future; and

(h)     For such other relief as the Court may deem just, proper and equitable.


Dated: Mineola, New York
       January 13, 2017

                                        Bellavia Blatt & Crossett, PC


                            By:     _Leonard Bellavia_____
                                    Leonard A. Bellavia (LB–0780)
                                    Steven H. Blatt (SB–6792)
                                    200 Old Country Road, Suite 400
                                    Mineola, NY 11501
                                    Tel.:  (516) 873-3000
                                    Fax:  (516) 873-9032
                                    E-mail: LBellavia@DealerLaw.com

                                    *Attorneys for Plaintiffs*